UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                                   Plaintiffs,                          Civil No.:

          -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                                   Defendants.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1331, 1441 and 1446 and the action entitled STEVEN BELLO, as Administrator of the Goods, Chattels and Credits of CHRISTOPHER ROBERT BELLO, Deceased, commenced in the Supreme Court of the State of New York for the County of Rockland, Index No. 02055/07 is removed by the Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc., from the Supreme Court of the State of New York, County of Rockland to the United States District Court for the Southern District of New York by the filing of this Notice of Removal with the Clerk of the United States District Court for the Northern District of New York.

Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc., by and through its attorneys, Hodgson Russ LLP respectfully states the following as grounds for removing this action:

1.     Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc. removes this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

2.     On or about March 12, 2007, the Plaintiff commenced this action against Defendants CSX Corporation, incorrectly sued herein, CSX Transportation, Inc., Dwight Nielsen and Gary Kingman, by filing its summons and Complaint.  A copy of the summons and Complaint is attached as **Exhibit A**.

3.     In his Complaint against these Defendants, the Plaintiff seek damages for personal injuries allegedly sustained a result of Defendants' negligence.

4.     The amount in controversy for those causes of action exceeds $75,000, exclusive of costs and attorneys' fees.

5.     Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc.'s Notice of Removal is filed within thirty (30) days of receiving the Complaint.

6.     A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the Supreme Court, Rockland County, is attached as **Exhibit B** and will be filed in the Supreme Court for Rockland County and served on Plaintiff after the filing of this Notice of Removal in the United States District Court for the Southern District of New York.

7.     This Notice of Removal is being filed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  The Defendants will separately address why this action must be removed pursuant to these statutes.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

8.     This Notice of Removal is filed under the provisions of 28 U.S.C. § 1441 on the grounds that it is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the Plaintiff and the Defendants, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## THE PARTIES ARE DIVERSE

9.     Complete diversity of citizenship exists between Plaintiff and Defendant CSX Transportation, Inc., which is the proper party in this action.  This action relates to a train-automobile collision that occurred at East Erie Street in Baluvelt, Town of Orangetown, County of Rockland, State of New York.  The locomotive involved in this collision was a CSX locomotive.  Moreover, both individual Defendants Dwight Nielsen and Gary Kingman, reside in the State of New York and are employees of CSX.

10.     As alleged in its Complaint, Plaintiff was and is a resident and domiciliary of Blauvelt, New York.

11.     Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc. are now, and was at all relevant times corporations organized and existing under the laws of the State of Virginia with its principal place of business located in the State of Florida.  Thus, the Defendants are citizens of the State of Virginia for diversity jurisdiction purposes.  Under 28 U.S.C. §1332(c)(1) there is complete diversity of citizenship between the Plaintiff and the defendant.

12.     The Defendant CSX Transportation, Inc. contends that the individual Defendants Dwight Neilsen and Gary Kingman are nominal parties whose citizenship should not be considered in determining whether this action should be removed.  The individual Defendant are employees and agents of CSX Transportation, Inc. and their purported negligence can be attributed against the corporate Defendant CSX Transportation, Inc., under the doctrine of respondeat superior.

13.     Defendant CSX Transportation, Inc.  contends that the sole basis for naming the individual Defendants was to defeat the diversity of citizenship between the parties so that the state and not the federal court would have jurisdiction over this matter.

14.    Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant CSX Transportation, Inc.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.    The action pending in Supreme Court is a personal injury action in which plaintiff seeks, *inter alia*, compensatory and pecuniary damages and costs of suit as permitted by law.  As a result of this accident, Plaintiff commenced a wrongful death action against the Defendants. Accordingly, the matter in controversy exceeds the sum of $75,000, jurisdiction is appropriate pursuant to 28 U.S.C. § 1332, and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.

16.    Based on the foregoing, Defendant CSX Transportation, Inc. respectfully requests that the Court enter an order, removing the matter from the Supreme Court, and transferring it to the United States District Court, for the Southern District of New York.

## MATTER INVOLVES A SUBSTANTIAL FEDERAL QUESTION

17.    This action must also be removed pursuant to 28 U.S.C. § 1331.  Federal question jurisdiction was invoked by Plaintiff pleading causes of action created by Federal Law.  The Civil action commenced by the Plaintiff clearly arises under the laws of the United States. 28 U.S.C. § 1331.

18.    A review of the Plaintiff's Complaint clearly shows that issues of federal law are clearly embedded in the general state claims asserted by the Plaintiff.   In their Complaint, Plaintiff contends that the Defendant's negligence consist of the following:

-    Defendants operated the train at an unlawful, improper, dangerous and excessive rate of speed under the circumstances;
-    Defendants failed to properly operate the train;
-    That the train crew failed to comply with the rules and regulations of CSX;

- 4 -

- Defendants failed to give the public proper warning of the approach of the train;

- Defendants failed to operate the train with suitable brakes;

- Warning devices at the crossing was inadequate and the system and method of operating the warning device was inadequate;

- Defendants were negligent in failing to maintain signal equipment;

- Defendants failed to provide for increased or better safety devices in the presence of an "extra-hazardous crossing" and

- Defendant CSX was negligent in training and instructing its employees.

19.    The Supreme Court's Decision in <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 545 U.S. 308 (2005) expanded the scope of federal removal jurisdiction. <u>Grable</u> expanded the "substantial federal question" doctrine by removing cases to federal court that on their face "only allege" state law causes of action, as asserted in this action. In <u>Grable</u>, the Court ruled that 28 U.S.C. 1331 grants jurisdiction not only where federal law creates a cause of action, but also where state law "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." <u>Id.</u> The existence of a federal cause of action to enforce a federal predicate to a state cause of action is "evidence relevant to, but not dispositive of," Congress's intent. <u>Id.</u>

20.    <u>Grable</u> dealt with the interpretation of the federal notice law as it related to federal tax delinquency laws. In <u>Grable</u>, the IRS seized Grable's property to satisfy a federal tax delinquency. The IRS gave Grable notice by certified mail before selling the property. Five years later Grable filed a quiet title action in state court alleging that the new owner's title was invalid because federal law required that the IRS personally serve Grable with the notice of sale. The new owner removed the case to federal court on the grounds that Grable's claim required an

interpretation of the federal notice. The Supreme Court ruled that the state action was properly removed because the meaning of the federal notice statute was an essential element of Grable's quiet title claim, was actually in dispute and was an important issue of federal law.

21.    The Supreme Court in <u>Grable</u> established a three-part test for determining whether federal question jurisdiction exists where an issue of federal law is embedded in a state-law claim. First, the federal issue must actually be in dispute, second, the federal issue must be a substantial one and thirdly, the exercise of federal jurisdiction must be consistent with congressional judgment about the sound division of labor between state and federal courts.

22.    In this crossing accident and based upon the state law claims asserted against the railroad, the Court is required to interpret federal law and, as such, the holding in <u>Grable</u> permits the removal of the state action to federal court. For example, all allegations about the adequacy of the whistle or how it was sounded implicitly involve an interpretation of the Locomotive Boiler Inspection Act (LBIA). 49 U.S.C. §20701. The LBIA completely preempts the field of locomotive equipment, including horns. The Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20106 also preempts this field because the Secretary of Transportation has promulgated regulations covering locomotive audible signaling devices. The new Locomotive Horn and Quiet Zone Regulations now set forth the requirements as a matter of Federal Law for the sounding of the locomotive horn on approach to public grade crossings. 49 C.F.R. §222.21.

23.    In the Complaint, Plaintiff contends that there were inadequate crossing protection at the crossing. The Federal Railroad Safety Act ("FRSA") 49 U.S.C. §§20101-21311 preempts the field. There is a substantial issue of federal law to be resolved. The Secretary of Transportation has issued numerous regulation covering warning devices. Again any allegation

in this area would require the interpretation of federal law.  Norfolk Southern Ry. Co. v. Shanklin, 529 U.S. 344 (2000)

24.     Any allegations in the Plaintiff's Complaint regarding the adequacy of protection at the said crossing also implicates the same federal statutory and regulatory scheme.  All warning devices must meet the requirements of the federally mandated Manual on Uniform Traffic Control Devices (MUTCD) which all states must comply with to receive federal highway funds.

25.     In addition, Plaintiff's allegations regarding the failure to train its employees to comply with its rules and regulations is governed by federal regulation, 49 C.F.R. §217.1 et seq. and 49 C.F.R. §240.1 et seq., which specifically preempt the type of claim asserted in Plaintiff's Complaint.  Such allegations would require this Court to interpret the federal statute and regulations.

26.     Plaintiff's allegations in the Complaint regarding negligent management by the railroad are essentially allegations regarding inadequate crossing protection or failure to train employees and are preempted.

27.     Any allegations concerning excessive speed are also preempted by the Federal Railroad Safety Act and the regulations adopted under that law.  49 U.S.C. §20101 et seq. setting maximum train speeds for different track classifications.  CSX Transportation, Inc. v. Easterwood, 507 U.S. 658 (1993).  The FRSA preempts any state law, regulation, rule, order, or standard relating to railroad safety.  45 U.S.C. §20106.  Any state common law claims of negligence are preempted by the FRSA in so far as they impose additional mandates in an area already occupied by the FRSA or regulations adopted under that act.

28.     Any allegation of excessive speed and the duty of the railroad to slow down at a railroad crossing would implicate a contested interpretation of federal law in the context of federal question removal. Pursuant to the holding in <u>Grable</u>, the instant action which relates to a crossing action must be removable to federal court.

29.     Also, Plaintiff's allegation that the crossing was "ultrahazardous" necessarily involves an interpretation of federal law since such allegations are nothing more than allegations of inadequate crossing protection devices which are preempted by the FRSA. 23 C.F.R. §646.214(b)(3). Such allegation a basis for federal question removal under <u>Grable</u>.

30.     The interpretation of the following federal regulations is also implicated by allegations asserted in the Plaintiff's Complaint:

a)      23 C.F.R. §646.214 (Grade Crossing design and improvements including use of the Manual on Uniform Traffic Control Devices for Streets and Highways);

b)      49 C.F.R. §213 (track safety standards and required track inspections);

c)      49 C.F.R. §214.339 (Audible warnings from trains);

d)      49 C.F.R. §221 (Rear end marking devices);

e)      49 C.F.R. §222 (Use of horns at public highway-rail grade crossing);

f)      49 C.F.R. §234 (Grade crossing signal system safety); and

g)      49 C.F.R. §240 (qualification and certification of locomotive engineers)

31.     The Defendants contend that the general state claims asserted in the Plaintiff's Complaint in this action satisfies the three prongs of the <u>Grable</u> test. Firstly, several issues are simultaneously in dispute. They require the interpretation of federal laws and regulations pertaining to grade crossing safety. Secondly, the federal statutory issues implicated in the state court claims are important issues. The federal government has a strong interest in railroad safety and in the correct and uniform interpretations of the federal statutes and regulations involved.

Finally, providing a federal forum would not disturb and congressionally approved balance of federal and state judicial responsibilities.

WHEREFORE, Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc. remove this action, currently docketed in the Supreme Court of the State of New York, Rockland County, Index No. 02055/2007 to this Court and requests that the United States District Court for the Southern District of New York assume complete jurisdiction over this action and exclude any further proceedings in the New York State Supreme Court.

Dated: New York, New York
April 11, 2007

<div style="margin-left:40%">

**HODGSON RUSS** LLP

*Attorneys for Defendants CSX Corporation, CSX Transportation, Inc. and Dwight Nielsen and Gary Kingman*

By: _____
Lawrence R. Bailey, Jr. (LRB-3267)
60 East 42nd Street, 37th Floor
New York, NY 10165
Tel No.:  212-661-3535

</div>

TO:    Martin E. Fiel, Esq.
Attorneys for Plaintiff
369 South Main Street
New City, New York 10956
(845)645-8500

# EXHIBIT A

Doc ID:          Type: COU
Recorded: 03/12/2007
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk

## SU-2007-02055

C-104—

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

STEVEN BELLO, As Administrator of the Goods,
Chattels and Credits of CHRISTOPHER ROBERT
BELLO, Deceased,

                                        Plaintiff

against

CSX CORPORATION, CSX TRANSPORTATION, INC,
DWIGHT NIELSEN AND GARY KINGMAN,

                                        Defendant S

Index No.

Plaintiff designates
Rockland
County as the place of trial

The basis of the venue is

Plaintiff's residence is
within Rockland County

### Summons

Plaintiff resides at
16 East Erie Street
Blauvelt, New York 10913
County of Rockland

To the above named Defendant s

### You are hereby summoned

to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
Attorney(s) within   20    days after the service of this summons, exclusive of the day of service (or within 30 days
after the service is complete if this summons is not personally delivered to you within the State of New York); and in
case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated, New City, New York, May 18, 2006
Defendant's address

                                        MARTIN E. FIEL
                                        Attorney(s) for Plaintiff
                                        Office and Post Office Address
                                        369 South Main Street
                                        New City, New York 10956
                                        (845) 645-8500

CSX CORPORATION
One Bell Crossing Road
Selkirk, NY 12158

FILED SU
MAR 12 2007
ROCKLAND COUNTY
CLERK'S OFFICE

CSX TRANSPORTATION INC.
One Bell Crossing Road
Selkirk, NY 12158

DWIGHT NIELSEN
15 Birch Lane
Rensellier, NY 12144

GARY KINGMAN
100 High Hill Road
Catskill, NY 12414

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

<div align="center">Plaintiff,</div>

       -against-

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

<div align="center">Defendants.</div>
--------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index no.

FILED SL

MAR 12 2007

ROCKLAND COUNTY
CLERK'S OFFICE

Plaintiff, STEVEN BELLO, by and through his attorney, MARTIN E. FIEL, Esq. as

and for his Verified Complaint respectfully alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.  That on June 7, 2005, the decedent CHRISTOPHER ROBERT

BELLO, died intestate and left surviving as next of kin and heirs at law his parents, STEVEN

BELLO and NANCY A. BELLO.

2.  That the above referred to, STEVEN BELLO and NANCY A. BELLO,

next of kin and heirs at law of their son CHRISTOPHER ROBERT BELLO, deceased, and

last resided with decedent at 16 East Erie Street, Blauvelt, County of Rockland and State of

New York.

3.  That on the 15th day of August 2005 plaintiff, STEVEN BELLO was

duly appointed the Administrator of the Estate of CHRISTOPHER ROBERT BELLO,

deceased, by Order of the Surrogate's Court of the State of New York, County of Rockland

and has duly qualified thereunder and has acted in said capacity.

<div align="center">1</div>

4.    At the time of decedent's death, decedent CHRISTOPHER ROBERT BELLO was a resident of the County of Rockland and resided at 16 East Erie Street, Blauvelt, County of Rockland and State of New York.

5.    At all times herein mentioned, plaintiffs, STEVEN BELLO and NANCY A. BELLO, were and still are residents of the County of Rockland and State of New York and reside at 16 East Erie Street, Blauvelt, County of Rockland and State of New York.

6.    Upon information and belief and at all relevant times, defendant CSX CORPORATION was and is a corporation, duly organized and existing under and by virtue of the laws of the State of Virginia, with authority to do business in the State of New York and does business in the State of New York and own companies providing, among other things, railroad, intermodal and rail to truck transload services.

7.    Upon information and belief and at all relevant times, defendant CSX TRANSPORTATION, INC. (hereinafter "CSXT") was and is a railroad corporation, duly organized and existing under and by virtue of the laws of the State of Virginia, with authority to do business in the State of New York and does business in the State of New York and is owned by defendant CSX CORPORATION and is the railway unit of CSX CORPORATION.

8.    Upon information and belief and at all relevant times, defendant CSXT owned and operated and still owns and still is engaged in the operation of a railroad for the transportation of freight for hire within the State of New York, and for that purpose maintained its right of way and railroad tracks through the Town of Orangetown, County of Rockland and State of New York and in particular its railroad tracks crossing East Erie Street, Town of Orangetown, County of Rockland and State of New York.

2

9.     Upon information and belief and at all relevant times, defendant CSXT maintained and controlled and still maintains and controls its railroad tracks and right of way through the Town of Orangetown, County of Rockland and State of New York and in particular its railroad tracks crossing East Erie Street, Town of Orangetown, County of Rockland and State of New York.

10.     Upon information and belief, at all times hereinafter mentioned, defendant DWIGHT NEILSEN (hereinafter "NEILSEN") was and is a resident of the State of New York and was the engineer and/or operator of a certain train, as more fully specified below, and an employee of defendant CSXT and/or defendant CSX CORPORATION, and at all relevant times was acting within the scope of his employment.

11.     Upon information and belief, at all times hereinafter mentioned, defendant GARY KINGMAN (hereinafter "KINGMAN") was and is a resident of the State of New York and was the conductor of a certain train, as more fully specified below, and an employee of defendant CSXT and/or defendant CSX CORPORATION, and at all relevant times was acting within the scope of his employment.

12.     At all relevant times, decedent, CHRISTOPHER ROBERT BELLO, was the owner and operator of a certain 1998 Ford motor vehicle bearing New York State registration number CND6287 for the year 2005.

13.     Upon information and belief, at all relevant times and in particular, on June 7, 2005, defendants CSXT and/or CSX CORPORATION was the owner and operator of a certain train number L11107 consisting of 2 engines and 24 cars.

14.     At all relevant times mentioned herein, East Erie Street, at its intersection with the CSXT railroad crossing located in Blauvelt, Town of Orangetown,

3

County of Rockland and State of New York was and still is a public highway in common use by the residents of Rockland County and State of New York and others and crosses defendant CSXT's railroad tracks and right of way at grade.

15.    On or about June 7, 2005 at approximately 6:37 A.M. of that day, while decedent CHRISTOPHER ROBERT BELLO was lawfully operating his above described motor vehicle in an easterly direction on East Erie Street, Blauvelt, Town of Orangetown, County of Rockland and State of New York at or near its intersection with the defendant CSXT's railroad tracks crossing East Erie Street, Blauvelt, Town of Orangetown, County of Rockland and State of New York, decedent's motor vehicle was violently struck by a certain train owned by defendant CSXT and/or CSX CORPORATION and operated by defendants CSXT, NEILSON, KINGMAN, its servants, employees and agents causing decedent CHRISTOPHER ROBERT BELLO to suffer serious and severe permanent injuries, conscious pain and suffering and decedent's death.

16.    Said collision and the permanent and severe personal injuries and to decedent CHRISTOPHER ROBERT BELLO and decedent's resulting death were caused solely by the carelessness and negligence of the defendants without any negligence on the part of the decedent contributing thereto.

17.    Defendants' negligence as aforesaid consisted of the following: such train, engine or cars were operated in a negligent, careless and wrongful manner, at an unlawful, improper, dangerous and excessive rate of speed under the circumstances then and there prevailing without slowing upon a upon approaching a public highway; in failing to keep a proper lookout; in operating said train, engines and cars without keeping a proper lookout; in failing to retard, brake or slow the speed of said train, engines and cars upon actual and/or

constructive notice and knowledge and sight of the approach of decedent's motor vehicle across defendants' railway tracks; in failing to take any preventive measures to avoid colliding with decedent's motor vehicle notwithstanding actual and/or constructive notice of decedent's approach across defendant's railway tracks; in failing to keep said train, engines or cars under control; in that the individuals operating such train, engine and cars failed to comply with the rules, regulations of the defendant CSXT relative to operating the same and giving the public warning of the approach to a public highway; in operating said train, engines and cars without suitable brakes; in operating defendants' train, engines and cars vehicle at a speed which was excessive and dangerous, particularly in view of the conditions at said time and place; in negligently operating said train, engines and cars in an excessive speed in view of the presence of dangerous, hazardous and unusual circumstances; in failing to sound a horn, whistle or other signaling device of defendants' approach of its train, engines and cars; in negligently allowing the train, engines and cars to violently collide and come into contact with decedent's motor vehicle in that any warning device for the protection of the traveling public at or near such highway crossing and the system and method of operating the same were inadequate, improper, defective and inoperative and did not give notice to the decedent or the traveling public of the approach of said train, engines and cars; in failing to maintain signal equipment so as to give reasonable notice at crossings that will reasonably perform the function of giving the intended warning to approaching operators of motor vehicles, and in particular, decedent, subjected to blinding sun light and/or sun glare, approaching the crossing of defendants' railway tracks at East Erie Street, Blauvelt, New York traveling in an easterly direction on East Erie Street west of said crossing; in failing to reduce its speed, to provide for increased or better safety devices in the presence of an "extra-

5

hazardous crossing" that subjects operators of motor vehicles and decedent, in particular, to blinding sun light and/or sun glare when approaching the aforesaid railroad crossing from the west traveling in an easterly direction on East Erie Street, Blauvelt, New York; in failing to foresee that blinding sun light and/or glare prevents motorists and in particular, decedent, from observing warning devices of approaching trains, engines and cars at the aforesaid time and place and in failing to provide reasonable or adequate safety measures or devices to prevent this failure; in that such warning devices and systems were not inspected or properly inspected and the persons having charge and supervision thereof permitted the same to be in an improper and unsuitable condition; in negligently and carelessly permitted the view of approaching trains, engines and cars approaching the intersection of East Street, Blauvelt, New York from a southerly to northerly direction to be obscured from motorists approaching said intersection on East Erie Street, Blauvelt, New York traveling in an easterly direction on East Erie Street in an easterly direction from a westerly to easterly direction East Erie Street; in that the approach of said train, engines and cars toward the highway from a southerly to a northerly direction was obscured so that the traveling public could not see the approach of the same; in that the approach of motor vehicles traveling in an easterly direction on East Erie Street, Blauvelt, New York towards defendants' railway tracks crossing East Erie Street was so obscured so that defendants' train, engines and cars traveling in a northerly direction crossing East Erie Street, Blauvelt, New York could not see the approach of decedent's motor vehicle; in that the persons operating defendants' train, engine and cars and in particular, defendants NEILSON and KINGMAN did not take proper precautions for the safety of the public and in particular, decedent CHRISTOPHER ROBERT BELLO, especially in view of the conditions there and then prevailing; in failing o properly mark designate such railroad

6

highway crossing in accordance with the laws of the State of New York and failed to post, establish and maintain proper and suitable warning signals and devices in accordance with the laws of the State of New York and with respect to the conditions and hazards there and then prevailing; in that the defendants failed to comply with the usage and custom relative to operating such train, engines and cars and giving the public suitable and adequate warning of the approach to a public highway; that defendants and the persons operating said train, engines and cars violated the rules, ordinances and regulations of the municipality in which highway crossing is located and otherwise violated the laws and statutes of the State of New York; in failing to have his motor vehicle under proper control; in failing to use reasonable care in observing the traffic conditions then and there prevailing; in failing to properly observe traffic; in failing to yield the right of way; in failing to use due caution; and in failing to use reasonable care in the operation of defendants' train, engines and cars, in failing to exercise reasonable care to avoid striking decedent's motor vehicle after being aware of decedent's perilous situation or under the circumstances should have been aware of decedent's perilous situation and having sufficient time in the exercise of reasonable care to take action to avoid violently striking decedent's motor vehicle and in failing to attempt to stop or attempt to retard the speed of defendants' train with actual or constructive knowledge that decedent was either unable to unable to stop or was not stopping his vehicle prior to entering the aforesaid intersection.

       18.    That solely by reason of the defendants' negligent conduct as aforesaid, decedent CHRISTOPHER ROBERT BELLO sustained serious and permanent personal injuries, conscious pain and suffering and decedent's death.

19.     As a result of the foregoing, decedent CHRISTOPHER ROBERT BELLO was caused to suffer and sustain severe and serious personal injuries, severe and serious mental anguish and conscious pain and suffering.

20.     As a result of the foregoing, decedent CHRSTOPHER ROBERT BELLO has been injured and damaged in a sum which exceeds the jurisdictional limitations of al lower Courts which would otherwise have jurisdiction of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

21.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "20" as though fully set forth herein and at length.

22.     That at all times hereinafter mentioned, plaintiffs STEVEN BELLO and NANCY A. BELLO were the parents of the decedent, CHRISTOPHER ROBERT BELLO.

23.     As a result of the foregoing, decedent CHRISTOPHER ROBERT BELLO was caused to die on June 7, 2005.

24.     Said death was caused solely by the negligent conduct of the defendants, their agents, servants and/or employees.

25.     Plaintiffs STEVEN BELLO and NANCY A. BELLO were the distributees and next of kin of the decedent CHRISTOPHER ROBERT BELLO and were entitled to his services, guidance, society, love, affection, contributions and inheritance.

26.     The wrongful death of plaintiff's decedent was occasioned and caused by reason of the aforesaid negligence and carelessness of the defendants herein, their agents. employees and servants and those persons who acted under the supervision of the defendants herein, and said wrongful death was in no way caused or contributed by plaintiffs' decedent. CHRISTOPHER ROBERT BELLO or by plaintiffs herein.

8

27.    As a result of the foregoing, STEVEN BELLO as Administrator of the Goods, Chattels and Credits which were of CHRISTOPHER ROBERT BELLO has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction of this action.

WHEREFORE, plaintiff demand judgment on the First Cause of Action and on the Second Cause of Action against the defendants herein in amounts which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction of this action together with the costs and disbursements of this action as well as reasonable legal fees, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: New City, New York
      May 18, 2006

                              MARTIN E. FIEL
                              Attorney for Plaintiffs
                              369 South Main Street
                              New City, New York 10956
                              (845) 634-8500

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:  New City, New York
       May 18, 2006

                              MARTIN E. FIEL

9

## VERIFICATION

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF ROCKLAND )

STEVEN BELLO, being duly sworn, says: I am the plaintiff in the action herein; I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                                 _____
                                                 STEVEN BELLO

Sworn to before me this
18th day of May 2006.

_____
    NOTARY PUBLIC

                            MARTIN E. FIEL
                    NOTARY PUBLIC, State of New York
                    No. 02FI6325678
                    Qualified in Rockland County
                    Commission Expires September 24, 2008

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: New City, New York
          May 18, 2006

                                          _____
                                      MARTIN E. FIEL

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                                    Plaintiff,

          v.                                                    Index No:  02055/2007

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                                    Defendants.

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:**  Martin E. Fiel, Esq.              **CLERK**
         Attorneys for Plaintiff           **SUPREME COURT, ROCKLAND COUNTY**
         369 South Main Street             County of Rockland
         New City, New York 10956          1 South Main Street
         (845)645-8500                     New City, New York 10956

**PLEASE TAKE NOTICE** that the within is a true copy of the Notice of

Removal filed in the Office of the Clerk of the United States District Court for the Southern

District of New York on April    , 2007.

Dated:        New York, New York
              April    , 2007

                         **HODGSON RUSS** LLP
                         *Attorneys for Defendants CSX Corporation, CSX
                         Transportation, Inc. and Dwight Nielsen and Gary
                         Kingman*

                         By:  _____
                              Lawrence R. Bailey, Jr. (LRB-3267)
                              60 East 42nd Street, 37th Floor
                              New York, NY 10165
                              Tel No.:  212-661-3535

TO:    Martin E. Fiel, Esq.
        Attorneys for Plaintiff
        369 South Main Street
        New City, New York 10956
        (845)645-8500

        Clerk of the Court
        Supreme Court, Rockland County
        1 South Main Street
        New City, New York 10956