UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                                        Plaintiffs,

      -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                                    Defendants.

Civil No.:  07 CV 2931

## ANSWER AND CROSS-CLAIMS

The Defendants CSX Corporation incorrectly sued herein, CSX Transportation, Inc. s/h/a CSXT Transportation, Inc., Dwight Nielsen And Gary Kingman, by their attorneys, HODGSON RUSS LLP, as and for their Answer, allege as follows:

1.     Deny knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "1, 2, 3, 4, 5, 12, 14, 22 and 25" of the Complaint.

2.     Deny each and every allegation contained in paragraphs "6 and 7" of the Complaint, except admits that the Defendants CSX Corporation and CSX Transportation, Inc. are foreign corporations formed pursuant to the laws of the Commonwealth of Virginia with their principal places of business in the State of Florida.

3.     Deny each and every allegation contained in paragraphs "8 and 9" of the Complaint, except admits that the Defendant, CSX Transportation, Inc., operates its trains through the Town of Orangetown, County of Rockland.

4. Deny each and every allegation contained in paragraphs "13, 15, 16, 17, 18, 19, 20, 23, 24, 26 and 27" of the Complaint.

5. Deny each and every allegation contained in paragraph "10" of the Complaint, except admits that the Defendant Dwight Nielsen was employed by the Defendant CSX Transportation, Inc. as a Locomotive Engineer.

6. Deny each and every allegation contained in paragraph "11" of the Complaint, except admits the Defendant Gary Kingman was employed by the Defendant CSX Transportation, Inc. as a Conductor.

7. Denies each and every allegation contained in paragraph "21" of the Complaint, except as previously admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

8. If the injuries and damages were sustained by the Plaintiff and/or his Decedent, at the time and place and in the manner alleged in the Verified Complaint, such injuries and damages were caused by or attributable to, in whole or in part, or were contributed to by the culpable conduct and want of care of the Plaintiff and/or his Decedent.

9. If any damages are recoverable against said Defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct caused by, contributed to or attributable to the Plaintiff and/or her Decedent bears to the culpable conduct, if any, of the Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

10. That if Plaintiff, in fact, suffered any injuries or damages, those injuries or damages are a direct consequence of the Plaintiff and/or his Decedent assuming the risk.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

11. The Plaintiff and/or her Decedent's acts and actions at the time and place alleged in the Complaint transcended those of a reasonable person acting under similar circumstances.

12. Upon information and belief, Plaintiff and/or his Decedent's alleged injuries were caused directly as a result of their conduct in violation of local statutes, ordinances and provisions.

13. By reason thereof, Plaintiff and/or his Decedent assumed the risk that her acts and actions might or probably could lead to their suffering injury or injuries similar to those they allege in the Complaint that they suffered.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

14. That the occurrence alleged herein as to the Defendants was spontaneous, non-avoidable and could not have been prevented by the answering Defendants herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

15. Plaintiff's special damages for medical, dental or custodial care, rehabilitation services, loss of earnings or other economic loss, if any, have been or will be reimbursed by collateral sources, as defined in CPLR §4545(c), and Plaintiff's damages, if any, must be reduced thereby with reasonable certainty.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

16. The Complaint fails to a claim upon which relief can be granted as to the Defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

17. The Defendants raise all the privileges and immunities of Article 16 of the CPLR.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

18. If the injuries and damages were sustained by the Plaintiff at the time and place and in the manner alleged in the Verified Complaint, and such injuries and damages were not caused by or attributable to, in whole or in part, or were not contributed to by the culpable conduct and want of care of the Plaintiff and/or Decedent, then said injuries and damages were suffered as a result of the actual and active negligence of others, non-party, hereto.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

19. That any of Plaintiff's claims concerning the speed of the operation of the train involved is preempted by Federal Law and by reason of same, the Complaint must be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

20. That any of Plaintiff's claims concerning the warning signals at the crossing is preempted by Federal Law and by reason of same, the Complaint must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

21. That upon information and belief, the Plaintiff's Decedent was not wearing seat belts at the time of the alleged occurrence and accordingly, any award to Plaintiff for any injuries set forth in the Complaint, must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed by the Plaintiff's Decedent's failure to wear a seat belt and to have same operation at the time of the occurrence pursuant to Vehicle and Traffic Law §1229-c of the State of New York.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

22. That in the event that Plaintiff herein made a claim for No-Fault Benefits and submitted any dispute to arbitration, then the decision of the arbitrator(s) as to any and all issues decided by said arbitrator(s) is binding on the Plaintiffs in the instant lawsuit.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

23. That in the event that either Plaintiff herein made a claim for Workers Compensation Benefits and submitted any dispute to an Administrative Law Judge and Administrative Proceeding, then the determination of said Administrative Law Judge or Administrative Proceeding as to any and all issues decided by same is binding on the Plaintiff in the instant lawsuit.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

24. That any of Plaintiff's claims concerning the design, maintenance and construction of the track, railroad crossing and appurtenances are preempted by Federal Law and by reason of same, the Complaint must be dismissed.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

25. The Defendant CSX Corporation is not a proper party to this action and Plaintiff's claim against them must be dismissed.

WHEREFORE, the Defendants demand judgment dismissing the Complaint, or alternatively, if the Complaint shall not be dismissed, that the amount of the damages, otherwise recoverable, against the said Defendants shall be diminished in the proportion which the culpable conduct of the Plaintiff and/or her Decedent bear to the culpable conduct, if any, of said

Defendants, together with the costs and disbursements of this action, and for such other and further relief as may be just and proper.

Dated: New York, New York
       April 16, 2007

                                                       **HODGSON RUSS** LLP

*Attorneys for Defendants CSX Corporation, CSX Transportation, Inc. and Dwight Nielsen and Gary Kingman*

By: _____
     Lawrence R. Bailey, Jr. (LRB-3267)
60 East 42nd Street, 37th Floor
New York, NY 10165
Tel No.: 212-661-3535

TO: Martin E. Fiel, Esq.
     Attorneys for Plaintiff
     369 South Main Street
     New City, New York 10956
     (845)645-8500

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
_____

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                                                 Plaintiffs,       Civil No.: 07 CV 2931

    -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                                                Defendants.
_____

## JURY DEMAND

S I R S:

    Defendants CSX Corporation, CSX Transportation, Inc., s/h/a CSXT Transportation, Inc., Dwight Nielsen and Gary Kingman, by its attorneys, HODGSON RUSS LLP demand a trial by jury on all issues.

Dated: New York, New York
       April 16, 2007

                                                **HODGSON RUSS** LLP
                                                *Attorneys for Defendants CSX Corporation, CSX Transportation, Inc. and Dwight Nielsen and Gary Kingman*

                                                 By: _____
                                                       Lawrence R. Bailey, Jr. (LRB-3267)
                                               60 East 42nd Street, 37th Floor
                                               New York, NY 10165
                                               Tel No.: 212-661-3535

TO:    Martin E. Fiel, Esq.
         Attorneys for Plaintiff
         369 South Main Street
         New City, New York 10956
         (845)645-8500

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

       LAVERNE MICHAEL-DEAN, being duly sworn, deposes and says:

     1. I am not a party to this action; I am over the age of 18 years; and I reside at New York City.

     2. On the 16th day of April, 2007, I served the within **ANSWER AND JURY DEMAND** on:

    Martin E. Fiel, Esq.
    Attorneys for Plaintiff
    369 South Main Street
    New City, New York 10956

the address designated by said attorneys for that purpose, by mailing a copy of each of the following persons named above at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party therein.

                                              LAVERNE MICHAEL-DEAN

Sworn to before me this

16th day of April, 2007

_____
NOTARY PUBLIC

LAWRENCE R. BAILEY, JR.
Notary Public, State of New York
No. 02BA4606198
Qualified in Bronx County
Commission Expires Feb. 28, 2011

000160/00631 NYCDOCS2 422179v1