UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

                                       Plaintiff,

                    -against-

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                                  Defendants.
-------------------------------------------------------------------------X

AFFIDAVIT OF
MARTIN E. FIEL
IN SUPPORT

07 CIV. 2931
(WP-4) (GAY)

STATE OF NEW YORK    )
                       ss.:
COUNTY OF ROCKLAND  )

      MARTIN E. FIEL, being duly sworn deposes and says:

     1.  Deponent is an attorney duly admitted to practice law in the United States District Court for the Southern District of New York, and certify in accordance with 28 U.S.C. § 1746 as follows:

## PRELIMINARY

     2.  I am the attorney of record for plaintiff, Steven Bello, in connection with the above proceeding and as such, have personal knowledge of the facts and circumstances stated herein and surrounding this Motion and to the best of my knowledge are true and correct.

     3.  Deponent respectfully submits this Affidavit/Certification in support of plaintiff's motion pursuant to 28 U.S.C. § 1447(c) remanding this action to the Supreme Court of the State of New York in and for the County of Rockland, the Court in which this action was pending before it was improperly removed upon the grounds that Removal was improper in that this Court lacks subject matter jurisdiction over this matter because:

1

i)  there is not complete diversity of citizenship between the parties because plaintiff is a resident and citizen of the State of New York and the defendants Dwight Neilsen ("Neilsen") and Gary Kingman ("Kingman") are individuals who are also residents and citizens of the State of New York and

ii)  the Complaint does not present a claim or right arising under the Constitution, treaties, or laws of the United States within the meaning of 28 U.S.C. § 1331 in that this matter involves claims for personal injury and Wrongful Death and is grounded solely and strictly on the common law and/or statutes of the State of New York.

Plaintiff also seeks an award of all of the just costs and actual expenses including attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

4.    As more fully set forth below and in greater detail as contained in plaintiff's accompanying Memorandum of Law submitted herewith, defendants' removal of the instant action was clearly improperly and improvidently removed in that this Court lacks subject matter jurisdiction over this matter.

## **BACKGROUND FACTS**

5.    This action for personal injuries and Wrongful Death and based strictly upon the common law and statutes of the State of New York was commenced on March 12, 2007 by the filing of a Summons and Verified Complaint (hereinafter "Complaint") with the Supreme Court of the State of New York in and for the County of Rockland.  Attached hereto as Exhibit "A" is a true copy of plaintiff's Summons and Verified Complaint.

6.    Defendants were thereafter served with the Summons and Complaint.  On or about April 16, 2007 all the defendants appeared in this action by serving by mail, among other things, their "Answer and Cross Claims" (Exhibit "B", hereto) together with defendants'

Notice of Filing of Notice of Removal that contained, among other things, defendants' Notice of Removal dated April 11, 2007 and filed on April 12, 2007 (Exhibit "C", hereto).

7.     Although defendants, responsive pleading was labeled "Answer and Cross Claims", Exhibit "B" hereto, said pleading contained no less than twelve affirmative defenses, said pleading is void of any "cross-claims" therein.

8.     Plaintiff's Complaint alleges the Wrongful Death of his son Christopher Robert Bello, ( the "Decedent") age 22, as a result of defendants' negligence in the control, operation and maintenance of their railroad, in that on June 5, 2004 Decedent's motor vehicle was violently struck by a certain train owned by defendant CSX Transportation, Inc. (hereinafter "CSXT") and  operated by defendants CSXT, Neilsen, and Kingman causing decedent to suffer serious and severe permanent injuries, conscious pain and suffering and decedent's death.

9.     Plaintiff's Complaint alleges, that plaintiff is not only a resident of the State of New York, County of Rockland, Exhibit "A", Complaint, ¶¶ "2", "4" and"5" but was also appointed Administrator of the Estate of Christopher Robert Bello by the Surrogate's Court of the State of New York, County of Rockland, Complaint, ¶ "3."

10.     Plaintiff's Complaint further alleges that the individual defendants, Dwight Neilsen ("Neilsen") and Gary Kingman ("Kingman") were also residents of the State of New York.  Complaint, ¶¶ "10" and "11," respectively.

11.     It is undisputed both in the investigative police reports, Exhibit "D" and admitted in defendants' Notice of Removal, Exhibit "A", p. 3, ¶ 9, (but noticeably and strangely denied in defendants' Answer, Exhibit B", ¶¶ "5" and "6" respectively,) that plaintiff and defendants Kingman and Neilson are all residents of New York.

12.    On or about April 12, 2007 defendants improperly and improvidently removed this action under the provisions of 28 U.S.C. §§ 1441 and 1446 on the grounds that i) this action is a civil action over which the federal court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) because complete diversity exists between plaintiff and all of the defendants and because the matter in controversy exceeds the sum of $75,000.00 exclusive of costs and interest and ii) pursuant to 28 U.S.C. § 1331 in that defendants mistakenly allege the subject matter of this action involves a substantial federal question because plaintiff pleaded causes of action created by Federal Law. Exhibit "C", Notice of Removal, p. 2, ¶ 10.

13.    It is undisputed that plaintiff and the individual defendants, Neilsen and Kingman, who were served and properly named defendants, are all residents and citizens of the State of New York; in addition, this action is not founded on any claim or right arising under upon federal law or involve any substantial federal question but is strictly based upon the common law and statutes of the State of New York.

## DIVERSITY OF THE PARTIES IS NON-EXISTENT

14.    Contrary to defendants' speculative contention that the individual defendants were "nominal" defendants and named solely as an artificial device to destroy diversity jurisdiction, it is respectfully submitted that no diversity of citizenship is present here for removal purposes. The basis of defendants' "diversity" argument is that defendants erroneously claim that the individual defendants, Neilsen and Kingman, are "nominal parties whose citizenship should not be considered in determining whether this action should be removed" and "their purported negligence can be attributed against ... CSXT under the doctrine of respondeat superior". Exhibit "C", Notice of Removal, p. 3, ¶ 12.

15. As more fully set forth below and in plaintiff's accompanying Memorandum of Law in Support, under relevant law, not only are defendants Neilsen and Kingman, both New York State residents, properly named parties as a result of their active negligence but the Doctrine of Respondeat Superior does not bar a third party, (plaintiff) to hold an employee(s), (Neilsen and Kingman) liable for his or her own tortious acts even though they were engaged in the work of their employer (CSXT) at the time of the incident giving rise to the cause(s) of action. Given the fact that CSXT's liability may be based upon the Doctrine of Respondeat Superior, the doctrine does not insulate an employer's negligent employees from being named as a proper party defendant or classify them as a "nominal" defendant.

16. It is respectfully submitted that defendants Neilsen and Kingman were active tortfeasors and central to the causes of action herein. They were properly named defendants and not named as "nominal" defendants to preclude federal jurisdiction. According to the relevant police investigation and reports, attached hereto as Exhibit "D", the Orangetown Police Department concluded that the decedent "never saw the train approaching or the gates in the down position" possibly due to sun glare thus contradicting the assumption that decedent attempted to "beat" the train". The reports further reveal that the conductor of the train (defendant Kingman) stated, among other things, that he was seated on the left side of the locomotive compartment and the engineer and operator of the train (defendant Neilson) was seated to his (Kingman's ) right as the subject train approached the Erie Street intersection at about 50 MPH; that when he (Kingman) first observed decedent's vehicle traveling east on Erie Street toward the intersection Kingman "thought to himself that decedent's vehicle would be unable to stop before the railroad tracks", and that observed decedent's vehicle prior to the impact, then lost sight of decedent's vehicle due to a building

obstruction then observed decedent's vehicle passing the railroad control arm just before impact. Kingman therefore anticipated the impending and imminent tragedy yet failed to react in any shape manner or form to retard or otherwise decrease the speed of the train. According to the reports, Kingman, among other things, did not apply the emergency brake, did not sound a horn, or warn or yell to Neilsen.

17.    Defendant Kingman further stated that the conductor, defendant Neilson, did not see the accident and did not apply the brake until after the collision. Defendant Neilson stated that he "thought the speed of the train was between 48-50 MPH", "could not see the entire crossing due to his position in the train and did not know he struck vehicle until conductor (Kingman) informed him" and "did not apply brakes until after collision".

18.    Notwithstanding defendants' self serving classification of Neilsen and Kingman as "nominal" defendants in order to improperly establish diversity, said defendants were active tortfeasors and proper party named defendants. An employee and employer may be joined in a single action. Where an employer's liability is based upon the Doctrine of Respondeat Superior their employees are not excused or otherwise deleted from the proceeding.

19.    Defendants' self serving argument that the individual defendants Kingman and Neilsen are merely "nominal" parties whose citizenship should not be considered and that plaintiff's sole basis for naming the individual defendants was to defeat diversity of citizenship to avoid federal jurisdiction is totally without merit. As set forth in the Complaint, the individual defendants, whose roles were central to the claims, were very active and not passive or nominal tortfeasors. Said defendants' negligence was fully described and clearly and properly pleaded in the Complaint. As such, the individual defendants were properly

named as party defendants and not named solely to avoid federal jurisdiction. Plaintiff should be and is free to choose the proper jurisdiction of his choice and further, in good faith name proper party defendants who it is alleged are actively liable for the decedent's severe personal injuries and wrongful death.

20.     Defendants' only correct argument relative to diversity is defendants' admission that the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs.

## NO SUBSTANTIAL FEDERAL QUESTION IS INVOLVED

21.     The second prong of defendants' basis for removal mistakenly contends that the presence of a substantial federal question in this action confers jurisdiction upon this Court pursuant to U.S.C. § 1331 and further attempts to lead this Court to believe that plaintiff's claims "arises under" the laws of the United States, and in particular:

- 49 U.S.C. § 20701, The Locomotive Boiler Inspection Act ("LBIA");

- 49 U.S.C. § 20101-21311, The Federal Railroad Safety Act) ("FRSA");

- 49 C.F.R. § 222.21, The Locomotive Horn and Quite Zone Regulations;

- Manual on Uniform Traffic Control Devices (MUTCD);

- 49 C.F.R. §§ 646.214, 213, 214.339, 221, 222, 234, and 240. Exhibit "C", Notice of Removal pp. 4-8, ¶¶ 17-30.

22.     Plaintiff's Complaint alleges two Causes of Action against the defendants, namely, personal injury and Wrongful Death, both based upon defendants' negligence. None of the claims set forth in plaintiff's Complaint require the resolution of any federal question or the application of federal law. The Complaint alleges no violations of federal law or federal statutes and any references to defendants' equipment or speed were included only as factual

elements in support of plaintiff's New York common law and New York statutory claims. In fact, the Complaint specifically alleges violations of the laws and statutes of the State of New York and not of any federal statute or law. Exhibit "A", Complaint, pp. 4-7, ¶ 7.

23.   All of plaintiff's claims, for which there is an independent basis of recovery, however, are based upon violations of New York State law. Allegations of this kind as pleaded in the Complaint do not create a federal question and do not confer jurisdiction upon this Court. Therefore, this action should be remanded to the Supreme Court of the State of New York, County of Rockland, where it was properly commenced.

24.   New York State's Plaintiff's Wrongful Death statute, Estates Powers and Trusts Law ("EPTL") § 5-4.1 creates the cause of action for wrongful death.

## AN AWARD OF ATTORNEYS' FEES IS APPROPRIATE

25.   28 U.S.C. § 1447(c) provides that a remand Order may require payment of just costs and expenses, including attorney fees, incurred as a result of the removal. Should this Court grant the relief sought herein, it is respectfully requested that defendants be required to pay just costs and expenses, including attorney fees.

26.   As a direct result of defendants' improvident removal of this case, plaintiff is subjected to unnecessary expense, harassment and delay of these proceedings.

27.   Further, defendants' was unsound and unreasonable. There was no reasonable or sound basis for defendants' removal of this action. With regard to defendants' "diversity" argument, defendants offered absolutely no law in support of their position except to erroneously refer to the **Doctrine of Respondeat Superior** in support of their "nominal party" argument.

28.   Procedurally, both federal and New York State law clearly permit joinder of the individual New York State defendants. Further, New York State substantive law

allows plaintiff's claims against the individual defendants. In contrast, defendants' Notice of Removal Memorandum is absent of any citations nor did defendants demonstrate that plaintiff's Complaint failed to state any cause of action against defendants under New York law or no possibility of recovery against defendants Neilsen and Kingman.

29.   Defendants' remaining "federal question" contention for removal is likewise unsustainable. Plaintiff's Complaint alleges no violations of federal law or federal statutes and any references to defendants' equipment or speed were included only as factual elements in support of plaintiff's New York common law and New York statutory claims. In fact, the Complaint specifically alleges violations of the laws and statutes of the State of New York and not of any federal statute or law. Exhibit "A", Complaint, ¶ 7.

30.   It is submitted that defendants' improper removal of this case has delayed a relatively straight forward state negligence claim, and added to it unnecessary litigation expenses and delay. It is unfair for plaintiff to absorb the cost of litigating the remand motion

31.   Non-removability is obvious from the face of the Complaint. Coupled with the fact that defendants clearly lacked an objective reasonable or sound basis for removal, costs should be properly awarded plaintiff under 28 U.S.C. § 1447(c).

For all of the foregoing reasons and those set forth in greater detail in  plaintiff's accompanying Memorandum of Law, it is respectfully submitted that this Court should remand this action to the Supreme Court of the State of New York, in and for the County of Rockland and require defendants to make payment of just costs and expenses, including attorneys' fees and for such other and further relief this Court deems just and proper under the circumstances.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: New City, New York
         July 5, 2007

MARTIN E. FIEL (MF-0577)

Sworn to before me

this 5th day of July 2007.

PAM M. SECOR
A Notary Public, State Of New York
No.4932766
Qualified In Rockland County
My Commission Expires July 25, 20___

10

**EXHIBIT "A"**

Doc ID:     Type: COU
Recorded: 03/12/2007
Fee Amt: $210.00 Page 1 of
Rockland County, NY
Paul Piperato County Clerk

**SU-2007-02055**

07001703



C 104—

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

STEVEN BELLO, As Administrator of the Goods,
Chattels and Credits of CHRISTOPHER ROBERT
BELLO, Deceased,

                                    *Plaintiff*

                    against

CSX CORPORATION, CSX   TRANSPORTATION, INC,
DWIGHT NIELSEN AND GARY KINGMAN,

                                    *Defendants*

Index No.

Plaintiff   designates
Rockland
County as the place of trial

The basis of the venue is

Plaintiff's residence is
within  Rockland County

**Summons**

Plaintiff   resides at
16 East Erie Street
Blauvelt, New York 10913
County of Rockland

To the above named Defendants

## You are hereby summoned

to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's
attorney(s) within   20   days after the service of this summons, exclusive of the day of service (or within 30 days
after the service is complete if this summons is not personally delivered to you within the State of New York), and in
case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint

Dated, New City, New York, May 18, 2006

Defendant's address

CSX CORPORATION

One Bell Crossing Road
Selkirk, NY 12158


CSX TRANSPORTATION, INC.
One Bell Crossing Road
Selkirk, NY 12158


DWIGHT NIELSEN
5 Birch Lane
Rensellier, NY 12144

MARTIN E. FIEL
Attorney(s) for Plaintiff
Office and Post Office Address
369 South Main Street
New City, New York 10956
(845) 645-8500

GARY KINGMAN
100 High Hill Road
Catskill, NY 12414

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

                            Plaintiff,

        -against-

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                          Defendants.
-----------------------------------------------------------------X

**VERIFIED
COMPLAINT**

Index no.

Plaintiff, STEVEN BELLO, by and through his attorney, MARTIN E. FIEL, Esq. as

and for his Verified Complaint respectfully alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     That on June 7, 2005, the decedent CHRISTOPHER ROBERT

BELLO, died intestate and left surviving as next of kin and heirs at law his parents, STEVEN

BELLO and NANCY A. BELLO.

2.     That the above referred to, STEVEN BELLO and NANCY A. BELLO,

next of kin and heirs at law of their son CHRISTOPHER ROBERT BELLO, deceased, and

last resided with decedent at 16 East Erie Street, Blauvelt, County of Rockland and State of

New York.

3.     That on the 15th day of August 2005 plaintiff, STEVEN BELLO was

duly appointed the Administrator of the Estate of CHRISTOPHER ROBERT BELLO,

deceased, by Order of the Surrogate's Court of the State of New York, County of Rockland

and has duly qualified thereunder and has acted in said capacity.

4.    At the time of decedent's death, decedent CHRISTOPHER ROBERT BELLO was a resident of the County of Rockland and resided at 16 East Erie Street, Blauvelt, County of Rockland and State of New York.

5.    At all times herein mentioned, plaintiffs, STEVEN BELLO and NANCY A. BELLO, were and still are residents of the County of Rockland and State of New York and reside at 16 East Erie Street, Blauvelt, County of Rockland and State of New York.

6.    Upon information and belief and at all relevant times, defendant CSX CORPORATION was and is a corporation, duly organized and existing under and by virtue of the laws of the State of Virginia, with authority to do business in the State of New York and does business in the State of New York and own companies providing, among other things, railroad, intermodal and rail to truck transload services.

7.    Upon information and belief and at all relevant times, defendant CSX TRANSPORTATION, INC. (hereinafter "CSXT") was and is a railroad corporation, duly organized and existing under and by virtue of the laws of the State of Virginia, with authority to do business in the State of New York and does business in the State of New York and is owned by defendant CSX CORPORATION and is the railway unit of CSX CORPORATION.

8.    Upon information and belief and at all relevant times, defendant CSXT owned and operated and still owns and still is engaged in the operation of a railroad for the transportation of freight for hire within the State of New York, and for that purpose maintained its right of way and railroad tracks through the Town of Orangetown, County of Rockland and State of New York and in particular its railroad tracks crossing East Erie Street, Town of Orangetown, County of Rockland and State of New York.

9.     Upon information and belief and at all relevant times, defendant CSXT maintained and controlled and still maintains and controls its railroad tracks and right of way through the Town of Orangetown, County of Rockland and State of New York and in particular its railroad tracks crossing East Erie Street, Town of Orangetown, County of Rockland and State of New York.

10.     Upon information and belief, at all times hereinafter mentioned, defendant DWIGHT NEILSEN (hereinafter "NEILSEN") was and is a resident of the State of New York and was the engineer and/or operator of a certain train, as more fully specified below, and an employee of defendant CSXT and/or defendant CSX CORPORATION, and at all relevant times was acting within the scope of his employment.

11.     Upon information and belief, at all times hereinafter mentioned, defendant GARY KINGMAN (hereinafter "KINGMAN") was and is a resident of the State of New York and was the conductor of a certain train, as more fully specified below, and an employee of defendant CSXT and/or defendant CSX CORPORATION, and at all relevant times was acting within the scope of his employment.

12.     At all relevant times, decedent, CHRISTOPHER ROBERT BELLO, was the owner and operator of a certain 1998 Ford motor vehicle bearing New York State registration number CND6287 for the year 2005.

13.     Upon information and belief, at all relevant times and in particular, on June 7, 2005, defendants CSXT and/or CSX CORPORATION was the owner and operator of a certain train number L11107 consisting of 2 engines and 24 cars.

14.     At all relevant times mentioned herein, East Erie Street, at its intersection with the CSXT railroad crossing located in Blauvelt, Town of Orangetown,

County of Rockland and State of New York was and still is a public highway in common use by the residents of Rockland County and State of New York and others and crosses defendant CSXT's railroad tracks and right of way at grade.

15.     On or about June 7, 2005 at approximately 6:37 A.M. of that day, while decedent CHRISTOPHER ROBERT BELLO was lawfully operating his above described motor vehicle in an easterly direction on East Erie Street, Blauvelt, Town of Orangetown, County of Rockland and State of New York at or near its intersection with the defendant CSXT's railroad tracks crossing East Erie Street, Blauvelt, Town of Orangetown, County of Rockland and State of New York, decedent's motor vehicle was violently struck by a certain train owned by defendant CSXT and/or CSX CORPORATION and  operated by defendants CSXT, NEILSON, KINGMAN, its servants, employees and agents causing decedent CHRISTOPHER ROBERT BELLO to suffer serious and severe permanent injuries, conscious pain and suffering and decedent's death.

16.     Said collision and the permanent and severe personal injuries and to decedent CHRISTOPHER ROBERT BELLO and decedent's resulting death were caused solely by the carelessness and negligence of the defendants without any negligence on the part of the decedent contributing thereto.

17.     Defendants' negligence as aforesaid consisted of the following: such train, engine or cars were operated in a negligent, careless and wrongful manner, at an unlawful, improper, dangerous and excessive rate of speed under the circumstances then and there prevailing without slowing upon a upon approaching a public highway; in failing to keep a proper lookout;  in operating said train, engines and cars without keeping a proper lookout, in failing to retard, brake or slow the speed of said train, engines and cars upon actual and/or

constructive notice and knowledge and sight of the approach of decedent's motor vehicle across defendants' railway tracks; in failing to take any preventive measures to avoid colliding with decedent's motor vehicle notwithstanding actual and/or constructive notice of decedent's approach across defendant's railway tracks; in failing to keep said train, engines or cars under control; in that the individuals operating such train, engine and cars failed to comply with the rules, regulations of the defendant CSXT relative to operating the same and giving the public warning of the approach to a public highway; in operating said train, engines and cars without suitable brakes; in operating defendants' train, engines and cars vehicle at a speed which was excessive and dangerous, particularly in view of the conditions at said time and place; in negligently operating said train, engines and cars in an excessive speed in view of the presence of dangerous, hazardous and unusual circumstances; in failing to sound a horn, whistle or other signaling device of defendants' approach of its train, engines and cars; in negligently allowing the train, engines and cars to violently collide and come into contact with decedent's motor vehicle in that any warning device for the protection of the traveling public at or near such highway crossing and the system and method of operating the same were inadequate, improper, defective and inoperative and did not give notice to the decedent or the traveling public of the approach of said train, engines and cars; in failing to maintain signal equipment so as to give reasonable notice at crossings that will reasonably perform the function of giving the intended warning to approaching operators of motor vehicles, and in particular, decedent, subjected to blinding sun light and/or sun glare, approaching the crossing of defendants' railway tracks at East Erie Street, Blauvelt, New York traveling in an easterly direction on East Erie Street west of said crossing; in failing to reduce its speed, to provide for increased or better safety devices in the presence of an "extra-

hazardous crossing" that subjects operators of motor vehicles and decedent, in particular, to

blinding sun light and/or sun glare when approaching the aforesaid railroad crossing from the

west traveling in an easterly direction on East Erie Street, Blauvelt, New York; in failing to

foresee that blinding sun light and/or glare prevents motorists and in particular, decedent,

from observing warning devices of approaching trains, engines and cars at the aforesaid time

and place and in failing to provide reasonable or adequate safety measures or devices to

prevent this failure: in that such warning devices and systems were not inspected or properly

inspected and the persons having charge and supervision thereof permitted the same to be in

an improper and unsuitable condition; in negligently and carelessly permitted the view of

approaching trains, engines and cars approaching the intersection of East Street, Blauvelt,

New York from a southerly to northerly direction to be obscured from motorists approaching

said intersection on East Erie Street, Blauvelt, New York traveling in an easterly direction  on

East Erie Street in an easterly direction from a westerly to easterly direction East Erie Street.

in that the approach of said train, engines and cars toward the highway from a southerly to a

northerly direction was obscured so that the traveling public could not see the approach of the

same; in that the approach of motor vehicles traveling in an easterly direction on East Erie

Street,  Blauvelt, New York towards defendants' railway tracks crossing East Erie Street was

so obscured so that defendants' train, engines and cars traveling in a northerly direction

crossing East Erie Street, Blauvelt, New York  could not see the approach of decedent's motor

vehicle: in that the persons operating defendants' train, engine and cars and in particular,

defendants NEILSON and KINGMAN did not take proper precautions for the safety of the

public and in particular, decedent CHRISTOPHER ROBERT BELLO, especially in view of

the conditions there and then prevailing; in failing o properly mark designate such railroad

highway crossing in accordance with the laws of the State of New York and failed to post, establish and maintain proper and suitable warning signals and devices in accordance with the laws of the State of New York and with respect to the conditions and hazards there and then prevailing; in that the defendants failed to comply with the usage and custom relative to operating such train, engines and cars and giving the public suitable and adequate warning of the approach to a public highway; that defendants and the persons operating said train, engines and cars violated the rules, ordinances and regulations of the municipality in which highway crossing is located and otherwise violated the laws and statutes of the State of New York; in failing to have his motor vehicle under proper control; in failing to use reasonable care in observing the traffic conditions then and there prevailing; in failing to properly observe traffic; in failing to yield the right of way; in failing to use due caution; and in failing to use reasonable care in the operation of defendants' train, engines and cars, in failing to exercise reasonable care to avoid striking decedent's motor vehicle after being aware of decedent's perilous situation or under the circumstances should have been aware of decedent's perilous situation and having sufficient time in the exercise of reasonable care to take action to avoid violently striking decedent's motor vehicle and in failing to attempt to stop or attempt to retard the speed of defendants' train with actual or constructive knowledge that decedent was either unable to unable to stop or was not stopping his vehicle prior to entering the aforesaid intersection.

18.    That solely by reason of the defendants' negligent conduct as aforesaid, decedent CHRISTOPHER ROBERT BELLO sustained serious and permanent personal injuries, conscious pain and suffering and decedent's death.

19.     As a result of the foregoing, decedent CHRISTOPHER ROBERT BELLO was caused to suffer and sustain severe and serious personal injuries, severe and serious mental anguish and conscious pain and suffering.

20.     As a result of the foregoing, decedent CHRSTOPHER ROBERT BELLO has been injured and damaged in a sum which exceeds the jurisdictional limitations of al lower Courts which would otherwise have jurisdiction of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

21.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "20" as though fully set forth herein and at length.

22.     That at all times hereinafter mentioned, plaintiffs STEVEN BELLO and NANCY A. BELLO were the parents of the decedent, CHRISTOPHER ROBERT BELLO

23.     As a result of the foregoing, decedent CHRISTOPHER ROBERT BELLO was caused to die on June 7, 2005.

24.     Said death was caused solely by the negligent conduct of the defendants, their agents, servants and/or employees.

25.     Plaintiffs STEVEN BELLO and NANCY A. BELLO were the distributees and next of kin of the decedent CHRISTOPHER ROBERT BELLO and were entitled to his services, guidance, society, love, affection, contributions and inheritance.

26.     The wrongful death of plaintiff's decedent was occasioned and caused by reason of the aforesaid negligence and carelessness of the defendants herein, their agents, employees and servants and those persons who acted under the supervision of the defendants herein, and said wrongful death was in no way caused or contributed by plaintiffs' decedent, CHRISTOPHER ROBERT BELLO or by plaintiffs herein.

27.     As a result of the foregoing, STEVEN BELLO as Administrator of the Goods, Chattels and Credits which were of CHRISTOPHER ROBERT BELLO has been injured and damaged in a sum which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction of this action.

WHEREFORE, plaintiff demand judgment on the First Cause of Action and on the Second Cause of Action against the defendants herein in amounts which exceeds the jurisdictional limitations of all lower Courts which would otherwise have jurisdiction of this action together with the costs and disbursements of this action as well as reasonable legal fees, and for such other and further relief as this Court deems just and proper under the circumstances.

Dated: New City, New York
        May 18, 2006

                                MARTIN E. FIEL
                                Attorney for Plaintiffs
                                369 South Main Street
                                New City, New York 10956
                                (845) 634-8500

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: New City, New York
        May 18, 2006

                                MARTIN E. FIEL

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF ROCKLAND   )

STEVEN BELLO, being duly sworn, says: I am the plaintiff in the action herein; I have read the annexed Complaint,  know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
STEVEN BELLO

Sworn to before me this
18th day of May 2006.

_____
NOTARY PUBLIC

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated:  New City, New York
        May 18, 2006

_____
MARTIN E. FIEL

4

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                                    Plaintiffs,                    Civil No.:  07 CV 2931

        -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                                    Defendants.

## ANSWER AND CROSS-CLAIMS

The Defendants CSX Corporation incorrectly sued herein, CSX Transportation, Inc. s/h/a

CSXT Transportation, Inc., Dwight Nielsen And Gary Kingman, by their attorneys, HODGSON

RUSS LLP, as and for their Answer, allege as follows:

1.    Deny knowledge sufficient to form a belief as to the truth or falsity of the
allegations contained in paragraphs "1, 2, 3, 4, 5, 12, 14, 22 and 25" of the Complaint.

2.    Deny each and every allegation contained in paragraphs "6 and 7" of the
Complaint, except admits that the Defendants CSX Corporation and CSX Transportation, Inc.
are foreign corporations formed pursuant to the laws of the Commonwealth of Virginia with their
principal places of business in the State of Florida.

3.    Deny each and every allegation contained in paragraphs "8 and 9" of the
Complaint, except admits that the Defendant, CSX Transportation, Inc., operates its trains
through the Town of Orangetown, County of Rockland.

4.      Deny each and every allegation contained in paragraphs "13, 15, 16, 17, 18, 19, 20, 23, 24, 26 and 27" of the Complaint.

5.      Deny each and every allegation contained in paragraph "10" of the Complaint, except admits that the Defendant Dwight Nielsen was employed by the Defendant CSX Transportation, Inc. as a Locomotive Engineer.

6.      Deny each and every allegation contained in paragraph "11" of the Complaint, except admits the Defendant Gary Kingman was employed by the Defendant CSX Transportation, Inc. as a Conductor.

7.      Denies each and every allegation contained in paragraph "21" of the Complaint, except as previously admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

8.      If the injuries and damages were sustained by the Plaintiff and/or his Decedent, at the time and place and in the manner alleged in the Verified Complaint, such injuries and damages were caused by or attributable to, in whole or in part, or were contributed to by the culpable conduct and want of care of the Plaintiff and/or his Decedent.

9.      If any damages are recoverable against said Defendants, the amount of such damages shall be diminished in the proportion which the culpable conduct caused by, contributed to or attributable to the Plaintiff and/or her Decedent bears to the culpable conduct, if any, of the Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

10.     That if Plaintiff, in fact, suffered any injuries or damages, those injuries or damages are a direct consequence of the Plaintiff and/or his Decedent assuming the risk.

-2-

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

11.     The Plaintiff and/or her Decedent's acts and actions at the time and place alleged in the Complaint transcended those of a reasonable person acting under similar circumstances.

12.     Upon information and belief, Plaintiff and/or his Decedent's alleged injuries were caused directly as a result of their conduct in violation of local statutes, ordinances and provisions.

13.     By reason thereof, Plaintiff and/or his Decedent assumed the risk that her acts and actions might or probably could lead to their suffering injury or injuries similar to those they allege in the Complaint that they suffered.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

14.     That the occurrence alleged herein as to the Defendants was spontaneous, non-avoidable and could not have been prevented by the answering Defendants herein.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

15.     Plaintiff's special damages for medical, dental or custodial care, rehabilitation services, loss of earnings or other economic loss, if any, have been or will be reimbursed by collateral sources, as defined in CPLR §4545(c), and Plaintiff's damages, if any, must be reduced thereby with reasonable certainty.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

16.     The Complaint fails to a claim upon which relief can be granted as to the Defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

17.     The Defendants raise all the privileges and immunities of Article 16 of the CPLR.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

18.     If the injuries and damages were sustained by the Plaintiff at the time and place and in the manner alleged in the Verified Complaint, and such injuries and damages were not caused by or attributable to, in whole or in part, or were not contributed to by the culpable conduct and want of care of the Plaintiff and/or Decedent, then said injuries and damages were suffered as a result of the actual and active negligence of others, non-party, hereto.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

19.     That any of Plaintiff's claims concerning the speed of the operation of the train involved is preempted by Federal Law and by reason of same, the Complaint must be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

20.     That any of Plaintiff's claims concerning the warning signals at the crossing is preempted by Federal Law and by reason of same, the Complaint must be dismissed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

21.     That upon information and belief, the Plaintiff's Decedent was not wearing seat belts at the time of the alleged occurrence and accordingly, any award to Plaintiff for any injuries set forth in the Complaint, must be reduced in such proportion to the extent that the injuries complained of were caused, aggravated or contributed by the Plaintiff's Decedent's failure to wear a seat belt and to have same operation at the time of the occurrence pursuant to Vehicle and Traffic Law §1229-c of the State of New York.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

22.    That in the event that Plaintiff herein made a claim for No-Fault Benefits and submitted any dispute to arbitration, then the decision of the arbitrator(s) as to any and all issues decided by said arbitrator(s) is binding on the Plaintiffs in the instant lawsuit.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

23.    That in the event that either Plaintiff herein made a claim for Workers Compensation Benefits and submitted any dispute to an Administrative Law Judge and Administrative Proceeding, then the determination of said Administrative Law Judge or Administrative Proceeding as to any and all issues decided by same is binding on the Plaintiff in the instant lawsuit.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

24.    That any of Plaintiff's claims concerning the design, maintenance and construction of the track, railroad crossing and appurtenances are preempted by Federal Law and by reason of same, the Complaint must be dismissed.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE:

25.    The Defendant CSX Corporation is not a proper party to this action and Plaintiff's claim against them must be dismissed.

WHEREFORE, the Defendants demand judgment dismissing the Complaint, or alternatively, if the Complaint shall not be dismissed, that the amount of the damages, otherwise recoverable, against the said Defendants shall be diminished in the proportion which the culpable conduct of the Plaintiff and/or her Decedent bear to the culpable conduct, if any, of said

Defendants, together with the costs and disbursements of this action, and for such other and further relief as may be just and proper.

Dated:  New York, New York
        April 16, 2007

                                        **HODGSON RUSS** LLP

                                        *Attorneys for Defendants CSX Corporation, CSX*
                                        *Transportation, Inc. and Dwight Nielsen and Gary*
                                        *Kingman*

                                        By: _____
                                            Lawrence R. Bailey, Jr. (LRB-3267)
                                        60 East 42nd Street, 37th Floor
                                        New York, NY 10165
                                        Tel No.: 212-661-3535

TO:     Martin E. Fiel, Esq.
        Attorneys for Plaintiff
        369 South Main Street
        New City, New York 10956
        (845)645-8500

-6-

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                                    Plaintiffs,                    Civil No.:  07 CV 2931

          -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                              Defendants.

---

## <u>JURY DEMAND</u>

S I R S:

          Defendants CSX Corporation, CSX Transportation, Inc., s/h/a CSXT

Transportation, Inc., Dwight Nielsen and Gary Kingman, by its attorneys, HODGSON RUSS LLP

demand a trial by jury on all issues.


Dated:  New York, New York
          April 16, 2007


                              **HODGSON RUSS** LLP
                              *Attorneys for Defendants CSX Corporation, CSX
                              Transportation, Inc. and Dwight Nielsen and Gary
                              Kingman*

                              By: _____
                                    Lawrence R. Bailey, Jr. (LRB-3267)
                              60 East 42nd Street, 37th Floor
                              New York, NY 10165
                              Tel No.:  212-661-3535


TO:     Martin E. Fiel, Esq.
        Attorneys for Plaintiff
        369 South Main Street
        New City, New York 10956
        (845)645-8500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

Plaintiff,

v.

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

Index No: 02055/2007

Defendants.

---

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**TO:** Martin E. Fiel, Esq.
Attorneys for Plaintiff
369 South Main Street
New City, New York 10956
(845)645-8500

**CLERK**
**SUPREME COURT, ROCKLAND COUNTY**
County of Rockland
1 South Main Street
New City, New York 10956

**PLEASE TAKE NOTICE** that the within is a true copy of the Notice of Removal filed in the Office of the Clerk of the United States District Court for the Southern District of New York on April 12, 2007.

Dated:      New York, New York
April 16, 2007

**HODGSON RUSS** LLP
*Attorneys for Defendants CSX Corporation, CSX Transportation, Inc. and Dwight Nielsen and Gary Kingman*

By: _____
Lawrence R. Bailey, Jr. (LRB-3267)
60 East 42nd Street, 37th Floor
New York, NY 10165
Tel No.: 212-661-3535

000160/00631 NYCDOCS2 422128v1

TO:     Martin E. Fiel, Esq.
        Attorneys for Plaintiff
        369 South Main Street
        New City, New York 10956
        (845)645-8500

        Clerk of the Court
        Supreme Court, Rockland County
        1 South Main Street
        New City, New York 10956

JS 44C/SDNY
REV. 12/2004

# WP4

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**COPY**

**07 CIV. 2931**

**PLAINTIFFS**
Steven Bello, As Administrator of the Goods,
Chattels and Credits of Christopher Robert Bello, Deceased

**DEFENDANTS**
CSX Corporation, CSX Transportation, Inc.
s/h/a CSXT Transportation, Inc., Dwight Nielsen
and Gary Kingman

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Lawrence R. Bailey, Jr., Esq./Hodgson Russ LLP
60 East 42nd Street, 37th Fl., NY, NY 10165
212-661-3535

**ATTORNEYS (IF KNOWN)**
Martin E. Fiel, Esq.
369 South Main Street, New City, NY 10956
845-645-8500

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Train automobile collision at a railroad crossing

Has this or a similar case been previously filed in SDNY at any time? No[x] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol. [ ] Dismissed. No[ ] Yes [ ] If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [x] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

APR 12/07

E606199

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.   exceeds   OTHER

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**EXHIBIT "C"**

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                              Plaintiffs,

        -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                              Defendants.



©COPY

**WP4**

Civil No.:

**07 CIV. 2931**

APR 1 2 2007

**USDC WP SDNY**

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§1331, 1441 and 1446 and the

action entitled STEVEN BELLO, as Administrator of the Goods, Chattels and Credits of

CHRISTOPHER ROBERT BELLO, Deceased, commenced in the Supreme Court of the State of

New York for the County of Rockland, Index No. 02055/07 is removed by the Defendants CSX

Corporation, incorrectly sued herein and CSX Transportation, Inc., from the Supreme Court of

the State of New York, County of Rockland to the United States District Court for the Southern

District of New York by the filing of this Notice of Removal with the Clerk of the United States

District Court for the Northern District of New York.

Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc., by

and through its attorneys, Hodgson Russ LLP respectfully states the following as grounds for

removing this action:

    1.      Defendants CSX Corporation, incorrectly sued herein and CSX Transportation,

Inc. removes this action to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

2.     On or about March 12, 2007, the Plaintiff commenced this action against Defendants CSX Corporation, incorrectly sued herein, CSX Transportation, Inc., Dwight Nielsen and Gary Kingman, by filing its summons and Complaint.    A copy of the summons and Complaint is attached as **Exhibit A**.

3.     In his Complaint against these Defendants, the Plaintiff seek damages for personal injuries allegedly sustained a result of Defendants' negligence.

4.     The amount in controversy for those causes of action exceeds $75,000, exclusive of costs and attorneys' fees.

5.     Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc.'s Notice of Removal is filed within thirty (30) days of receiving the Complaint.

6.     A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the Supreme Court, Rockland County, is attached as **Exhibit B** and will be filed in the Supreme Court for Rockland County and served on Plaintiff after the filing of this Notice of Removal in the United States District Court for the Southern District of New York.

7.     This Notice of Removal is being filed pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The Defendants will separately address why this action must be removed pursuant to these statutes.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1332

8.     This Notice of Removal is filed under the provisions of 28 U.S.C. § 1441 on the grounds that it is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists between the Plaintiff and the Defendants, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## **THE PARTIES ARE DIVERSE**

9.      Complete diversity of citizenship exists between Plaintiff and Defendant CSX Transportation, Inc., which is the proper party in this action.  This action relates to a train-automobile collision that occurred at East Erie Street in Baluvelt, Town of Orangetown, County of Rockland, State of New York.  The locomotive involved in this collision was a CSX locomotive.  Moreover, both individual Defendants Dwight Nielsen and Gary Kingman, reside in the State of New York and are employees of CSX.

10.     As alleged in its Complaint, Plaintiff was and is a resident and domiciliary of Blauvelt, New York.

11.     Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc. are now, and was at all relevant times corporations organized and existing under the laws of the State of Virginia with its principal place of business located in the State of Florida.  Thus, the Defendants are citizens of the State of Virginia for diversity jurisdiction purposes.  Under 28 U.S.C. §1332(c)(1) there is complete diversity of citizenship between the Plaintiff and the defendant.

12.     The Defendant CSX Transportation, Inc. contends that the individual Defendants Dwight Neilsen and Gary Kingman are nominal parties whose citizenship should not be considered in determining whether this action should be removed.  The individual Defendant are employees and agents of CSX Transportation, Inc. and their purported negligence can be attributed against the corporate Defendant CSX Transportation, Inc., under the doctrine of respondeat superior.

13.     Defendant CSX Transportation, Inc. contends that the sole basis for naming the individual Defendants was to defeat the diversity of citizenship between the parties so that the state and not the federal court would have jurisdiction over this matter.

14.    Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant CSX Transportation, Inc.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.    The action pending in Supreme Court is a personal injury action in which plaintiff seeks, *inter alia*, compensatory and pecuniary damages and costs of suit as permitted by law. As a result of this accident, Plaintiff commenced a wrongful death action against the Defendants. Accordingly, the matter in controversy exceeds the sum of $75,000, jurisdiction is appropriate pursuant to 28 U.S.C. § 1332, and removal is appropriate pursuant to 28 U.S.C. §§ 1441 and 1446.

16.    Based on the foregoing, Defendant CSX Transportation, Inc. respectfully requests that the Court enter an order, removing the matter from the Supreme Court, and transferring it to the United States District Court, for the Southern District of New York.

## MATTER INVOLVES A SUBSTANTIAL FEDERAL QUESTION

17.    This action must also be removed pursuant to 28 U.S.C. § 1331. Federal question jurisdiction was invoked by Plaintiff pleading causes of action created by Federal Law. The Civil action commenced by the Plaintiff clearly arises under the laws of the United States. 28 U.S.C. § 1331.

18.    A review of the Plaintiff's Complaint clearly shows that issues of federal law are clearly embedded in the general state claims asserted by the Plaintiff. In their Complaint, Plaintiff contends that the Defendant's negligence consist of the following:

- Defendants operated the train at an unlawful, improper, dangerous and excessive rate of speed under the circumstances;
- Defendants failed to properly operate the train;
- That the train crew failed to comply with the rules and regulations of CSX;

- Defendants failed to give the public proper warning of the approach of the train;

- Defendants failed to operate the train with suitable brakes;

- Warning devices at the crossing was inadequate and the system and method of operating the warning device was inadequate;

- Defendants were negligent in failing to maintain signal equipment;

- Defendants failed to provide for increased or better safety devices in the presence of an "extra-hazardous crossing" and

- Defendant CSX was negligent in training and instructing its employees.

19.    The Supreme Court's Decision in <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 545 U.S. 308 (2005) expanded the scope of federal removal jurisdiction.  <u>Grable</u> expanded the "substantial federal question" doctrine by removing cases to federal court that on their face "only allege" state law causes of action, as asserted in this action. In <u>Grable</u>, the Court ruled that 28 U.S.C. 1331 grants jurisdiction not only where federal law creates a cause of action, but also where state law "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." <u>Id.</u> The existence of a federal cause of action to enforce a federal predicate to a state cause of action is "evidence relevant to, but not dispositive of," Congress's intent. <u>Id.</u>

20.    <u>Grable</u> dealt with the interpretation of the federal notice law as it related to federal tax delinquency laws.  In <u>Grable</u>, the IRS seized Grable's property to satisfy a federal tax delinquency.  The IRS gave Grable notice by certified mail before selling the property.  Five years later Grable filed a quiet title action in state court alleging that the new owner's title was invalid because federal law required that the IRS personally serve Grable with the notice of sale. The new owner removed the case to federal court on the grounds that Grable's claim required an

interpretation of the federal notice.  The Supreme Court ruled that the state action was properly removed because the meaning of the federal notice statute was an essential element of Grable's quiet title claim, was actually in dispute and was an important issue of federal law.

21.    The Supreme Court in <u>Grable</u> established a three-part test for determining whether federal question jurisdiction exists where an issue of federal law is embedded in a state-law claim.  First, the federal issue must actually be in dispute, second, the federal issue must be a substantial one and thirdly, the exercise of federal jurisdiction must be consistent with congressional judgment about the sound division of labor between state and federal courts.

22.    In this crossing accident and based upon the state law claims asserted against the railroad, the Court is required to interpret federal law and, as such, the holding in <u>Grable</u> permits the removal of the state action to federal court.  For example, all allegations about the adequacy of the whistle or how it was sounded implicitly involve an interpretation of the Locomotive Boiler Inspection Act (LBIA). 49 U.S.C. §20701.  The LBIA completely preempts the field of locomotive equipment, including horns.  The Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §20106 also preempts this field because the Secretary of Transportation has promulgated regulations covering locomotive audible signaling devices.  The new Locomotive Horn and Quiet Zone Regulations now set forth the requirements as a matter of Federal Law for the sounding of the locomotive horn on approach to public grade crossings.  49 C.F.R. §222.21.

23.    In the Complaint, Plaintiff contends that there were inadequate crossing protection at the crossing.  The Federal Railroad Safety Act ("FRSA") 49 U.S.C. §§20101-21311 preempts the field.  There is a substantial issue of federal law to be resolved.  The Secretary of Transportation has issued numerous regulation covering warning devices.  Again any allegation

in this area would require the interpretation of federal law.  <u>Norfolk Southern Ry. Co. v. Shanklin</u>, 529 U.S. 344 (2000)

24.    Any allegations in the Plaintiff's Complaint regarding the adequacy of protection at the said crossing also implicates the same federal statutory and regulatory scheme.  All warning devices must meet the requirements of the federally mandated Manual on Uniform Traffic Control Devices (MUTCD) which all states must comply with to receive federal highway funds.

25.    In addition, Plaintiff's allegations regarding the failure to train its employees to comply with its rules and regulations is governed by federal regulation, 49 C.F.R. §217.1 et seq. and 49 C.F.R. §240.1 et seq., which specifically preempt the type of claim asserted in Plaintiff's Complaint.  Such allegations would require this Court to interpret the federal statute and regulations.

26.    Plaintiff's allegations in the Complaint regarding negligent management by the railroad are essentially allegations regarding inadequate crossing protection or failure to train employees and are preempted.

27.    Any allegations concerning excessive speed are also preempted by the Federal Railroad Safety Act and the regulations adopted under that law.  49 U.S.C. §20101 et seq. setting maximum train speeds for different track classifications.  <u>CSX Transportation, Inc. v. Easterwood</u>, 507 U.S. 658 (1993).  The FRSA preempts any state law, regulation, rule, order, or standard relating to railroad safety. 45 U.S.C. §20106.  Any state common law claims of negligence are preempted by the FRSA in so far as they impose additional mandates in an area already occupied by the FRSA or regulations adopted under that act.

28.     Any allegation of excessive speed and the duty of the railroad to slow down at a railroad crossing would implicate a contested interpretation of federal law in the context of federal question removal. Pursuant to the holding in <u>Grable</u>, the instant action which relates to a crossing action must be removable to federal court.

29.     Also, Plaintiff's allegation that the crossing was "ultrahazardous" necessarily involves an interpretation of federal law since such allegations are nothing more than allegations of inadequate crossing protection devices which are preempted by the FRSA. 23 C.F.R. §646.214(b)(3). Such allegation a basis for federal question removal under <u>Grable</u>.

30.     The interpretation of the following federal regulations is also implicated by allegations asserted in the Plaintiff's Complaint:

a)     23 C.F.R. §646.214 (Grade Crossing design and improvements including use of the Manual on Uniform Traffic Control Devices for Streets and Highways);

b)     49 C.F.R. §213 (track safety standards and required track inspections);

c)     49 C.F.R. §214.339 (Audible warnings from trains);

d)     49 C.F.R. §221 (Rear end marking devices);

e)     49 C.F.R. §222 (Use of horns at public highway-rail grade crossing);

f)     49 C.F.R. §234 (Grade crossing signal system safety); and

g)     49 C.F.R. §240 (qualification and certification of locomotive engineers)

31.     The Defendants contend that the general state claims asserted in the Plaintiff's Complaint in this action satisfies the three prongs of the <u>Grable</u> test. Firstly, several issues are simultaneously in dispute. They require the interpretation of federal laws and regulations pertaining to grade crossing safety. Secondly, the federal statutory issues implicated in the state court claims are important issues. The federal government has a strong interest in railroad safety and in the correct and uniform interpretations of the federal statutes and regulations involved.

Finally, providing a federal forum would not disturb and congressionally approved balance of federal and state judicial responsibilities.

WHEREFORE, Defendants CSX Corporation, incorrectly sued herein and CSX Transportation, Inc. remove this action, currently docketed in the Supreme Court of the State of New York, Rockland County, Index No. 02055/2007 to this Court and requests that the United States District Court for the Southern District of New York assume complete jurisdiction over this action and exclude any further proceedings in the New York State Supreme Court.

Dated: New York, New York
      April 11, 2007

**HODGSON RUSS** LLP

*Attorneys for Defendants CSX Corporation, CSX Transportation, Inc. and Dwight Nielsen and Gary Kingman*

By: _____
    Lawrence R. Bailey, Jr. (LRB-3267)
60 East 42nd Street, 37th Floor
New York, NY 10165
Tel No.:  212-661-3535

TO:    Martin E. Fiel, Esq.
       Attorneys for Plaintiff
       369 South Main Street
       New City, New York 10956
       (845)645-8500

**EXHIBIT "D"**

**New York State INCIDENT REPORT**

| 1. Agency | 2. Division/Precinct | 3. ORI | 4. ☒ Orig ☐ Supp | 5. Case No. | 6. Incident No. |
|---|---|---|---|---|---|
| ORANGETOWN | 301-5 | NY 04352 | | | 05-15889 |

| 7. Report Day | 8. Date | 9. Report Time | Occurred On/From | 10. Day | 11. Date | 12. Time | Occurred To | 13. Day | 14. Date | 15. Time |
|---|---|---|---|---|---|---|---|---|---|---|
| TUES. | 06 07 05 | 0637 | | TUES. | 06 07 05 | 0637 | | | Mo. Day Yr | |

| 16. Incident Type | 17. Business Name | 18. Weapon(s) | |
|---|---|---|---|
| 108/DOA/CAR-TRAIN | | | A. |

| 19. Incident Address (Street No., Street Name, Bldg. No., Apt. No.) | 20. City, State, Zip (☐ C ☐ T ☐ V) | 21. Location Code | |
|---|---|---|---|
| ERIE ST RAILROAD CROSSING | BLAUVELT NY 10913 | 4452 LED Code | B. |

| 22. OFF. NO. | LAW | SECTION | SUB | CL | CAT | DEG. | ATT | NAME OF OFFENSE | CTB | 23. No. of Victims | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | 1 | C. |
| 2 | | | | | | | | | | 24. No. of Suspects | D. |
| | | | | | | | | | | 0 | |

25. Person Type: CO=Complainant OT=Other PI=Person Interviewed PR=Person Reporting WI=Witness NI=Not Interviewed VI=Victim    26. Victim also complainant ☐ Y ☐ N

| TYPE/NO | NAME (LAST, FIRST, MIDDLE, TITLE) | Date of | STREET NO., STREET NAME, BLDG. NO., APT. NO., CITY, STATE, ZIP | Telephone No. | |
|---|---|---|---|---|---|
| VI | BELLOW, CHRISTOPHER | 06/16/83 | 16 ERIE ST BLAUVELT NY 10913 | BUSINESS / RESIDENCE | F. |
| PI1 | KINGMAN, GARY (CONDUCTOR) | 11/09/64 | 100 HIGH HILL RD. CATSKILL NY 12414 | BUSINESS 518 943 5439 / RESIDENCE | G. |
| PI2 | NIELSEN, DWIGHT (ENGINEER) | 04/11/55 | 15 BIRCH LN. RENSELLIER, NY 12144 | BUSINESS 518 479 3219 | H. |
| | | | | BUSINESS / RESIDENCE | I. |

| 27. Date of Birth | 28. Age | 29. Sex | 30. Race | 31. Ethnic | 32. Handicap | 33. Residence Status | |
|---|---|---|---|---|---|---|---|
| 06 16 83 | 21 | ☒ M ☐ F ☐ U | ☒ White ☐ Black ☐ Other ☐ Indian ☐ Asian ☐ Unk. | ☐ Hispanic ☐ Unk. ☒ Non-Hispanic | ☐ Yes ☒ No | ☐ Temp. Res. - Foreign Nat. ☒ Resident ☐ Tourist ☐ Student ☐ Other ☐ Commuter ☐ Military ☐ Homeless ☐ Unk. | J. |

| 34. Type/No. | 35. Name (Last, First, Middle) | 36. Alias/Nickname/Maiden Name (Last, First, Middle) | 37. Apparent Condition | |
|---|---|---|---|---|
| TABLE Q | | | ☐ Impaired Drugs ☐ Mental Dis. ☐ Unk. ☐ Impaired Alco ☐ Inj./Ill ☐ App Norm | K. |

| 38. Address (Street No., Street Name, Bldg. No., Apt. No., City, State, Zip) | 39. Phone No. | 40. Social Security No. | |
|---|---|---|---|
| | | ☐ Home ☐ Work | L. |

| 41. Date of Birth | 42. Age | 43. Sex | 44. Race | 45. Ethnic | 46. Skin | 47. Occupation | |
|---|---|---|---|---|---|---|---|
| Mo Day Yr | | ☐ M ☐ F ☐ U | ☐ White ☐ Black ☐ Other ☐ Indian ☐ Asian ☐ Unk. | ☐ Hispanic ☐ Unk. ☐ Non-Hispanic | ☐ Light ☐ Dark ☐ Unk. ☐ Medium ☐ Other | TABLE P | M. |

| 48. Height | 49. Weight | 50. Hair | 51. Eyes | 52. Glasses | 53. Build | 54. Employer/School | 55. Address | |
|---|---|---|---|---|---|---|---|---|
| ft in | | TABLE Q | TABLE R | ☐ Yes ☐ Contacts ☐ No | ☐ Small ☐ Large ☐ Medium | | | N. |

| 56. Scars/Marks/Tattoos (Describe) | 57. Misc. |
|---|---|
| | |

| Victim or Subject No. | Property Status | Property Type | Quantity Measure | Drug Type | Make | Serial No. | Description | Value | |
|---|---|---|---|---|---|---|---|---|---|
| | TABLE S | TABLE T | TABLE U | TABLE V | | | | | 1 |
| | | | | | | | | | 2 |
| | | | | | | | | | 3 |

| 59. Vehicle Status | 60. License Plate No. | 61. State | 62. Exp. Yr. | 63. Plate Type | 64. Value | | |
|---|---|---|---|---|---|---|---|
| 04 W | CND6287  Full ☒ Partial ☐ | NY | | PAS | | Total | 4 |

| 65. Veh. Yr. | 66. Make | 67. Model | 68. Style | 69. VIN. | | 5 |
|---|---|---|---|---|---|---|
| 1998 | FORD | EXPLORER | | | | 6 |

| 70. Color(s) | 71. Towed By: | 72. Vehicle Notes | |
|---|---|---|---|
| GREEN | To: | | 7 |

73. A/T/P/O A/O, PO SHANNON, PO KOPUNEK AND SGT PURCELL RESPONDED TO RR VEHICLE STRUCK BY A TRAIN AT LOCATION. UPON ARRIVAL OBSERVED TRAIN STOPPED ON TRACKS CROSSING ERIE ST. A/O'S CLIMBED ON TRAIN TO CROSS OVER TO WEST SIDE OF TRACKS AND LOCATED A GREEN FORD EXPLORER LYING IN A DITCH FACING SOUTH, WITH EXTENSIVE DAMAGE MAINLY TO THE PASSENGER SIDE OF VEHICLE. THE VI THE OPERATOR OF THE VEHICLE WAS INSIDE IT, LYING ON HIS SIDE IN THE REAR WITH HIS HEAD BY THE BACK BUMPER. A/O'S ALERTED CSX TO STOP AN APPROACHING TRAIN AND SECURED SCENE BY REROUTING VEHICULAR AND PEDESTRIAN TRAFFIC. BLAUVELT, ORANGETOWN AND TAPPAN FIRE DEPTS RESPONDED AND REMOVED VI FROM HIS VEHICLE INTO AN AWAITING SOAC BUS. VI PRONOUNCED DOA BY EMT DONNA MARCUS AT 0652 HOURS. LT. BROWN RESPONDED AND ALONG WITH SGT PURCELL COORDINATED POLICE INVESTIGATION. DET. BRIAN SHERRY COUNTY BCI PHOTOGRAPHED

(94 FEET FROM ERIE ST)

| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| Total |

| 74. Inquiries (Check all that apply) | 75. NYSPIN Message No. | 76. Complainant Signature | |
|---|---|---|---|
| ☐ DMV ☐ Want/Warrant ☐ Scofflaw ☐ Crim. History ☐ Stolen Property ☐ Other | | | use cover sheet |

| 77. Reporting Officer Signature (Include Rank) | 78. ID No. | 79. Supervisor's Signature (Include Rank) | 80. ID No. | 84. |
|---|---|---|---|---|
| | | | | Page of |

| 81. Status ☐ Open ☐ Closed (If Closed, check box below) ☐ Unfounded | 82. Status Date | 83. Notified/TOT | |
|---|---|---|---|
| ☐ Vict. Refused to Coop. ☐ Arrest ☐ Pros. Declined ☐ Warrant Advised ☐ Crim. History ☐ Stolen Property ☐ Other ☐ CBI ☐ Juv. - No Custody ☐ Arrest - Juv. ☐ Offender Dead ☐ Extrad. Declin. ☐ Unknown | Mo Day Yr | | |

| Agency | 2. Division/Precinct | New York State SUPPLEMENTAL REPORT | Supplement To: | 3. Incident No. | 4. Arrest No. |
|---|---|---|---|---|---|
| ORANGETOWN | 301- | | | 05-15889 | |

| Date | 6. Time of Report | 7. Complainant Name | 8. |
|---|---|---|---|
| '06 | '07 | '05 | 0637 | CHRISTOPHER BELLOW | |

**Block No.** | **9. Narrative (Indicate Block No. in left margin)**

SCENE. PO SHANNON OPD ACCIDENT INVESTIGATOR AN DET MAFFIA OPD DET. SQUAD CONDUCTING

POLICE INVESTIGATION. LT. ZIMMERMAN AND CHIEF KNULTY RESPONDED AND INFORMED OF DETAILS.

ME KING ON SCENE 0714 HOURS.

#L11107

TRAIN OWNED BY CSX 1 BELL CROSSING SELKIRK NY 518-767-6100 AND OPERATED BY PI2 NTSB#79576

WAS 3700 FEET LONG AND CONSISTED OF 2 ENGINES AND 24 CARS AND HAD LEFT LITTLE FERRY NJ

AT 0600 HOURS THIS DATE AND WAS IN ROUTE TO SELKIRK NY. ACCORDING TO PI2 THE TRAIN WAS

TRAVELING NORTHBOUND AT 48 MPH WHEN IT STRUCK VEHICLE THAT ACCORDING TO PI1WI WAS TRAVELIN

EASTBOUND AND WENT AROUND DOWN CROSSING GATES AT LOCATION.

| 1 |
| 2 |
| 3 |
| 4 |
| 5 |
| 6 |
| 7 |
| 8 |
| 9 |
| 10 |
| 11 |
| 12 |
| 13 |
| Total |

**ADMINISTRATIVE**

**10. Inquiries (Check all that apply)**
☐ DMV  ☐ Want/Warrant  ☐ Scofflaw
☐ Crim. History  ☐ Stolen Property  ☐ Other

**11. NYSPIN Message No.** | **12.**

**20. Page of Pages**

**13. Reporting Officer Signature (Include Rank)** PO Ryon | **14. ID No.** 143 | **15. Supervisor's Signature (Include Rank)** | **16. ID No.**

**17. Case Status**
☐ Open  ☐ Closed (If Closed, check box below)  ☐ Unfounded
☐ CBI  ☐ Vict. Refused to Coop.  ☐ Arrest  ☐ Pros. Declined  ☐ Warrant Advised
☐ Juv. -No Custody  ☐ Arrest -Juv.  ☐ Offender Dead  ☐ Extrad. Declin  ☐ Unknown

**18. Status Date** Mo. | Day | Yr | **19. Notified/TOT**

**B** use cover

| Agency | | 2. Division/Precinct | New York State | Supplement | 3. Incident No. | 4. Arrest No. |
|---|---|---|---|---|---|---|
| ORANGETOWN | | | SUPPLEMENTAL REPORT | To: | 05-15889 | |

| Date | 6. Time of Report | 7. Complainant Name | | 8. |
|---|---|---|---|---|
| 10/18/7/05 | | | | |

**Block No.** 73

**9. Narrative (Indicate Block No. in left margin)**

0756 HRS

SGT. WETZEL CONTACTED NYS DEPT OF TRANSPORTATION - RAIL SAFETY BUREAU 518-457-6500. UNDERSIGNED ADVISED Jerry Shook THAT TRAIN L-11107 WAS INVOLVED IN A FATALITY AT ERIE ST. CROSSING. MR. SHOOK ADVISED THAT TRAIN CAN BE MOVED AT THE COMPLETION OF OPD & RAIL POLICE INVESTIGATIONS. HE FURTHER STATES THAT IT IS NOT REQUIRED TO CONTACT NTSB. LT. BROWN ADVISED ω

| | 1 |
|---|---|
| | 2 |
| | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | Total |

**10. Inquiries (Check all that apply)**
☐ DMV   ☐ Want/Warrant   ☐ Scofflaw
☐ Crim. History   ☐ Stolen Property   ☐ Other

**11. NYSPIN Message No.**

**12.**

**20.** Page of Pages

**13. Reporting Officer Signature (Include Rank)**

**14. ID No.** 115

**15. Supervisor's Signature (Include Rank)**

**16. ID No.**

**17. Case Status**
☐ Open   ☐ Closed (If Closed, check box below)   ☐ Unfounded
☐ Vict. Refused to Coop.   ☐ Arrest   ☐ Pros. Declined   ☐ Warrant Advised
☐ CBI   ☐ Juv. -No Custody   ☐ Arrest -Juv.   ☐ Offender Dead   ☐ Extrad. Declin   ☐ Unknown

**18. Status Date** Mo. | Day | Yr

**19. Notified/TOT**

**B** use cover

| 1. Agency | | 2. Division/Precinct | New York State | Supplement | 3. Incident No. | 4. Arrest No. |
|---|---|---|---|---|---|---|
| ORANGETOWN POLICE | | 5 | SUPPLEMENTAL REPORT | To. | 05-15889 | |

| Date Mo 06 Da 07 Yr 05 | 6. Time of Report 0637 | 7. Complainant Name SHANNON, PO J #132 | 8. |
|---|---|---|---|

**Block No.**  **9. Narrative** (Indicate Block No. in left margin)

0637 HRS- RESPONDED TO SIG. 108 INVOLVING CAR AND TRAIN, AT THR E ERIE ST CROSSING,

BLAUVELT. PO DID APPROACH SCENE VIA RT 303, PROCEEDING WEST ON E. ERIE ST.UPON ARRIVAL

OBSERVED TRAIN STOPPED, BLOCKING CROSSING. ALSO RESPONDING WERE PO RYAN, SGT PURCELL,

PO HIGGINS, PO ARTRIP, PO M SHANNON, PO KOPUNEK R, LT BROWN AND DET MAFFIA. PO DID

CLIMB ACROSS TRAIN AND OBSERVED A VEH BEARING NY CND6287, A 1998 FORD EXPLORER COLOR

GREEN. VEH FACING SOUTH, IN A DITCH, COMPLETELY DEMOLISHED. PO'S SHANNON 132 AND KOPUNEK

122 APPROACHED VEH TO CHECK ON VICTIM(S). OBSERVED ONE W/M LYING ON HIS SIDE, FACING

EAST. VI WAS LOCATED IN THE L/REAR CORNER OF THE VEHICLE. MED 21, SOAC, AND BVFD TO

SCENE. VICTIM SHOWED NO PULSE OR MOVEMENT. VICTIM PRONOUNCED DOA BY MED 21 MEDIC

DONNA MARQUES. ME CONTACTED AND RESPONDING TO SCENE. VICTIM REMOVED FROM THE VEHICLE

BY BVFD AND PLACED IN REAR OF SOAC RIG. PO 132 DID SPEAK WITH CONDUCTOR OF TRAIN,

GARY KINGMAN, 010964, 100 HIGH HILL RD. CATSKILL NY 12414, 518-943-5439. CONDUCTOR

STATED HE WAS SEATED ON LEFT SIDE OF LOCOMOTIVE COMPARTMENT, THE ENGINEER SEATED ON

THE RIGHT. CONDUCTOR STATED HE OBSERVED VI VEHICLE TRAVELING EAST ON ERIE ST,

APPROACHING CROSSING. FURTHER STATED HE CHECKED TO SEE IF GATES WERE DOWN, STATING

THAT THEY WERE AND LIGHTS WERE FLASHING. KINGMAN STATED THAT HE "LOST SIGHT" OF

VI VEHICLE DUE TO A BUILDING BLOCKING HIS VIEW. SAID BUILDING IS LOCATED AT THE

S/W CORNER OF E ERIE AND THE CROSSING. KINGMAN STATED THE NEXT TIME HE SAW VI VEHICLE

THE VEHICLE WAS GOING AROUND DOWNED GATE AND INTO THE CROSSING. STATED VEHICLE WAS

IN MIDDLE OF CROSSING AND WAS STRUCK BY TRAIN. KINGMAN STATED THE TRAIN #L11107,

WAS 3700 FEET LONG AND HAD 24 CARS. PO 132 DID SPEAK WITH ENGINEER, DWIGHT NEILSEN,

041155 15 BIRCH LANE, RENSELEAR, NY 12144  518-479-3219.  NEILSEN STATED HE WAS

SEATED ON RIGHT SIDE OF TRAIN, OBSERVING THE RIGHT SIDE OF CROSSING, TRAIN TRAVELING

NORTHBOUND. STATED GATES DOWN AND LIGHTS FLASHING ON THE EAST SIDE OF CROSSING.

NEILSEN STATED HE COULD NOT SEE ENTIRE CROSSING DUE TO HIS POSITION IN THE TRAIN

Blocks: 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13    Total

| 10. Inquiries (Check all that apply) | | | 11. NYSPIN Message No. | 12. | | 20. |
|---|---|---|---|---|---|---|
| ☐ DMV | ☐ Want/Warrant | ☐ Scofflaw | | | | Page of |
| ☐ Crim. History | ☐ Stolen Property | ☐ Other | | | | |

| 13. Reporting Officer Signature (Include Rank) | 14. ID No. 132 | 15. Supervisor's Signature (Include Rank) | 16. ID No. | Pages |
|---|---|---|---|---|

| 17. Case Status | | | | 18. Status Date | 19. Notified/TOT | B |
|---|---|---|---|---|---|---|
| ☐ Vict. Refused to Coop. | ☐ Open | ☐ Closed (If Closed, check box below) | ☐ Unfounded | Mo. | Day | Yr | |
| ☐ CBI | ☐ Juv. In Custody | ☐ Arrest | ☐ Pros. Declined | ☐ Warrant Advised | | use cover |
| | | ☐ Arrest-Juv. | ☐ Offender Dead | ☐ Extrad. Declin | ☐ Unknown | sheet |

| Agency ORANGETOWN POLICE | 2 Division/Precinct 5 | New York State SUPPLEMENTAL REPORT | Supplement To: | 3. Incident No. 05/15889 | 4. Arrest No. |
|---|---|---|---|---|---|

| Date Mo 06 | Day 07 | Yr 05 | 6. Time of Report 0637 | 7. Complainant Name SHANNON, J PO 132 | 8. |
|---|---|---|---|---|---|

**Block No.** 9 Narrative (indicate Block No. in left margin)

AND DID NOT KNOW HE STRUCK VEH UNTIL CONDUCTOR INFORMED HIM.  STATED TRAIN WAS TRAVELING

AT 48 MPH AND THE CROSSING AND DID NOT APPLY BRAKES UNTIL AFTER COLLISION. TRAIN CAME

TO A FULL STOP APPROXIMATELY 1500-2000 FT NORTH OF CROSSING. S/A TOM GORMAN OF CSX PD

TO SCENE. RCBCI DET. BRIAN SHERRY TO SCENE FOR PHOTOGRAPHS. DR. KING FROM RCME'S OFFICE

TO SCENE. ME INV. JOSEPH SEIGELBACHER TO SCENE TO REMOVE VICTIM. VICTIM IDENTIFIED AS

CHRISTOPHER R BELLO, 16 EAST ERIE ST BLAUVELT NY 10913. DOB 061683

TRAIN MASTER WAYNE DEYO TO SCENE WITH A NEW CREW TO MOVE TRAIN. MEASUREMENTS OF SCENE

TAKEN BY PO SHANNON 132 AND DET MAFFIA 134. TRAIN RELEASED. DETAIL COMPLETE 1115 HRS.

13L

| | |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | Total |

**ADMINISTRATIVE**

10. Inquiries (Check all that apply)
☐ DMV  ☐ Want/Warrant  ☐ Scofflaw
☐ Crim. History  ☐ Stolen Property  ☐ Other

11. NYSPIN Message No.    12.

20. Page of Pages

13. Reporting Officer Signature (Include Rank)    14. ID No. 132    15. Supervisor's Signature (Include Rank)    16. ID No.

17. Case Status  ☐ Open  ☐ Closed (If Closed, check box below)  ☐ Unfounded
☐ Vict. Refused to Coop.    ☐ Arrest  ☐ Pros. Declined  ☐ Warrant Advised
☐ CBI  ☐ Juv. No Custody  ☐ Arrest -Juv.  ☐ Offender Dead  ☐ Extrad. Declin  ☐ Unknown

18. Status Date  Mo | Day | Yr    19. Notified/TOT

B use cover sheet

| Agency | | 2. Division/Dist | New York State | Supplement To: | 3. Incident No. | 4. Arrest No. |
|---|---|---|---|---|---|---|
| Orangetown Police | | 5 | SUPPLEMENTAL REPORT | | 05-15889 | |

| Date | | | 6. Time of Report | 7. Complainant Name | 8. |
|---|---|---|---|---|---|
| Mo 6 | Day 07 | Yr 05 | 0637 | Orangetown Police | |

Block No. | 9. Narrative (Indicate Block No. in left margin)

At the above stated time and date undersigned officer responded to the railroad crossing at Erie Street in Blauvelt on a report of a train motor vehicle accident. Upon arrival observed a green Ford Explore bearing New York registration CND6287 registered to a Christopher R. Bello of 16 Erie Street Blauvelt DOB 6/16/83. Which appeared to have been struck by a CSX Train which was stopped at the crossing. Said vehicle was in the ditch on the west side of the tracks. Inside was a male white later identified as Christopher Bello. Medic21 and SOAC on scene assisted by the Blauvelt Fire Dept. The accident investigation team was activated Det. Maffia and PO J Shannon of the accident investigation team took control of the incident investigation. Chief Nulty and Lt Brown also on scene.

Victim Christopher Bello (VI) was removed from the vehicle unconscious and later pronounced dead by Medic21 in the rear of SOAC's rig. ME requested to scene. Also assisting at scene was PO Ryan, PO Higgins and PO O'Sullivan.

1
2
3
4
5
6
7
8
9
10
11
12
13

Total

| 10. Inquiries (Check all that apply) | | | 11. NYSPIN Message No. | 12. | | 20. |
|---|---|---|---|---|---|---|
| ☐ DMV  ☐ Want/Warrant  ☐ Scofflaw | | | | | | Page of |
| ☐ Crim. History  ☐ Stolen Property  ☐ Other | | | | | | |

| 13. Reporting Officer Signature (Include Rank) | | 14. ID No. | 15. Supervisor's Signature (Include Rank) | | 16. ID No. | Pages |
|---|---|---|---|---|---|---|

| 17. Case Status | ☐ Open | ☐ Closed (If Closed, check box below) | ☐ Unfounded | 18. Status Date | 19. Notified/TOT | B |
|---|---|---|---|---|---|---|
| ☐ Vict. Refused to Coop. | ☐ Arrest | ☐ Pros. Declined | ☐ Warrant Advised | Mo  Day  Yr | | |

Page 1 of 2 Pages

New York State Department of Motor Vehicles

**DMV USE**

Local Codes
05-15889

## ROCK POLICE ACCIDENT REPORT

MV-104A(7/96)

☐ Changed Report

| | 19 |
| 17 |

**1** | Accident Date 06/07/2005 | Day of Week TU | Time 06:37 | No. of Vehicles 2 | No. Injured 0 | No. Killed 1 | Non Highway | Not Investigated ☐ | Left Scene | Police Photos |
| - | | | | | | | | Accident Reconstructed ☐ | | x Yes ☐ No |

| 20 |
| 62 |

**2** ☒ VEHICLE 1  ☐ VEHICLE 2  ☐ BICYCLIST  ☐ PEDESTRIAN

| Driver name - exactly as printed on license | DMV |
| BELLO,CHRISTOPHER,R | USE |
| Driver name - exactly as printed on license | DMV |
| NEILSEN,DWIGHT | USE |

**-** | Address (Include Number & Street) 16 EAST ERIE ST | Apt. No. | Address (Include Number & Street) 15 BIRCH LANE | Apt. No. |

| 21 |
| - |

| City or Town BLAUVELT | State NY | Zip Code 10913 | City or Town RENSELEAR | State NY | Zip Code 12144 |

| 22 |
| - |

| Date of Birth 06/16/1983 | Sex M | Unlicensed | No. of Occup. 1 | Public Property Damaged ☐ | State of Lic. NY | Date of Birth 04/11/1955 | Sex M | Unlicensed | No. of Occup. | Public Property Damaged ☐ | State of Lic. NY |

**3** | Name - exactly as printed on registration SAME AS DRIVER | Date of Birth | Name - exactly as printed on registration CSX RAILROAD | Date of Birth |
**10**

| Address (Include Number & Street) | Apt. No. | Haz. Code | Released Mat. ☐ | Address (Include Number & Street) | Apt. No. | Haz. Code | Released Mat. ☐ |

| 23 |
| 3 |

**4** | City or Town | State NY | Zip Code 00000 | City or Town | State NY | Zip Code 00000 |

**1** | Plate Number CND6287 | State of Reg. NY | Vehicle Year & Make 1998 FORD | Vehicle Type 4DS | Ins. Code 328 | Plate Number L11107 | State of Reg. | Vehicle Year & Make | Vehicle Type | Ins. Code |

| 24 |
| 71 |

**5** | Check if involved vehicle is: | Check if involved vehicle is: | **ACCIDENT DIAGRAM** |
| ☐ more than 95 inches wide; | ☐ more than 95 inches wide; |
**1** | ☐ more than 34 feet long; | ☐ more than 34 feet long; |
| ☐ operated with an overweight permit; | ☐ operated with an overweight permit; |
| ☐ operated with an overdimension permit. | ☐ operated with an overdimension permit. |

| 25 |
| 20 |

**6** VEHICLE 1 DAMAGE CODES

| | | 1 | 2 |
| Box 1 - Point of Impact | | | |
**1** | Box 2 - Most Damage | | 5 | 5 |
| Enter up to three | 3 | 4 | 5 |
| more Damage Codes | | 17 | |

VEHICLE 2 DAMAGE CODES

| | | 1 | 2 |
| Box 1 - Point of Impact | | 2 | 1 |
| Box 2 - Most Damage | | | |
| Enter up to three | 3 | 4 | 5 |
| more Damage Codes | | | |

| 26 |
| 1 |

**7** | Vehicle Towed: | By VINCENTS AUTO BODY | Vehicle Towed: | By |
**1** | | To OPD IMPOUND LOT | | To |

| 27 |
| 1 |

VEHICLE DAMAGE CODING:
1-13. See diagram on right
14. UNDERCARRIAGE
15. TRAILER
16. OVERTURNED
17. DEMOLISHED
18. NO DAMAGE
19. OTHER

Estimated cost of repairs to any one vehicle meets criteria for "reportable" threshold. ☒ Yes ☐ No

| 28 |
| 5 |

| Reference Marker | DMV USE ONLY | County ROCKLAND | ☐ City  ☐ Village | |
| | | ☐ Town | ORANGETOWN |
| | | Route No. or Street Name on E ERIE ST  BLAUVELT |
| | | ☐ Feet ☐ Miles ☐ N ☐ E ☐ S ☐ W ☒ At Intersection with |
| TICKET/ARREST ☐ OPR 1 ☐ OPR 2 ☐ PEDESTRIAN ☐ BICYCLIST ☐ OTHER | (Nearest Intersecting Route/Street) CSX RAILROAD CROSSING |

| 29 |
| 23 |

| Ticket/Arrest Number(s) ( ) | ( ) | ( ) |
| Violation Section(s) ( ) | ( ) | ( ) |

| Accident Description/Officer's Notes    *Please see attached.* |

| 30 |
| - |

**L**

ALL INVOLVED                                                                                   USE COVER SHEET

| | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 BY | TO 18 | Names - If Deceased, Give Date of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1 | 1 | 1 | 21 | M | X | - | 1 | 9994 | 4306 | BELLO,CHRISTOPHER,R    06/07/2005 |
| B | O | | | | 50 | M | | - | | | | NEILSEN,DWIGHT |
| C | | | | | | | | | | | | |
| D | | | | | | | | | | | | |
| E | | | | | | | | | | | | |
| F | | | | | | | | | | | | |
| G | | | | | | | | | | | | |

| SIGN HERE | Officer's Rank and Name POLICE OFFICER JOSEPH G. SHANNON | Badge/ID No. 132 | Department 04352 | Precinct/Post Troop/Zone | Station/Beat/ Sector | Reviewing | Date/Time Reviewed 070805/0850 |

Continuation Page 1

New York State Department of Motor Vehicles

| Local Codes | **ROCK** | **POLICE ACCIDENT REPORT** | **DMV** |
| --- | --- | --- | --- |
| 05-15889 | | MV-104A(7/96) | **USE** |

| Accident Date | Day of Week | Time | No. of Vehicles | No. Injured | No. Killed | Non-Highway | Not Investigated | | Left Scene | Police Photos |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 06/07/2005 | TU | 06:37 | 2 | 0 | 1 | ☐ | Accident Reconstructed | | ☐ | ☒ Yes ☐ No |

Accident Description/Officer's Notes

*Vehicle one, traveling east approaching CSX railroad crossing. CSX train traveling northbound approaching E Erie St crossing. Witness, one Gary Kingman, DOB 010964, 100 High Hill Rd. Catskill NY 12414, is conductor on train. Kingman states that he observed vehicle one approaching crossing from the west. Further stated that vehicle was traveling at a rate of speed that would not allow vehicle to stop at railroad crossing. Stated he lost sight of vehicle due to a building that is located on the southwest corner of crossing. Witness further stated that the crossing gates were down and lights were flashing. Witness stated he observed vehicle one drive around downed gate, and into the path of the train. Investigation found that operator 1's view may have been obstructed because of dew on the windshield and sun glare.*

| SIGN HERE | Officer's Rank and Name | Badge/ID No. | Department | Precinct/Post Troop/Zone | Station/Beat/Sector | Reviewing | Date/Time Reviewed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | POLICE OFFICER JOSEPH G. SHANNON | 133 | 04353 | | | | |

# Orangetown Police Department
## Detective Bureau
### Supplemental report

26 Orangeburg Road
Orangeburg, NY 10962
Tel. (845) 359-2121
Fax  (845) 359-3783

Report of Det. Maffia #134

Incident # 2005-15889
DB-2005-171

06-07-2005 0647hrs. Writer contacted at home by Sgt. Ruggiero who reports Sig. 108 at RR tracks on Erie St.

0655hrs. Writer out at scene of accident, Sgt. Purcell on scene with P.O.s J.Shannon and M.Ryan, scene protected, roadway closed between Rt. 303 and Moisen Rd.

Blauvelt Fire Department on scene.

S.O.A.C.on scene.

It appears this is a one vehicle / train accident,

Vehicle #1 1998 Ford Subn. Green Bearing NY reg. CDN6287 driven (eastbound on Erie St.) by Christopher R. Bello (DOA) 06-16-1983 of 16 East Erie St. Blauvelt. (no passengers)

The train was operated by Dwight Neilson (Engineer) 04-11-1955 of 15 Birch La. Renselear, NY. (Northbound) with passenger (conductor) Gary Kingman 01-09-1964 of 100 High Hill Rd. Catskill, NY. (DMV printouts in case file)

Train # L11107 Front Engine # 7378 (two engines) 24 cars going from Little Ferry NJ to Selkirk, NY.

Rockland Paramedics pronounced Christopher Bello dead at 0650hrs. At this time it appears victim may have died from severe head trauma and internal injuries, awaiting Medical Examiners study. Victim was located in the right rear cargo area of the Ford Explorer bleeding from the head and apparently dead, it appears victim was not wearing seat belt as drivers belt on connected.

Writer observed upon arrival on scene both eastbound and westbound crossing gates down and lights on gates and RR crossing signals operating properly. The eastbound gate did have several marks on it near the centerline where it appeared it had been struck by vehicle in the past and was broken and tied together by a large section of duct tape near the pivot point near the RR tower.

Kingman said he was seated on the left side of train cab as they approached the intersection of Erie St. (he thought the train speed was about 50mph.) and noticed the green Ford driving down the street approaching the RR tracks in the arear of Moisen Rd. at what he said was very fast and thought to himself would be unable to stop before the RR Tracks. He said he saw the Ford in the westbound lane passing the RR control arm that was down blocking the eastbound lane just before impact, he thought the vehicle just struck the end of the arm as it drove onto the tracks He also said that the engineer Dwight Neilson did not see the accident because he was looking to the east checking traffic and that right. After the collision Neilson applied the brake fully and that the train took over 1500 feet to stop. He thought the accident took place at around 635hrs.

Dwight Neilson the trains engineer reports that he had left Little Ferry NJ and the trip was normal up to the point of this collision, he said the speed limit was 50mph. In this area and he thought the speed of the train was between 48-50mph. He also said the

whistle was sounded in the positions that were required and remembers hearing them sound.

While interviewing both Mr. Kingman and Mr. Neilson both appeared normal and no odor of alcoholic beverages were present.

0707hrs.Det. Brian Sherry on scene for photos

0711hrs. Lt. Zimmerman on scene.

0714hrs. Dr. Richard King on scene

P.O. J. Shannon completing A/R

0730hrs. Det. Lt. McAndrew on scene

0731 Chief Nulty on scene

Joseph Segelbacher of the Rockland Medical Examiners. Office on scene Victims body removed from S.O.A.C. vehicle and transported to MEs. Office in Pomona. Prior to removal of the body photographs were taken by Det. Sherry.

0930hrs. Writer and P.O. Shannon did preliminary measurements that indicated the Ford was thrown about 94 feet after impact with the train. Vehicle removed from scene to OPD impound by Vincentes Auto Body of Blauvelt. Vehicle was covered with tarp at this time.

Writer talked with Steve Smutek of DPW who will call when he is about to start inspecting the Bello Vehicle, writer would like to photograph and measure vehicle at this time.

0900hrs. Accident scene cleared Writer stopped at victims home (16 East Erie St.) and talked with his Father Steve Bello, he said he was not late for work and did not think he would have drove around RR control. He said Christopher worked and a apprentice electrician for All Bright Electric.

1000hrs. Writer talked with James Johannemann who is Christopher's employer at All Bright Electric in West Nyack 358-1200. He reports Christopher is assigned to a job in Haverstraw and was going to Catherine St. in Nyack to pick up a truck. He said he was one of the best workers he has and was never late for work. He said Christopher starts work at 0700hrs.

Investigation continues.

1700hrs. Writer contacted Patrick Gavigan of 72 Harding St. Blauvelt who said he called 911 this morning about the accident on Erie St. but became disconnected. He said he was on his way to work at about 630hrs.today and was traveling eastbound on Erie St. and as he approached Baileys saw the railroad crossing go down and heard the train approaching. He said he thought it may be a long train as he always sees and decided to turn around and go down Moisen Rd. then onto Rt. 303. He said he turned into the parking lot just east of Baileys and as he was just about to get back onto the roadway observed a green SUV type vehicle at what he describes as driving very fast coming down the hill approaching the RR tracks. He said he knew the car would not be able to stop at the speed it was traveling. He said as it passed him it went into the westbound lane in an attempt to miss the RR crossing gate. He said he thought the vehicle struck the end of the gate and then saw the train strike the SUV and as it did saw it rotate to the left.

He said he is familiar with the crossing as he drives through there every day on his way to work in Nyack where he teaches Social Studies and knows if there is a long train coming by you sometimes can wait for several minutes.

06-08-2005 0630hrs. Writer responded to scene, observed roadway and operation of crossing gates that appeared to be operating properly at this time. Noted was the eastbound gate having been replaced since yesterdays accident. P.O. James Casey

assisted with traffic control at scene, Det. Lt. McAndrew also viewed the scene this morning.

0845hrs. Elizabeth Barsanti of Andre Ave. 359-5111 called, she said after reading about the accident in the Journal News wanted to report that on Monday 06-06-2005 @1000hrs. the gates were down and there were no trains in the area.

0920hrs. Tim Murphy of 54 East St. West Nyack called (914-523-7312) called and reported that on Saturday 06-04-2005 @2130hrs.as he approached the intersection of the RR Tracks on Erie St. driving eastbound the lights flashed and the westbound gate came down but the eastbound gate stayed up for sometime before going down into a horizontal position.

Preliminary investigation shows the vehicle was struck by the train on a slight angle that caused vehicle to become airborne and rotate in a counter clockwise direction as it first separated from the collision. It first struck the ground on the west side of the railroad bed which was mostly gravel and rocks on its left side (drivers side) with the front wheels heading north, it now rotated further and struck the earth embankment with the front end and flipped over until it came to rest back on its wheels facing south still on the west side of the tracks. The impact area ion the vehicle was from the right front wheel back to the right rear wheel and the right front wheel and brake assembly were broken off the vehicle and found nearby. With the witnesses description of the speed of the vehicle and the fact that the RR Gate was struck and the angle of the impact it does appear that the victim never saw the train approaching or the gates in the down position.

Investigation continues.

ROCKLAND COUNTY
OFFICE OF THE MEDICAL EXAMINER
THE DR. ROBERT L. YEAGER HEALTH CENTER
POMONA, NEW YORK  10970

Lone Thanning, M.D., F.C.A.P.                         Telephone
  Chief Medical Examiner                            (845) 364-2826

Re:  Death of  **BELLO, Christopher (05/404)**  which occurred at

East Erie Street Railroad Crossing, Orangeburg, NY on
June 7, 2005 at 6:50 a.m.

Gentlemen:

An investigation of the above death has been made.

The cause of death was found to be:

**Exsanguination due to multiple head and body injuries due to
driver/vehicle struck by train**

**MANNER OF DEATH**: Accident

                         Lone Thanning, M.D., F.C.A.P.
                         Chief Medical Examiner

*This report is not certified unless each page is embossed with the
Medical Examiner's seal.*



New York State Department of Motor Vehicles

# POLICE REPORT FOR
# FATAL MOTOR VEHICLE ACCIDENTS

MV-104D (1/99)

DMV USE

Page        of        Pages

| Local Code 04352 | Accident Date Month Day Yr. 06 / 08 / 05 | Time of Accident 0637 | County Rockland | City/Town/Village Blauvelt | No. Killed 1 | No. Vehicles 2 | Work Related ☐ Yes ☒ No |
|---|---|---|---|---|---|---|---|

Name and Address of Deceased

Christopher R. Bello

## ACCIDENT DATA

| Speed Limit (MPH) 30 | Location (Route or Street Name) ERIE Street |
|---|---|

Estimated Speed:
Vehicle 1 __35__ MPH  ☐ Unknown    Vehicle 2 __48__ MPH  ☐ Unknown    Vehicle 3 _____ MPH  ☐ Unknown

Vehicle Model (for example, Mustang or Corvette):
Vehicle 1 EXPLORER          Vehicle 2 TRAIN          Vehicle 3 _____

Roadway Surface:
☐ Concrete  ☒ Blacktop  ☐ Brick or Block  ☐ Dirt  ☐ Slag  ☐ Gravel  ☐ Stone  ☐ Other

| No. of Lanes 2 | Roadway Flow: ☐ One Way Traffic    ☐ Divided highway, other barrier or barrier type unknown | ☐ Divided highway, median strip    ☒ Not physically divided | ☐ Divided highway, guard rail |
|---|---|---|---|

| EMERGENCY MEDICAL SERVICES* | Time (Military): | HOSPITAL INFORMATION If the victim was taken to a hospital outside of NYS, give the name, county and state of that hospital: _____ |
|---|---|---|
| Notified .............. S.O.AACC. | 0637 | |
| Arrived at Scene ............ n/a | 0654 | If the victim was transferred to another hospital (after initial transportation), give the name, county and state of that hospital: |
| Arrived at Hospital ........... n/a | n/a | |

## OCCUPANT DATA

| Name | Deceased Yes/No | Time of Death | Extricated Yes/No** | Type of Extrication Equip. Used | Air Bags Deployed Yes/No | Not in Vehicle | Initial Point of Impact to Vehicle*** |
|---|---|---|---|---|---|---|---|
| **VEHICLE 1** Driver Christopher R. Bello | YES | 0637 | NO | n/a | YES | | Drivers side Door |
| Passenger | | | | | | | |
| Passenger | | | | | | | |
| **VEHICLE 2** Driver Dwight Neilson | NO | n/a | n/a | n/a | n/a | | Front |
| Passenger Gary Kingman | NO | n/a | n/a | n/a | n/a | | n/a |
| Passenger | | | | | | | |
| **VEHICLE 3** Driver | | | | | | | |
| Passenger | | | | | | | |
| Passenger | | | | | | | |

\*  This includes any type of EMS service (for example, fire, police, private). If you are unable to furnish the EMS data, please give the name, address and plate number of the ambulances so we can contact them: _____

\*\*  To be "extricated," the victim must be pried from the wreckage. Unfastening the seat belt is not considered "extricated".

\*\*\*  Indicate the <u>first</u> area of the vehicle that was impacted, for example, right front, undercarriage.

Additional Information

| SIGN HERE | Officer's Rank and Name Detective Lawrence J. Maffia | Badge/ID No. #134 | Department 04352 | Precinct/Post Troop/Zone 5 | Station/Beat/ Sector 301 | Reviewed by | Date/Time Reviewed 070605 / 0950 |
|---|---|---|---|---|---|---|---|

Case 7:07-cv-02931-KMK-GAY    Document 7-2    Filed 07/09/2007    Page 60 of 62

ACCIDENT DATE 06-07-2005 @0630HRS.
#2005-15889 DB# 2005-171

Final rest veh.#2 approx.
1500 feet north of point of
impact.

T. BROWN, P.O. J.SHANNON, AND DETECTIVE MAFFIA

RIE STREET RAILROAD CROSSING



N

railroad bed

final rest veh.#1

rotated and flipped

**NOTE**Diagram not to scale

point of impact

crossing gates

ERIE STREET

#1

#1    #1    #1

#1    #2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

|  |  |
|---|---|
| Plaintiff, | AFFIRMATION OF SERVICE |
| -against- | Civil No.: 07 CIV. 2931 (WP-4) (GAY) |

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                                                    Defendants.
-------------------------------------------------------------------------X

MARTIN E. FIEL, an attorney duly admitted to practice law in the State of New

York and duly admitted to the bar of this Court, affirms the following under penalty of perjury:

I am not a party to this action, I am over 18 years of age, I reside c/o 369 South Main St.,

New City, New York 10956.

On July 5, 2007 I served a true copies of the within Notice of Motion to Remand, Affidavit of
Martin E. Fiel in Support with exhibits attached therein and Plaintiff's Memorandum in Support upon:

Lawrence R. Bailey, Jr., Esq.
Hodgson Russ LLP
Attorneys for Defendants
60 East 42nd Street, 37th Floor
New York, New York 10165

by depositing a true copy thereof to each named above, enclosed in a post-paid wrapper,

in an official depository under the exclusive care and custody of the United States Postal

Service, by First Class Mail, addressed to each of the above-described attorneys at the address

designated by them for service.

Dated:  New City, New York
        July 5, 2007

                                        _____
                                        MARTIN E. FIEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
STEVEN BELLO, As Administrator of the
Goods, Chattels and Credits of
CHRISTOPHER ROBERT BELLO, Deceased,

<table>
<tr><td>Plaintiff,</td><td>07 CIV. 2931<br>(WP-4) (GAY)</td></tr>
</table>

       -against-

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                                          Defendants.
------------------------------------------------------------------------x

---

## NOTICE OF MOTION TO REMAND

---

**MARTIN E. FIEL**
Attorney for Plaintiff
369 South Main Street
New City, New York 10956

(845) 634-8500
Lawfiel@Yahoo.com

To: Lawrence R. Bailey, Jr., Esq.
    Hodgson Russ LLP
    Attorneys for Defendants
    60 East 42nd Street, 37th Floor
    New York, New York 10165