UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,


                                Plaintiff,

          -against-                                     Civil No. 07 CIV. 2931
                                                        <u>(WP-4) (GAY)</u>

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                                Defendants.
-------------------------------------------------------------------------X


## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND</u>

Martin E. Fiel (MEF-0577)
Attorney for Plaintiff
369 South Main Street
New City, New York 10956

(845) 634-8500
Lawfiel@Yahoo.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES                                         Page    ii

PRELIMINARY                                                  Page    1

STATEMENT OF FACTS                                          Page    2

ARGUMENT                                                     Page    3

    28 U.S.C. § 1332(a)(2) STANDARDS FOR REMOVAL    Page    5

    28 U.S.C. § 1331 STANDARDS FOR REMOVAL          Page   10

    PLAINTIFF'S CLAIMS DO NOT POSE ANY
    SUBSTANTIAL FEDERAL QUESTIONS                   Page   13

    DEFENDANTS' RELIANCE ON *GRABLE* IS MISPLACED   Page   18

    PLAINTIFF IS ENTITLED TO AN AWARD OF COSTS,
    INCLUDING ATTORNEYS', FEES PURSUANT TO
    28 U.S.C. § 1447(c)                              Page   21

CONCLUSION                                                  Page   24

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                    **PAGE**

Advani Enters., Inc v. Underwriters At Lloyds, 140 F.3d 157, 160 (2d Cir.1998)          6

AFL-CIO v. Delta Plumbing & Heating Corp., 68 F.3d 561 (2d Cir.1995)                   14

A. Kraus & Son v. Benjamin Moore & Co., 2006 WL 1582193 (E.D.N.Y. June 7, 2006)    4,6,22

Arseneault v. Congoleum Corp., 2002 WL 472256 (S.D.N.Y. Mar. 26, 2002)                 7

Beneficial Nat. Bank v. Anderson, 539 U.S. 1 (2003)                                   11

Bill Wolf Petroleum Corp. v. The Village of Port Washington North, 2007 WL 154900
(E.D.N.Y. May 29, 2007)                                                             10,12

Broder v. Cablevision Systems Corp., 418 F.3d 187 (2d Cir.2005)                        15

Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir.1994)                                11

Caggiano v. Pfizer, Inc., 384 F.Supp.2d 689 (S.D.N.Y. 2005)                            15

Caterpillar, Inc. v. Lewis, 519 U.S. 61 (1996)                                          5

Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987)                                 10,11,12

Circle Industries USA, Inc. v. Parke Construction Group, Inc., 183 F.3d 105 (2d Cir.1999)   22

D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 100 (2d Cir.2001)                 13

Dexter v. A C & S Inc., 2003 WL 22725461 (S.D.N.Y. Nov. 18, 2003)                       7

Durham v. Consolidated Rail Corporation, 8 F.Supp.2d 223 (W.D.N.Y. 1998)            16,17

Durove v. Fabian Transport Inc., 2004 WL 2912891 (S.D.N.Y. Dec. 14, 2004)             5,8

Eastern States Health & Welfare Fund v. Philip Morris Inc., 11 F.Supp.2d 384 (S.D.N.Y. 1998)   10

Empire Healthchoice Assur. Inc., v. McVeigh, 396 F.3d 136 (2d Cir.2005)                14

Franchise Tax Board of State of Cal. v. Construction Laborers Vacation Trust for
Southern California., 463 U.S. 1 (1983)                                             11,12

Grable & Sons Metal Prods. Inc. v. Dante Engineering & Manufacturing. 545 U.S .308 (2005)  18,19,20,21

Gully v. First Nat. Bank, 299 U.S. 109 (1936)                                          14

Jana Master Fund, Ltd. v. JP Morgan Chase & Co., 2007 WL 1175694 (S.D.N.Y. Apr. 19, 2007)   11,13

Kuperstein v. Hoffman Laroche, Inc., 457 F.Supp.2d 467 (S.D.N.Y. 2006).              22,23

Leggette v. Washington Mitt. Bank, FA, 2005 WL 2679699 (10th Cir. Oct. 19, 2005)       21

Lupo v. Human Affairs Intern., Inc., 28 F.3d 269 (2d Cir.1994)    7

Manway Constr. Co v. Housing Auth. Of Hartford, 711 F.2d 501(2d Cir.1983)    4

Marcus v. AT & T Corp., 138 F.Supp3d 45 (2d Cir.1998)    11

Merrell Dow Pharaceuticals Inc., v. Thompson, 478 U.S. 804 (1986)    14,15,16,17,19,20

Metro. Life Insurance Co. v Taylor, 481 U.S. 58 (1987)    13

Nelson v. United Artist Theater Circuit, Inc., 835 F.Supp. 844 (E.D.Pa. 1993)    17,18

Nemazee v. Premier, Inc., 232 F.Supp2d 172 (S.D.N.Y. 2002)    7

NYU Hosp. Ctr.-Tisch v. Local 348 Health & Welfare Fund, 2005 U.S. Dist.
LEXIS 256 (S.D.N.Y. Jan. 6, 2005)    10

Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459 (2d Cir.1998)    4,6,7,8

Phillips Ala, v. Unijax, 625 F.2d 54, (5th Cir.1980)    8

Shamoun v. Peerless Importers, 2003 WL 21781954 (E.D.N.Y. Aug. 1, 2003)    21,22,23

Sheridan v. New Vista. LLC, 2005 WL 2090898 (W.D.ML Aug. 30, 2005)    20

Shulthis v. McDougal, 225 U.S. 561 (1912)    11

Smith v. Delta International Machinery Corp., 2007 WL 1540958 (E.D.N.Y. May 24, 2007)    4,5,6,7

Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 2003 WL 1907978 (S.D.N.Y. Apr. 17, 2003)    7

State of New York v. Stoddard, 2006 WL 3423863 (N.D.N.Y. Nov. 28, 2006)    13

State of New York v. Lutheran Center for the Aging, Inc., 957 F.Supp. 393 (E.D.N.Y. 1997)    10

Syms, Inc. v. IBI Security Service, Inc., 586 F.Supp. 53 (S.D. N.Y 1984)    23

The Fair v. Kohler Die & Specialty Co., 228 U.S. 22 (1913)    11

Tremblay v. Philip Morris, Inc. 231 F. Supp.2d 411 (D.N.H. 2002)

United Food & Commercial Workers Union Local 919, AFL-CIO v.
CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir.1994)    4

United Mutual Houses v. Andujar, 230 F.Supp.2d 349 (S.D.N.Y.2002)    4

Watson v. Charleston Housing Authority, 1999 WL 1458084 (S.D.W.V. 1999)    17

Wisconsin v. Missionaries to Preborn, 796 F.Supp. 389 (E.D. WI 1992)    17

**STATE CASES**

Judson v. Fielding, 227 App.Div. 430, 237 N.Y.S. 348 (3d Dep't.1929)    8

Sarine v. American Lumberman's Mutual Casualty Co. of Illinois, 258 App.Div. 653,    8
12 N.Y.S.2d 754

Wilson v. City of New York, 131 N.Y.S.2d 47, (Sup. Ct. Kings County 1954)    8


**FEDERAL RULES AND STATUTES**

Federal Rules of Civil Procedure 20(a)    9

28 U.S.C. § 1331    1,5

28 U.S.C. § 1332    4,5

28 U.S.C. § 1332(a)(1)    4

28 U.S.C. § 1332(a)(2)    3,5

28 U.S.C. § 1441    10,21

28 U.S.C. § 1441(b)    4

28 U.S.C. § 1441(c)    9

28 U.S.C. § 1447(c)    1,2,3,12,21,22,23


**STATE RULES AND STATUTES**

New York Civil Practice Law and Rules, Rule 1002(b)    9

New York Estates, Powers and Trusts Law ("EPTL") § 5.4-1    2,13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

Plaintiff,

-against-                                          07 CIV. 2931
                                                   (WP-4)(GAY)

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

Defendants.
------------------------------------------------------------------------X

## **PRELIMINARY**

Plaintiff Steven Bello ("Plaintiff") submits this Memorandum of Law in support of his motion pursuant to 28 U.S.C. § 1447(c) remanding this action to the Supreme Court of the State of New York, County of Rockland, the Court in which this action was pending before it was improperly removed. Removal was improper in that this Court lacks subject matter jurisdiction over this matter for the following reasons:

i)      there is not complete diversity of citizenship between the parties because plaintiff is a resident and citizen of the State of New York and defendants Dwight Neilsen and Gary Kingman are individuals and are also residents and citizens of the State of New York; and

ii)     the Complaint does not present a claim or right arising under the Constitution, treaties, or laws of the United States within the meaning of 28 U.S.C. § 1331 in that this matter involves claims

1

for personal injury and Wrongful Death and is grounded solely

and strictly upon the common law and/or statutes of the State of

New York.

Plaintiff also seeks an award pursuant to 28 U.S.C. § 1447(c) of just costs and

actual expenses, including attorneys' fees, incurred as a result of defendants' improper

and improvident removal of this action.

As set forth below, defendants' removal of the instant action was improper and

improvident. Accordingly, for the reasons set forth herein, plaintiff's motion should be,

in all respects, granted.

## STATEMENT OF FACTS

This action was commenced on March 12, 2007 by the filing of a Summons and

Verified Complaint ("Complaint") with the Supreme Court of the State of New York,

County of Rockland. *See,* accompanying Affidavit in Support of Martin E. Fiel sworn to

on July 5, 2007, ("Fiel Affidavit") ¶ 5, Exhibit "A". Thereafter, on or about April 7,

2007, defendants were served with the Summons and Complaint. On April 12, 2007

defendants removed this action to the United States District Court for the Southern

District of New York. *See,* Fiel Affidavit, ¶ 6, Exhibit "C" (without exhibits). On or

about April 16, 2007 all defendants served their Answer. *See,* Fiel Affidavit, ¶ 6, Exhibit

"C".

Plaintiff's Complaint alleges two causes of action, both based on New York State

common law and statutes,  i) personal injury and ii) Wrongful Death of plaintiff's son,

Christopher Robert Bello.  Plaintiff's cause of action for Wrongful Death is created by

State of New York, Estates, Powers and Trusts Law ("EPTL") § 5.4-1.

The underlying causes of action are the result of a violent train/automobile collision that occurred in Rockland County, New York. The locomotive involved was owned by defendant CSX Transportation, Inc. ("CSXT"). At the time of the occurrence the individual defendants, Gary Kingman ("Kingman") and Dwight Neilsen ("Neilsen") were employees of defendant CSXT. Kingman was the conductor and Neilsen the engineer of the locomotive. *See,* Fiel Affidavit, ¶ 8.

Plaintiff is a resident and citizen of the State of New York; the named individual defendants, Kingman and Neilson, both active tortfeasors and proper parties to this action are also both citizens of the State of New York. Therefore, complete diversity of citizenship between the plaintiff and all of the defendants is clearly lacking thereby defeating federal subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

In addition, none of the claims set forth in plaintiff's Complaint require the resolution of a substantial federal question or the application of federal law. No references to federal statutory violations were included or otherwise pleaded in the Complaint. Thus, subject matter jurisdiction premised on any federal question is clearly lacking and removal was unwarranted.

## ARGUMENT

In the event it appears that the district court lacks subject matter jurisdiction, 28 U.S.C. § 1447(c) provides in relevant part that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded (emphasis added) 28 U.S.C. § 1447(c). As such, any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction." *Smith v. Delta International Machinery Corp., et. al.*, 2007 WL 1540958 (E.D.N.Y. May 24, 2007), citing *United Food & Commercial Workers Union Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994) (quoting *Manway Constr. Co v. Housing Auth. Of Hartford*, 711 F.2d 501, 503 (2d Cir.1983)).

For removal to be considered proper, it is axiomatic that the removing party must demonstrate the requisite federal subject matter jurisdiction. *United Mutual Houses v. Andujar*, 230 F.Supp.2d 349 (S.D.N.Y.2002).

The requirements for removal of a state action to the federal court is set forth in 28 U.S.C. § 1441(b) which provides that a civil action may be removed only where i) district courts have original subject jurisdiction where the claim is founded on a right arising under the Constitution, treaties or laws of the United States without regard to citizenship or residence of the parties or ii) if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

The latter avenue of removal is based upon diversity of citizenship for subject matter jurisdiction as codified in 28 U.S.C. § 1332(a)(1) that provides that the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. *A. Kraus & Son v. Benjamin Moore & Co.*, 2006 WL 1582193 (E.D.N.Y. June 7, 2006). 28 U.S.C. § 1332 requires complete diversity between *all* plaintiffs and defendants. (emphasis added). *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459 (2d Cir.1998).

Subject matter jurisdiction has been interpreted to require complete diversity such that the citizenship of each plaintiff must be different from that of each defendant. _Durove v. Fabian Transport Inc., et. al.,_ 2004 WL 2912891 at *1, (S.D.N.Y. Dec. 14, 2004) citing _Caterpillar Inc. v. Lewis,_ 519 U.S. 61, 75-78 (1996).

Defendants' two-pronged shotgun approach for removal mistakenly relies upon both, i) 28 U.S.C. § 1332(a)(2), complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00 exclusive of costs and ii) 28 U.S.C. § 1331, that the presence of a substantial federal question in this case confers jurisdiction upon this Court.

> FN1. Defendants contend and plaintiff does not disagree, that the actual amount of damages exceeds $75,000.00 exclusive of costs. _See,_ Fiel Affidavit, Exhibit "C" (Notice of Removal, ¶15).

Since complete diversity of citizenship of the plaintiff and all of the defendants is clearly lacking coupled with the fact that the claims herein are not based upon federal statutes or raise a substantial federal question, federal subject matter jurisdiction is absent.

Accordingly, this case should be remanded to the Supreme Court of the State of New York in and for Rockland County where this action was properly commenced.

## I.    28 U.S.C. § 1332(a)(2) STANDARDS FOR REMOVAL

The diversity of citizenship requirement of 28 U.S.C. § 1332 is met only when _complete diversity_ between the parties exists, such when all plaintiffs are citizens of different states from all defendants. _Smith v Delta International Machinery Corp., et. al.,_

2007 WL 1540958 at *3 (E.D.N.Y. May 24, 2007), (citing *Advani Enters., Inc v. Underwriters At Lloyds*, 140 F.3d 157, 160 (2d Cir.1998)).

Here, plaintiff is a citizen of the State of New York. Defendants concede that at all relevant times, defendants Neilsen and Kingman, were both employees of defendant CSXT and both are residents of the State of New York. *See*, Fiel Affidavit, Exhibit "C", Notice of Removal, ¶ 9.

Defendants erroneously rely upon the theory of **fraudulent joinder** and contend that Neilsen and Kingman are "nominal" parties whose citizenship should not be considered for diversity purposes and further contend were named defendants solely to defeat diversity of citizenship between the parties. *See,* Fiel Affidavit, Exhibit "C", Notice of Removal, ¶¶ 12, 13.

While it is recognized that a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy, *Smith v Delta International Machinery Corp., et. al.,* 2007 WL 1540958 at *3 (E.D.N.Y. May 24, 2007), (citing *Pampillonia v. RJR Nabisco, Inc.* 138 F.3d 459, 460-461 (2d Cir.1998)), the fact is that the individual defendants, Kingman and Neilsen, are quite connected to this action and are clearly subject to plaintiff's right of recovery against them. *See,* Fiel Affidavit, ¶¶ 3-6.

The test set forth in *Pampillonia, Id.* and recently followed by this circuit in *A. Kraus & Son v. Benjamin Moore & Co.*, 2006 WL 1582193 at *4 (E.D.N.Y. June 7, 2006) maintained that "in order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by *clear and convincing evidence*, either there has been a outright fraud committed in the plaintiff's

pleadings, or that there is *no possibility*, based upon the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court". (emphasis added). *Pampillonia v RJR Nabisco, Inc.,* 138 F.3d 459, 461, (2d Cir.1998).

Moreover, defendants claiming **fraudulent joinder** have a heavy burden of proof to satisfy and courts are required to resolve all issues of fact and law in favor of the plaintiff. *Id.* at 461. Federal courts, in light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments construe the removal statute narrowly and resolve any doubts against removability. *Smith v Delta International Machinery Corp., et. al.,* 2007 WL 1540958 at *3 (E.D.N.Y. May 24, 2007), (citing *Lupo v. Human Affairs Intern., Inc.,* 28 F.3d 269, 274 (2d Cir.1994)).

*Dexter v. A C & S Inc. et al,* 2003 WL 22725461 at *2 (S.D.N.Y. Nov. 18, 2003) points out that recent cases from this district have strictly applied the *Pampillonia* standard. *See, Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.,* 2003 WL 1907978, at *4 (S.D.N.Y. Apr. 17, 2003) (concluding that defendants had not shown that it was "legally impossible" for nondiverse defendant to be liable under state law); *Nemazee v. Premier, Inc.,* 232 F.Supp.2d 172, 178 (S.D.N.Y.2002) (noting that fraudulent joinder "turns on whether recovery is *per se* precluded"; "(a)ny possibility, even if slim, militates against a finding of fraudulent joinder"); *Arseneault v. Congoleum Corp.,* 2002 WL 472256 at *5, N. 4 (S.D.N.Y. Mar. 26, 2002) ("This court believes that the Court of Appeals did not inadvertently use the language that it did").

Here, plaintiff pleaded a *prima facie* case of negligence. Plaintiff's complaint contains factual allegations that if true, establish a cause of action against all defendants.

It cannot be said here, that there is no possibility that the claims against the defendants could be asserted in state court. This is fatal to defendants' argument. *Durove v Fabian Transport Inc.*, 2004 WL 2912891 at *3 (S.D.N.Y. Dec. 14, 2004).

At bar, defendants have totally failed to satisfy their heavy burden of proof to warrant removal. Here, plaintiff clearly has a cause of action and a right to recover against the individual defendants, Neilsen and Kingman, who are both conceded (by defendants) are citizens of the State of New York.

It is well-settled under New York State law, an employee and employer may be joined in a single action. New York has long held that a master and servant may be joined in a single action, as the liability is considered as that of one tort-feasor and is a consolidated and unified one. *Wilson v. City of New York*, 131 N.Y.S.2d 47, (Sup. Ct. Kings County 1954), citing, *Sarine v. American Lumberman's Mutual Casualty Co. of Illinois*, 258 App.Div. 653, 654, 12 N.Y.S.2d 754, 755.

Further, New York has long held that an employee is liable for his or her own tortuous acts even though engaged in the work of the employer. *Judson v. Fielding*, 227 A.D. 430, 237 N.Y.S. 348 (3d Dep't.1929), *aff'd*, 253 N.Y. 596 (1930). In *Judson*, *Id.*, the individual defendant, a bus driver, was held liable for his own acts. Contrary to defendants' contention here, the **Doctrine of Respondeat Superior** does not bar plaintiff from claiming against the individual defendant employees of the defendant corporation.

*Pampillonia v RJR Nabisco, Inc.*, 138 F.3d 459, 460-461 (2d Cir.1998), further recognized that other circuits have adopted similar tests to determine whether a party has been fraudulently joined in an action. *Id.* at 461. In *Phillips Ala., v. Unijax*, 625 F.2d 54, (5th Cir.1980). the court, in remanding back to the state court, held where the lawsuit

arose out of a single automobile accident and defendants were charged with identical

tortuous acts, their alleged liability differing only in that the employer's liability was

vicarious, 28 U.S.C. § 1441(c) does not authorize removal.

Here, the individual defendants, Neilsen and Kingman were active tortfeasors and

central to the causes of action herein and were properly named defendants. *See,* Fiel

Affidavit, ¶¶ 3-6.  Plaintiff's right to relief against all the defendants arise out of the same

transaction or occurrence and questions of law and fact are common to all defendants.

Clearly, these defendants were not named as "nominal" defendants or "fraudulently

joined" to preclude federal jurisdiction.

Permissive joinder under the federal rules provides in pertinent part that:

> All persons… may be joined in one action as defendants
> if there is asserted against them… any right to relief in respect
> of or arising out of the same transaction, occurrence, … and if
> any question of law or fact common to all defendants will arise
> in the action. Fed.R.Civ.P. 20(a).

The corresponding joinder provision under New York law provides that:

> Persons against whom there is asserted any right to relief
> jointly, severally, or in the alternative, arising out of the same
> transaction, occurrence, …may be joined in one action as
> defendants if any common questions of law or fact would arise.
> N.Y. C.P.L.R. 1002(b).

As set forth in the Complaint, the individual defendants, whose roles were central

to the claims, were (very) active and not passive or "nominal" tortfeasors.  Here,

defendants' negligence was fully described and clearly and properly pleaded in the

Complaint.  Plaintiff's claims are based upon the same occurrence and the questions of

law and fact are common to all defendants.  As such, the individual defendants were

properly named as party defendants both under federal and state procedural law and not

named solely to avoid federal jurisdiction. Plaintiff should be and is free to choose the proper jurisdiction of his choice and further, in good faith, name proper party defendants who it is alleged are actively liable for the decedent's severe personal injuries and wrongful death.

## II.    28 U.S.C. § 1331 STANDARDS FOR REMOVAL

Only state-court actions that originally could have been filed in federal court may be removed to a federal court by a defendant. 28 U.S.C. § 1441. Where diversity of citizenship is absent, federal-question jurisdiction is required. *Caterpillar, Inc., et. al. v. Williams*, 482 U.S. 386 (1987). "Generally, the presence or absence of federal-question jurisdiction is governed by the **well-pleaded complaint** rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint". *Bill Wolf Petroleum Corp. v. The Village of Port Washington North*, 2007 WL 154900 at *3 (E.D.N.Y. May 29, 2007) (citing *NYU Hosp. Ctr.-Tisch v. Local 348 Health & Welfare Fund*, 2005 U.S. Dist. LEXIS 256 at *2-3 (S.D.N.Y. Jan. 6, 2005)) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

As in the diversity removal cases, defendants' burden of proof with respect to "federal question" removal remains heavy. The party seeking to preserve the district court's removal jurisdiction bears the burden of showing that the requirements for removal have been met. *See*, *State of New York v. Lutheran Center for the Aging, Inc.*, 957 F.Supp. 393, 397, (E.D.N.Y. 1997). Further, the removal statute is to be strictly construed and any doubts about the propriety of removal are to be resolved against the removal of an action. *See*, *Eastern States Health & Welfare Fund v. Philip Morris Inc.*, 11 F.Supp 2d 384, 389-90, (S.D.N.Y. 1998) (reasoning that removal must be viewed with

skepticism). *See, also Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir.1994) ("removal

statutes are construed narrowly; where plaintiffs and defendants clash about jurisdiction

uncertainties are resolved in favor of remand"). The Defendants have not and cannot

meet their burden and their basis for removal here is misguided.

Specifically, a federal question will be deemed present in, "only those cases in

which a **well-pleaded complaint** establishes either that federal law creates the cause of

action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law." *Franchise Tax Board of State of California v.*

*Constr. Laborers Vacation Trust for Southern California,* 463 U.S. 1 at 27-28 (1983).

*See* also, *Shulthis v. McDougal,* 225 U.S. 561, 569-70, (1912) ("a suit does not so arise

[under the laws of the United States] unless it really and substantially involves a dispute

or controversy respecting the validity, construction or effect of such a law, upon the

determination of which the result depends").

"Under the well pleaded complaint rule, the plaintiff is master of the complaint,

free to avoid federal jurisdiction by pleading only state claims even where a federal claim

is available". *Jana Master Fund, Ltd. v. JP Morgan Chase & Co.,* 2007 WL 1175694 at

*3 (S.D.N.Y. Apr. 19, 2007,* citing *Marcus v. AT & T Corp.,* 138 F.3d 46, 52 (2d Cir.

1998). It is well settled that "the party who brings a suit is the master to decide what law

he will rely upon". *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987) citing *The*

*Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 (1913).

Here, the Court should look to whether the Complaint affirmatively alleges a

federal claim. *Beneficial Nat. Bank v Anderson,* 539 U.S. 1 (2003). At bar, no federal

claims or federal statutes are pleaded or relied upon.

For removal to be proper, a right or immunity created by the Constitution or laws of the United States "must be an element, and an essential one, of the plaintiff's cause of action". *Franchise Tax Board*, 463 U.S. at 10-11, (internal citations omitted).  If it appears before final judgment that the case was not properly removed because it was not within the original jurisdiction of the district courts, it must be remanded to the state court from which it was removed. 28 U.S.C § 1447 (c).

Plaintiff's Complaint does not intertwine state and federal issues, as the defendants would have this Court believe.  There are no federal issues that must be decided to sustain any of plaintiff's causes of action. Rather, plaintiffs well-pleaded Complaint does not allege any violations of any federal law.  There are no independent remedies which are available or sought in connection with the allegations concerning the federal laws cited by defendants.  Further, these statutes and regulations cited by defendants do not even provide for a private right of action, which is an essential requirement for removal.

Notwithstanding defendants' Answer contains  "federal preemption" defenses, S*ee,* Fiel Affidavit, Exhibit "B", ¶¶ 19, 20, 23, such defenses do not support removal. "it is now settled law that a case may *not* be removed to a federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) citing *Franchise Tax Board*, 463 U.S. at 12.   *See* also, *Bill Wolf Petroleum Corp. v. The Village of Port Washington North*, 2007 WL 154900 at *3 (E.D.N.Y. May 29, 2007),  (a defense that plaintiff's claims are preempted by federal law will not suffice for the purpose of

conferring federal question jurisdiction which must be determined by reference to the allegations that appear on the face of a **well-pleaded complaint**). "Federal jurisdiction must be found from what necessarily appears in the plaintiff's statement of his own claim …, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose". *Jana Master Fund, Ltd. v. JP Morgan Chase & Co.,* 2007 WL 1175694 at *3 (S.D.N.Y. Apr. 19, 2007), citing *D'Alessio v. New York Stock Exchange, Inc.,* 258 F.3d. 100 (2d Cir.2001). "federal preemption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to the federal court". *Metro. Life Insurance Co. v. Taylor,* 481 U.S. 58, 64, (1987).

Simply put, under the "**well-pleaded complaint** rule", removal on federal question grounds cannot be supported by a defendant's assertion of a federal issue nor can a federal defense serve as a basis for federal jurisdiction. *State of New York v. Stoddard,* 2006 WL 3423863 at * 2, (N.D.N.Y. Nov. 28, 2006). Nor can the Court recharacterize plaintiff's state law claims as arising under federal law.

Here, plaintiff's claims are based on New York State common law negligence and statutes. Plaintiff's cause of action for Wrongful Death and the right to recover is created by the state statute, New York EPTL § 5.4-1 and not by any federal statute or regulation. Therefore, removal was improper and this case must be remanded back to state court.

### III.  PLAINTIFF'S CLAIMS DO NOT POSE ANY SUBSTANTIAL FEDERAL QUESTIONS

Plaintiff is entitled to remand of this action to state court because his right to relief as set forth in his Complaint does not depend upon the resolution of a substantial question of federal law.

Notwithstanding defendants' interjection of various federal statutes, rules and regulations, nowhere mentioned in plaintiff's Complaint, is an attempt to create federal causes of action. In those cases which actually may involve federally created causes of action, federal jurisdiction may also be conferred only if the case poses a substantial federal question. *Merrell Dow Pharmaceuticals Inc., v. Thompson*, 478 U.S. 804, 808-09, (1986). The mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is, however, insufficient to confer federal jurisdiction. *Merrell Dow*, 478 U.S. at 810. *Gully v. First Nat. Bank*, 299 U.S. 109, 115, (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit").

The Second Circuit has supported this rule. See *Empire Healthchoice Assur. Inc., v. MeVeigh*, 396 F.3d 136, 140 (2d Cir.2005) (Federal Employees Health Benefits Act (FEHBA) does not provide a federal statutory cause of action for insurance carriers to vindicate their rights under FEHBA-authorized contracts); *AFL-CIO v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 568 (2d Cir.1995) (an action brought by plumbing industry board against employer's surety to recover on surety bond after employer defaulted on its obligation to make benefits payments, ERISA provision governing delinquent contributions did not confer federal jurisdiction where board's only claim against surety was action on the bond, a purely state law claim). Moreover, where a federal issue is present as only one of multiple theories that could support a particular claim there is no federal jurisdiction. *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194 (2d Cir.2005). *See also*, *Caggiano v. Pfizer, Inc.*, 384 F.Supp.2d 689, 690

(S.D.N.Y. 2005) (holding District Court lacked federal question jurisdiction because violation of federal law was simply one of multiple theories on which plaintiffs could possibly prevail.)

The Supreme Court of the United States was presented with this very issue in _Merrell Dow Pharmaceuticals Inc. v. Thompson,_ 478 U.S. 804, 808-09, (1986). The _Merrell Dow_ Court discussed at length the long-settled principle that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. In _Merrell Dow,_ the plaintiffs brought an action in state court, alleging that the manufacturer and distributor of the drug Benedictin had negligently failed to warn consumers that the drug could cause birth defects when taken during pregnancy. Five of the six counts in the Complaint claimed common-law theories of negligence, breach of warranty, strict liability, fraud and gross negligence. One of the counts alleged that the drug Bendictin was "misbranded" in violation of the FDCA because its labeling did not provide an adequate warning that its use was potentially dangerous. _Merrell Dow,_ 478 U.S. at 805. The defendants removed the case to federal court, arguing that the plaintiffs' case was based, in part, on federal law.

On appeal, the United States Supreme Court held that removal was improper. The Court reasoned that the plaintiffs had not asserted that "federal law creates any of the causes of action that they have asserted" and cited authority for the proposition that jurisdiction may not be sustained on any theory that plaintiff has not advanced. _Merrell Dow,_ 478 U.S. at 809. The Court next emphasized that both parties as well as the lower Court of Appeals had concluded that "there was no federal cause of action for FDCA violations" and that Congress had not intended there to be one. _Merrell Dow,_ 478 U.S. at

810, 812 (finding that it would "flout" or "at least undermine" congressional intent to "conclude that the federal courts might nevertheless exercise federal-question jurisdiction and provide remedies for violations of that federal statute solely because the violation of the federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law, rather than a federal action under federal law"). The Court went on to hold that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States" and therefore removal was improper. *Merrell Dow*, 478 U.S. at 817.

The alleged federal statutes, rules and regulations that the defendants in the instant action are seeking to premise its defense and interject into this action as a basis for federal jurisdiction, does not provide a proper basis for removal. Similarly here, the determination of state law does not turn on an interpretation of federal law. Plaintiff's causes of action do not allege any violations of federal law. A jury could easily find liability and/or comparative negligence on the part of defendants without finding a violation of any federal law and in particular, those federal laws referred to in defendants' Notice of Removal. Therefore, the causes of actions do not depend upon a question of federal law and this proceeding was improperly removed to this Court.

Federal District Courts sitting in New York State have also supported this position. For example, in *Durham v. Consolidated Rail Corporation*, 8 F.Supp.2d 223 (W.D.N.Y. 1998), the Court applied the Supreme Court's holding in *Merrell Dow* and granted remand for the removed action. In *Durham*, the plaintiff alleged personal injuries

resulting from the negligent placement, braking and spotting of railroad cars.  In contrast to the Complaint here, the _Durham_ complaint also stated that the defendants had violated the provisions of the Federal Safety Appliances Act and applicable regulations. According to the _Durham_ Court, the Federal Safety Appliances Act conferred certain duties upon railroads like the _Durham_ defendants, but that the Act did not create a federal cause of action for injuries resulting from a railroad's violation of the Act.  The Court held "to make a case one arising under the laws of the United States, the right sought to be enforced should be a federal one; it is not enough that in an action to enforce a right arising under state law, a question of federal law is involved." _Durham_, 8 F.Supp.2d at 224.

Plaintiff's position is also squarely supported by District Court decisions in other states.  In _Watson v. Charleston Housing Authority_, 1999 WL 1458084 (S.D.W. Va. 1999), plaintiff's state law claims were considered not to involve a substantial federal question and remand was ordered, despite the fact that two causes of action alleged fraud in applications made by defendants to the Department of Housing and Urban Development.  Similarly, in _Wisconsin v. Missionaries to Preborn_, 796 F.Supp. 389 (E.D. Wis. 1992), the presence of references to federal Constitutional rights in the recitation of state law causes of action in the complaint did not create a substantial federal question in that case, and the matter was remanded to state court.  In _Nelson v. United Artist Theater Circuit Inc._ 835 F. Supp. 844 (E.D. Pa. 1993), a case involving an assault by a disabled movie theater patron against the theater and security agency, the Court held that alleged violations of the Americans with Disabilities Act and the Rehabilitation Act of 1973 were in support of plaintiffs' state tort claims and ruled that no essential federal question was

raised which necessitated the removal of the case to federal court. The *Nelson* Court further held that federal law did not create the plaintiffs' cause of action and the patron's right to relief was not dependent on the resolution of either federal statute.

Remand is warranted in the instant case, even assuming *arguendo* defendants' alleged federal statutes, rules or regulations become an issue. Those federal statutes are insubstantial to the adjudication of the plaintiff's two (2) state tort causes of action and plaintiff's right to relief does not depend on the resolution of any of the statutory violations referenced in defendants' Notice of Removal and will not affect the determination of plaintiff's state tort claims. Therefore, remand is proper.

## IV.    **DEFENDANTS' RELIANCE ON *GRABLE* IS MISPLACED**

Defendants' reliance on *Grable & Sons Metal Prods. Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, (2005), is misguided, as this case actually imposes an additional requirement for federal question jurisdiction. In *Grable*, the Court held that even if a state-law claim presents a substantial and disputed question of federal law, which is not the case here, federal question jurisdiction does not lie unless the removing party also demonstrates that Congress intended federal jurisdiction to apply to the type of case at bar, based on the congressional "judgment about the sound division of labor between the state and federal courts governing the application of Sec. 1331." *Grable*, 545 U.S. at 310, 313-314, 319.

To assess whether Congress intended to extend federal jurisdiction to a case that does not assert a federal cause of action, the court must look at the contextual clues that reveal whether Congress intended the federal courts to hear the type of claim in which the substantial federal question is embedded. *Grable*, 545 U.S. at 318. The contextual clues

cited by the Court in *Grable* are whether Congress provided a federal private cause of action to vindicate the federal right or interest and whether the state remedies for violation of the federally created interest are preempted. *Grable*, 545 U.S. at 318.  As part of this analysis, the court must also evaluate how extending federal jurisdiction to the type of action at issue would affect the volume of cases filed originally or removed to federal court. *Grable*, 545 U.S. at 317-18.  The last issue is critical because it is unlikely that Congress intended to open the federal courthouse to a large number of tort/negligence cases traditionally heard in state court when it did not make that intention clear by creating a private federal cause of action. *Grable*, 545 U.S. at 318-19.

The *Grable* decision focuses on the distinctions between the indicators of congressional intent the Court found in *Merrell Dow*, where Congress was found not to have intended federal jurisdiction to exist, and in *Grable* itself where federal jurisdiction was found to exist.  *Grable* characterized *Merrell Dow* as belonging to the category of tort cases involving "state claims resting on federal mislabeling and other statutory violations." *Grable*, 545 U.S. at 319.  In *Merrell Dow*, there was no private right of action or preemption, and extending federal jurisdiction would "have heralded a potentially enormous shift of traditionally state cases into federal court," both through removal and as original filings. *Grable*, 545 U.S. at 319.

*Grable* on the other hand, involved a quiet title action that arose out of a federal tax deficiency seizure and sale.  In contrast to the large volume of tort actions the Court anticipated would be diverted to federal court in *Merrell Dow*, "it will be the rare state quiet title case that raises a contested matter of federal law, (and) federal jurisdiction to resolve disagreement over federal tax title provisions will portend only a microscopic

effect on the federal-state division of labor." *Grable,* 545 U.S. at 315. The *Grable* Court, in contrast to the issues here, also noted a history of the exercise of federal jurisdiction in quiet title actions involving substantial federal questions.

The instant case is far closer to *Merrell Dow* than to *Grable.* There is no federal private right of action resting on federal statutes cited by defendants. Plaintiff does not allege any federal statutory violations in his Complaint. Nothing in plaintiff's Complaint provides for a federal cause of action. Exercising federal jurisdiction in this and similar cases simply because the pure state-law claims arise in connection with a possible federally regulated product such as horns, brakes etc., would significantly disturb the allocation of responsibilities between the federal and state courts.

Plaintiff's claims are based on defendants' breach of New York State common law negligence and law. It is an everyday occurrence that claims asserted under New York State statutes and law may involve some regulation by one federal agency or another. Extending federal jurisdiction to these common, unremarkable state law claims involving some federally regulated products would "herald a potentially enormous shift of traditionally state cases into federal courts," like the avalanche of garden-variety state-law tort claims based on the violation of a federal standard the Court avoided in *Merrell Dow, Grable,* 545 U.S. 318. *See also, Sheridan v. New Vista. LLC,* 2005 WL 2090898, at *13-14 (W.D. MI. Aug. 30, 2005) (no federal question jurisdiction where extending jurisdiction to case before the court would open the door of the federal courthouse to routine malpractice actions).

A court's finding that Congress did not intend federal jurisdiction to extend to a type of case is a "veto" of such jurisdiction even when a substantial federal question

exists. *Grable*, 545 U.S. at 313;  *See* also, *Leggette v. Washington Mut. Bank; FA.*, 2005 WL 2679699 at *3 (10th Cir. Oct. 19, 2005) (despite the presence of a substantial and contested federal question, no federal jurisdiction because of the potential impact on the balance if responsibilities between the state and federal courts).

Here, plaintiff's claims do not depend on the resolution or application of any federal law.  It is apparent that there is no federal question on the face of plaintiff's Complaint that is even considered substantial and/or disputed. Any other holding would cause a deluge of traditional state-court tort/negligence cases into the federal system. Removal under 28 U.S.C. § 1441 is, therefore, unavailable to defendant.

## V.     PLAINTIFF IS ENTITLED TO AN AWARD OF COSTS, INCLUDING ATTORNEYS', FEES PURSUANT TO 28 U.S.C. § 1447(c)

Federal courts are authorized to award costs, and expenses, including attorneys' fees, as a result of the removal in remanding a case back to state court. 28 U.S.C. § 1447(c).

As noted in *Shamoun v. Peerless Importers*, 2003 WL 21781954,  at *3-4, (E.D.N.Y. Aug. 1, 2003) "the commentary to the 1988 revisions to Section 1447 emphasizes that the goal of the fee provision is to deter improper removal. Removal is done *ex parte*… .  A defendant removes a case simply by filing a signed notice … . While the simplicity of this procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if the defendant removes improperly … ." citing, *Circle Industries USA, Inc. v. Parke Construction Group, Inc.*, 183 F.3d 105, 108 (2d Cir.1999).

Plaintiff is not required to establish bad faith in the removal since there is no bad faith pre requisite to an award of attorneys' fees under Section 1447. *Shamoun v. Peerless Importers*, 2003 WL 21781954, at *4, (E.D.N.Y. Aug. 1, 2003).

The appropriate standard in awarding fees under 28 U.S.C. § 1447 (c) is the reasonableness of the removal. *A. Kraus & Son v. Benjamin Moore & Co., 2006* WL 1582193 at *6 (E.D.N.Y. June 7, 2006).

Here, there was no reasonable basis for defendants' removal of this action. With regard to defendants' "diversity" argument, defendants offered absolutely no law in support of their position except to erroneously refer to the **Doctrine of Respondeat Superior** in support of their "nominal party" argument. Procedurally, both federal and New York State law clearly permit joinder of the individual New York State defendants here. Further, New York State substantive law further permits plaintiff's claims against the individual defendants. Defendants' Notice of Removal Memorandum is absent of any citations nor did defendants demonstrate that plaintiff's Complaint failed to state any cause of action against defendants under New York law. Defendants made little or no attempt to meet their burden of proof to warrant removal. Under these circumstances, costs should be awarded plaintiff. *Kuperstein v. Hoffman Laroche, Inc.,* 457 F.Supp.2d 467 (S.D.N.Y. 2006).

Defendants first maintain that removal is proper because of diversity of citizenship claiming the individual defendants were "nominal" parties named solely to defeat diversity of citizenship. For the reasons set forth above, diversity clearly does not exist here and removal upon this ground is clearly improper. Where removal is effected in bad faith (which plaintiff is not required to establish) or is predicated upon a diversity

of citizenship that clearly does not exist, the Court is authorized to award costs, including

counsel fees, against the removing party. *Syms, Inc. v. IBI Security Service, Inc.*, 586

F.Supp. 53 (S.D. N.Y 1984).

Defendants' remaining contention for removal is likewise unsustainable. The

Complaint alleges no violations of federal law or federal statutes and any references to

defendants' equipment or speed were included only as factual elements in support of

plaintiff's New York common law and New York statutory claims. In fact, the

Complaint specifically alleges violations of the laws and statutes of the State of New

York and not of any federal statute or law. *See*, Fiel Affidavit, Exhibit "A", Complaint,

¶ 7.

Where non-removability is obvious from the face of the Complaint, as it is here,

coupled with the fact that defendants clearly lacked an objective reasonable or sound

basis for removal, costs should be properly awarded plaintiff under 28 U.S.C. § 1447(c).

*See*, *Kuperstein v. Hoffman Laroche, Inc.*, 457 F.Supp.2d 467 (S.D.N.Y. 2006).

It is submitted that defendants' improper removal of this case has delayed a relatively

simple state law and straight forward negligence claim, although with profound damages,

and added to it unnecessary litigation expenses and delay. It is unfair for plaintiff to

absorb the cost of litigating the remand motion. *See*, *Shamoun v. Peerless Importers*,

2003 WL 21781954, at *4, (E.D.N.Y. Aug. 1, 2003).

Because the removal was so clearly improper and improvident, the Court should

exercise its discretion to award plaintiff costs, including attorneys fees, as part of its

remand order.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court remand this case back to the Supreme Court of the State of New York, in and for the County of Rockland, together with an award to plaintiff of expenses and costs, including attorneys' fees, for the making of this motion and for such other relief that this court deems just and proper under the circumstances.

Dated: New City, New York
       July 5, 2007

Respectfully submitted,

MARTIN E. FIEL (MEF-0577)
Attorney for Plaintiff
369 South Main Street
New City, New York 10956

Tel.: (845) 634-8500
Lawfiel@Yahoo.com

24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

|  |  |
|---|---|
| Plaintiff, | AFFIRMATION OF <u>SERVICE</u> |
| -against- | Civil No.: 07 CIV. 2931 <u>(WP-4) (GAY)</u> |
| CSX CORPORATION, CSX TRANSPORTATION, INC., DWIGHT NEILSEN and GARY KINGMAN, | |
| Defendants. | |

-----------------------------------------------------------------------X

MARTIN E. FIEL, an attorney duly admitted to practice law in the State of New York and duly admitted to the bar of this Court, affirms the following under penalty of perjury:

I am not a party to this action, I am over 18 years of age, I reside c/o 369 South Main St., New City, New York 10956.

On July 5, 2007 I served a true copies of the within Notice of Motion to Remand, Affidavit of Martin E. Fiel in Support with exhibits attached therein and Plaintiff's Memorandum in Support upon:

Lawrence R. Bailey, Jr., Esq.
Hodgson Russ LLP
Attorneys for Defendants
60 East 42nd Street, 37th Floor
New York, New York 10165

by depositing a true copy thereof to each named above, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, by First Class Mail, addressed to each of the above-described attorneys at the address designated by them for service.

Dated: New City, New York
July 5, 2007

_____
MARTIN E. FIEL