UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                          Plaintiffs,

  -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                          Defendants.

Civil No.: 07 CV 2931

## MEMORANDUM OF LAW

Defendants, CSX Corporation, CSX Transportation, Inc. s/h/a CSXT Transportation, Inc., Dwight Nielsen and Gary Kingman ("hereinafter "Railroad") submit this Memorandum in opposition to Plaintiff's Motion to Remand this action.

## STATEMENT OF FACTS

Plaintiff commenced this action as a result of a collision that occurred on June 5, 2004 at the railroad crossing located at Erie Street in Blauvelt, New York. According to the police report, the accident occurred when the Plaintiff-Decedent completely ignored the warning signals that were operating properly at the crossing, including the fact that the crossing gates were down and that the lights at the crossing were flashing. Mr. Patrick Gavigan, a witness to the accident, advised the police that he observed a green SUV vehicle approaching the crossing at a high rate of speed and that the SUV vehicle driven by the Plaintiff-Decedent went into the westbound lane in an attempt to miss the Railroad gate and go around the gate. See Exhibit "D" attached to Plaintiff's Moving Papers.

## I. DIVERSITY EXISTS BETWEEN THE PARTIES IN THIS ACTION AS THE NAMED PLAINTIFF AND CSX TRANSPORTATION, INC., THE MAIN RESPONSIBLE PARTY ARE CITIZENS OF DIFFERENT STATES

Federal Courts have subject matter jurisdiction over matters where the amount in controversy is over $75,000.00 and there is diversity between the parties. *See* 28 U.S.C. §1332. The Plaintiffs do not dispute that they seek damages in excess of $75,000.00 in relief for the alleged personal injury action. Therefore, to the extent that the asserts other separate and distinct claims for other alleged damages does not vitiate the existence of claims in excess of the statutorily required minimum amount in controversy of $75,000.

Furthermore, there is complete diversity of citizenship between the parties as Plaintiff resides in the State of New York and the first named Defendant and the responsible party in this action, CSX Transportation, Inc. is incorporated in the State of Virginia and has its principal place of business in the State of Florida.. The two statutory prerequisites enumerated in 28 U.S.C. §1332 are therefore satisfied in the present action and this Court has subject matter jurisdiction.

Plaintiffs contends, however, that since the individual Defendants are New York residents, this action should be remanded to the state court. CSX contends that the individual Defendants are nominal parties to the action and that they are agents and employees of CSX and, as such any of their purported negligence can be asserted against the Defendant CSX. As such, the Defendant contends that the individual Defendants' place of residence should not be taken into consideration in deciding whether this matter should be remanded.

In <u>Norman v. Cuomo</u>, 796 F. Supp. 654 (N.D.N.Y. 1992), the Court held that nominal parties are disregarded for removal purposes and need not join in the petition to remove. If a party is not involved in the actual case or controversy, then surely it is a nominal party because the U.S. Constitution's cases and controversies limitation forecloses the conversion of courts of the United States into judicial versions of college debating forums. <u>Id</u>. Here, the railroad will ultimately be responsible for any purported negligence of the train crew, if any. train <u>Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.</u>, 521 F. Supp. 1046 (S.D.N.Y. 1981) The interest of the individual crew members is aligned to the interest of the railroad corporation, since they are employees of the railroad. see also <u>Zerafa v. Montefiore Hosp. Hous. Co.</u>, 403 F. Supp. 2d 320 (S.D.N.Y. 2005)

Here, even if the train crew's conduct could be found to be negligent, which the Defendant denies, their employer will be ultimately responsible for their purported negligent conduct. As such, the train crew should be considered nominal parties and their citizenship should not be taken into consideration.

## II.   PLAINTIFF IS NOT ENTITLED TO AN AWARD OF COSTS PURSUANT TO 28 U.S.C. § 1447 (c)

The Defendants contend that Plaintiff is not entitled to attorneys' fees as a result of the Defendants properly removing this matter to Federal Court.

Contrary to the Plaintiff's claim, this action was not removed improperly to harass the Plaintiff and waste this Court's time and effort. The Defendants contend that the train crew were intentionally added to destroy the diversity of citizenship in this matter. The train crew are nominal parties in this action and their citizenship should not be considered herein.

Sanctions shall be imposed against an attorney and/or his client when it appears that a pleading has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. Eastway Const. Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985). Sanctions will be imposed only when it is "patently clear that a claim has absolutely no chance of success". In re Air Disaster at Lockerbie, Scotland, On Dec. 21, 1988, 144 F.R.D. 613, 616 (E.D.N.Y. 1992)( quoting Eastway, 762 F.2d at 254).

Based upon the arguments raised herein, it is patently clear that CSX's removal of this action was reasonable and that CSX did, in fact, has a chance of success. This Court has the discretion to deny such a relief.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court DENY Plaintiff's Motion To Remand.

Dated: New York, New York
August 13, 2007

HODGSON RUSS LLP

*Attorneys for Defendants CSX Corporation, CSX Transportation, Inc. and Dwight Nielsen and Gary Kingman*

By: _____
Lawrence R. Bailey, Jr. (LRB-3267)
60 East 42nd Street, 37th Floor
New York, NY 10165
Tel No.: 212-661-3535

TO: Martin E. Fiel, Esq.
Attorneys for Plaintiff
369 South Main Street
New City, New York 10956
(845)645-8500