UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                                Civil No.: 07 CV 2931

                         Plaintiffs,

        -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                       Defendants.

## AFFIDAVIT IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Lawrence R. Bailey, Jr., under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares:

### A. Introduction

1. I am a partner of the firm of Hodgson Russ LLP, attorneys for CSX Corporation (incorrectly sued herein)[1], CSX Transportation, Inc. s/h/a CSXT Transportation, Inc., Dwight Nielsen and Gary Kingman ("Defendants") in this action. As such, I am fully familiar with this matter based on my representation of Defendants. I submit this affidavit in opposition to the Plaintiffs' motion to remand this action to Supreme Court of the State of New York for the County of Rockland based on their claim that there is no diversity of citizenship between the defendants and that none of the Plaintiff's claims pose any substantial federal questions

---

[1] CSX Corporation is solely a holding company and it does not own any locomotives or railroad equipment and id not responsible for the training and management of the crew involved herein. As a holding corporation, CSX Corporation does not own any railroad tracks.

2. As explained in Defendants' memorandum, this action was properly removed under 28 U.S.C. §§ 1441 and 1446 and that Plaintiffs have failed to demonstrate that the individual Defendants, Mr. Armstrong and Mr. Velarde are necessary parties that requires this Court to remand the action back to the state Court. In light of this, Plaintiffs' motion should be denied. Moreover, since the Notice of Removal was timely filed, this action should not be remanded to state court.

3. The Notice of Removal was solely filed on behalf of the Defendant CSX Transportation, Inc. The train involved in this accident was made up of a CSX Transportation, Inc. locomotive. Since the train crew involved herein are employed by CSX Transportation, Inc., CSX Transportation, Inc. is responsible for any purported negligence allegedly committed by the train crew. CSX Transportation, Inc. and not the individual crew would be responsible for any damages that may be recovered by the Plaintiff under the respondent superior doctrine. The Plaintiff's sole purpose for including the train crew as defendants is to defeat the diversity of citizenship between the parties so that the state and not the federal court would have jurisdiction over this matter.

4. Diversity of citizenship does exist between the parties that actually are the dominant parties in this action. Therefore, in order to determine whether this action was properly removed to the federal court, this Court should only determine whether there is Diversity of Citizenship between the Plaintiffs and the corporate Defendant, CSX Transportation, Inc.

5. Since Plaintiff is considered to be a resident of New York and CSX Transportation, Inc. is a Virginia Corporation with its principal place of business in Florida, diversity of citizenship exists between these parties.

6. Plaintiffs contend that such an action should be remanded to the State Court, since the individual citizens are New York residents. Although, the Defendants admits that the individual Defendants are New York residents, the Defendant CSX Transportation, Inc. contends that the individual Defendants are nominal parties whose citizenship should not be considered in determining whether this action should be remanded. The individual Defendants are employees and agents of CSX Transportation, Inc. and their purported negligence can be attributed against the corporate Defendant, CSX Transportation, Inc., under the doctrine of respondent superior.

13. As is fully set forth in Defendants' memorandum, this action was properly removed under 28 U.S.C. §§ 1441 and 1446, and Plaintiffs' have failed to demonstrate that remand is required. There is complete diversity of citizenship between the Plaintiff and the main Defendant, CSX Transportation, Inc.. The Defendant CSX Transportation, Inc. contends that the other Defendants, including the individual Defendants herein are either parties that are incorrectly sued or were intentionally named to destroy diversity. The individual Defendants are employees and agents of CSXT and their purported negligence can be assessed against CSXT. As nominal Defendants, their citizenship should not be considered in determining whether this action should be remanded.

14. If this Court, at its discretion, determines that the citizenship of the individual Defendants should be considered, the Defendant CSXT will not be in a position to

oppose the Plaintiffs' remand request and Defendants will comply with the Court's directive. However, the Defendants seeks this Court's intervention to determine the validity of CSX's argument and to determine whether the Plaintiffs' sole intention to sue the individual Defendants was to destroy diversity of citizenship.

15. In light of this, Plaintiffs' motion to remand should be denied. Based upon the factual allegation in this action, the Defendant, CSX Transportation, Inc., has a valid basis for seeking to remove this action to the federal court. This Court has the discretion to grant or deny Plaintiffs' request to remand after reviewing all the evidence submitted by the parties in this action.

### B. Removal Cannot be Based Upon the Federal Question Jurisdiction

16. Defendant no longer has a reasonable basis to contend that removal was appropriate under the federal question jurisdiction. Recently, the President has executed a legislation which prevents the Defendant from seeking to remove this action to federal court on the basis of federal question jurisdiction.

20. Based on the foregoing, it is respectfully requested that the Defendant has a reasonable basis for seeking the removal of this action based upon the issue of diversity. Therefore, Plaintiffs' motion should be denied so that CSX Transportation, Inc. can litigate this action in the United States District Court for the Southern District of New York.

23. The Remand motion includes language seeking this Court to award costs and expenses to the Plaintiff. Request for such a relief is without any merit, since Defendants

have a reasonable basis for removing this action to the federal court. Defendants did not remove this action in bad faith.

**WHEREFORE**, it is respectfully requested that Plaintiff's motion be denied.

Dated: New York, New York
       August 13, 2007

_____
Lawrence R. Bailey, Jr.

Sworn to before me this

13th day of August, 2007

_____
Notary Public

ALAN MURAIDEKH
Notary Public, State of New York
No. 02MU6051101
Qualified in Kings County
Commission Expires November 20, 2011