UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
STEVEN BELLO, As Administrator of the
Goods, Chattels and Credits of
CHRISTOPHER ROBERT BELLO, Deceased,

                                          Plaintiff,        07 CIV. 2931
                                                          (KMK)

           -against-

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                                          Defendants.
----------------------------------------------------------------x

## REPLY AFFIDAVIT OF MARTIN E. FIEL
## IN SUPPORT OF MOTION TO REMAND

**MARTIN E. FIEL**
Attorney for Plaintiff
369 South Main Street

New City, New York 10956
(845) 634-8500
Lawfiel@Yahoo.com

To:  Lawrence R. Bailey, Jr., Esq.
      Hodgson Russ LLP
      Attorneys for Defendants
      60 East 42nd Street, 37th Floor
      New York, New York 10165

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

                              Plaintiff,

-against-

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                              Defendants.
---------------------------------------------------------------X

**REPLY AFFIDAVIT IN SUPPORT**

07 CIV. 2931
(KMK)

STATE OF NEW YORK  )
                       ss.:
COUNTY OF ROCKLAND)

      MARTIN E. FIEL, being duly sworn deposes and says:

      1. Deponent is an attorney duly admitted to practice law in the United States District Court for the Southern District of New York, and certifies in accordance with 28 U.S.C. § 1746 as follows:

### PRELIMINARY

      2. I am the attorney of record for plaintiff, Steven Bello, in connection with the above proceeding and as such, have personal knowledge of the facts and circumstances stated herein and surrounding this Motion and to the best of my knowledge are true and correct

      3. Deponent respectfully submits this Affidavit/Certification in reply to the affidavit in opposition of Lawrence Bailey, Jr., sworn to on August 13, 2007 (hereinafter "Bailey Aff.") and in further support of plaintiff's motion pursuant to 28 U.S.C. § 1447(c) remanding this action to the Supreme Court of

1

the State of New York in and for the County of Rockland. Plaintiff also seeks an award of all of the just costs and actual expenses including attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

### **FEDERAL QUESTION JURISDICTION**

4. Defendants now concede that they "no longer have (has) a reasonable basis" to ground removal upon federal question jurisdiction since defendants claim, the President executed legislation preventing removal on this ground. Bailey Aff. ¶16.

5. Notwithstanding the "legislation" referred to by defendants that is not part of this record, plaintiff maintains that based upon the applicable facts set forth in deponent's previously submitted Affidavit in Support and the applicable law set forth in plaintiff's Memorandum of Law in Support of Remand, defendants **never** had any reasonable basis whatsoever to remove this action to the federal court.

6. It is respectfully submitted that defendants are citing the federal legislation as an excuse to withdraw their mistaken claim that removal of this proceeding could have been based upon federal question jurisdiction to avoid this Court from awarding costs to plaintiff pursuant to 28 U.S.C. 1447(c) that plaintiff is entitled to. Defendants' 24th hour change of position is nothing more than an attempt to be "saved by the bell" or more appropriately "saved by the bill" to avoid an award of costs.

7. Defendants have conveniently failed to provide a true copy of the federal legislation they refer to. If in fact the federal legislation referred to by

2

defendants was the draft of a bill that defendants included to gain more time to respond to plaintiff's motion, that legislation did nothing more than clarify state law causes of action, i.e. that the federal legislation is not to be construed as preempting state action under state law seeking damages for personal injury and death where it is alleged that a party failed to comply with a federal standard of care established by the Secretary of Transportation or the Secretary of Homeland Security, etc. Here, plaintiff has not alleged a breach of any federal statute, regulation or any order, regulation or statute generated by the Secretary of Transportation of by the Secretary of Homeland Security or of any other federal agency.

8. Plaintiff's Complaint alleges two Causes of Action against the defendants, namely, personal injury and Wrongful Death, both based upon defendants' negligence. None of the claims set forth in plaintiff's Complaint require the resolution of any federal question or the application of federal law. The Complaint alleges no violations of federal law or federal statutes. In fact, the Complaint specifically alleges violations of the laws and statutes of the State of New York and not of any federal statute or law.

9. Defendants have completely failed to address or controvert plaintiff's argument relative to federal question jurisdiction as their basis for removal.

## DIVERSITY OF THE PARTIES

10. Similar to defendant's silence on the issue of federal question jurisdiction, defendants offer nothing new with respect to the "diversity" issue as a basis of their removal.

11. Defendants do not even argue or otherwise take issue with plaintiff's arguments and/or legal authorities set forth in plaintiff's Memorandum of Law. Defendants merely continue to repeat their unsupported self serving conclusions that the individual defendants were nominal parties named solely to defeat diversity without any providing any competent basis, case law or statutory law.

12. Defendants erroneous claim that plaintiff has failed to demonstrate that the individual defendants, referred to by defendants as "Mr. Armstrong" and "Mr. Velarde" are necessary parties (Bailey Aff. ¶ 2) is totally without merit. First, deponent has absolutely no clue who attorney Bailey is referring to. There are no individual defendants named "Mr. Armstrong" and/or "Mr. Velarde" in this lawsuit. Perhaps attorney Bailey is confusing this case here, with some other case in his office where the individual defendants may have been nominal parties named solely to defeat diversity jurisdiction. Such is clearly not the case here since, as more fully set forth in deponent's prior affidavit and Memorandum of Law in Support, under relevant law, not only are the individual defendants, Neilsen and Kingman, (their proper names), both New York State residents, properly named parties as a result of their active negligence, but the Doctrine of Respondeat Superior does not bar a third party, (plaintiff) to hold an employee(s), (Neilsen and Kingman) liable for his or her

4

own tortuous acts even though they were engaged in the work of their employer (CSXT) at the time of the incident giving rise to the cause(s) of action. Given the fact that CSXT's liability may be based upon the Doctrine of Respondeat Superior, the doctrine does not insulate an employer's negligent employees from being named as a proper party defendant or classify them as a "nominal" defendant.

## AN AWARD OF COSTS AND ATTORNEYS' FEES IS APPROPRIATE

13. Defendants' dual pronged basis for removal without merit. There was no legitimate legal foundation to remove this proceeding either in law or in fact. Although defendant previewed their opposition to the instant remand motion as "most strenuous", defendants' opposition has been reduced to a whimper and is nothing more than a feeble attempt to avoid costs taxed being against them.

14. Notwithstanding defendant's concession on the federal question issue, defendants still persist resisting the motion to remand arguing diversity when none exists.

15. Even cases relied upon by defendants clearly define "nominal parties" as parties where no cause of action can be stated against them or there is no possibility of recovery against them. Rather than withdraw their opposition to the instant motion to remand, defendants were not deterred from further advancing their baseless and unreasonable quest for removal. With regard to defendants' "diversity" argument, defendants offered absolutely no law in support of their position except to erroneously

5

refer to the **Doctrine of Respondeat Superior** in support of their "nominal party" argument which is absolutely not the test and therefore inapplicable.

16. It is respectfully submitted that defendants' opposition was frivolous and half heartedly made. Upon examination of defendants' opposition, it is obvious that defendants did not seriously address, argue or otherwise controvert any of plaintiff's cases, authorities, arguments or issues raised. Even attorney Bailey's affidavit in opposition refers to wrongfully named individual party defendants (Armstrong and Velarde) that are not even named in this lawsuit and no doubt from some other matter his office is or was involved with. Bailey Aff. ¶ 2. Presidential legislation is referred to without attaching the same as an exhibit to defendants' opposition. Bailey Aff. ¶16.

17. 28 U.S.C. § 1447(c) provides that a remand Order may require payment of just costs and expenses, including attorney fees, incurred as a result of the removal. Should this Court grant the relief sought herein, it is respectfully requested that defendants be required to pay just costs and expenses, including attorney fees.

18. As a direct result of defendants' improvident removal of this case, plaintiff is being subjected to substantial and unnecessary expense, harassment and delay of these proceedings. Deponent is a sole practitioner litigating against an adversary with unlimited manpower or womanpower that represents a client with unlimited resources. It is unfair for plaintiff to absorb the cost of litigating the remand motion especially where non-removability is obvious from the face of the Complaint.

19. Deponent has expended numerous hours relative to this motion, including, but not limited to researching the relevant issues, in reviewing defendants' removal petition and the cases and authorities contained therein; in preparing the instant motion, affidavits in support and memorandums of law in support, in reviewing and reading no less than sixty cases (60) and numerous statutes.

20. Although defendants maintain that their removal was not made in bad faith, Bailey Aff. ¶23, "bad faith" is not the test or a pre-requisite for an award of costs under 28 U.S.C. § 1447(c).

21. Since defendants clearly lacked an objective, reasonable or sound basis for removal, that should be obviously evident to a competent attorney(s), costs should be properly awarded plaintiff under 28 U.S.C. § 1447(c).

WHEREFORE, for all of the foregoing reasons and those set forth in greater detail in plaintiff's previously submitted Memorandum of Law and the accompanying Reply Memorandum of Law, it is respectfully submitted that this Court should remand this action to the Supreme Court of the State of New York, in and for the County of Rockland and require defendants to make payment of just costs and expenses, including attorneys' fees, and for such other and further relief this Court deems just and proper under the circumstances.

I hereby certify under penalty of perjury that the foregoing is true and correct.

/s/ Martin E. Fiel
MARTIN E. FIEL
(MEF-0577)

Sworn to before me
this 17th day of August 2007.

LISA J. KAHN
A Notary Public, State Of New York
No.4856379
Qualified In Rockland County
My Commission Expires March 17, 20__

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

                          Plaintiff,                      AFFIRMATION OF
                                                        SERVICE

          -against-                                      Civil No.: 07 CIV. 2931
                                                          (WP-4) (GAY)
CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                          Defendants.
-----------------------------------------------------------------X

      MARTIN E. FIEL, an attorney duly admitted to practice law in the State of New York and duly admitted to the bar of this Court, affirms the following under penalty of perjury:

      I am not a party to this action, I am over 18 years of age, I reside c/o 369 South Main St., New City, New York 10956.

      On August 17, 2007 I served a true copy of the within Reply Memorandum of Law In Support and Reply Affidavit of Martin E. Fiel in Support upon:

            Lawrence R. Bailey, Jr., Esq.
            Hodgson Russ LLP
            Attorneys for Defendants
            60 East 42nd Street, 37th Floor
            New York, New York 10165

by depositing a true copy thereof to each named above, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, by First Class Mail, addressed to each of the above-described attorneys at the address designated by them for service.

Dated:  New City, New York
          August 17, 2007

                                                                  MARTIN E. FIEL (MEF 0577)