UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,


                                        Plaintiff,


                   -against-                                Civil No. 07 CIV. 2931
                                                                 (KMK)

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,


                                        Defendants.
-------------------------------------------------------------------------X



## REPLY MEMORANDUM OF LAW IN

## SUPPORT OF PLAINTIFF'S MOTION TO REMAND



                                        Martin E. Fiel (MEF-0577)
                                        Attorney for Plaintiff
                                        369 South Main Street
                                        New City, New York 10956

                                        (845) 634-8500
                                        Lawfiel@Yahoo.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES                  Page   ii

PRELIMINARY                        Page   1

STATEMENT OF FACTS             Page   1

I.   DEFENDANTS' DIVERSITY/NOMINAL PARTY
     ARGUMENT CANNOT BE SUSTAINED        Page   2

II.  PLAINTIFF IS ENTITLED TO AN AWARD OF
      ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c)    Page   4

CONCLUSION                         Page   5

i

## TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                                    **PAGE**

A. Kraus & Son v. Benjamin Moore & Co., 2006 WL 1582193 (E.D.N.Y. June 7, 2006)          5

Durove v. Fabian Transport Inc., 2004 WL 2912891 (S.D.N.Y. Dec. 14, 2004)               4

Eastway Construction Corp. v. City of New York, 762 F.2d 243 (2d. Cir. 1985)            4

In Re Air Disaster at Lockerbie, Scotland On December 21, 1988, 144 F.R.D. 613 (E.D.N.Y.) 1992)   4

Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, 521 F.Supp. 1046 (S.D.N.Y. 1981)       3

Kuperstein v. Hoffman Laroche, Inc., 457 F.Supp.2d 467 (S.D.N.Y. 2006).                 5

Shamoun v. Peerless Importers, 2003 WL 21781954 (E.D.N.Y. Aug. 1, 2003)                 5

Zerafa v. Montefiore Hospital Housing Company, 403 F.Supp. 2d 32 (S.D.N.Y. 2005)        3


**STATE CASES**

Judson v. Fielding, 227 App.Div. 430, 237 N.Y.S. 348 (3d Dep't.1929)                    3

Sarine v. American Lumberman's Mutual Casualty Co. of Illinois, 258 App.Div. 653,       3
12 N.Y.S.2d 754

Wilson v. City of New York, 131 N.Y.S.2d 47, (Sup. Ct. Kings County 1954)              3


**FEDERAL RULES AND STATUTES**

Federal Rules of Civil Procedure 11                                                     4

28 U.S.C. § 1447(c)                                                                     1,4,5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

Plaintiff,

-against-                                                          07 CIV. 2931
                                                                        (KMK)

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

Defendants.
-----------------------------------------------------------------------X

## PRELIMINARY

Plaintiff Steven Bello ("Plaintiff") submits this Reply Memorandum
of Law in support of his motion pursuant to 28 U.S.C. § 1447(c) remanding
this action to the Supreme Court of the State of New York, County of
Rockland, the Court in which this action was pending before it was improperly
removed.

Plaintiff also seeks an award pursuant to 28 U.S.C. § 1447(c) of just
costs and actual expenses, including attorneys' fees, incurred as a result of
defendants' improper and improvident removal of this action.

As set forth below, defendants' removal of the instant action was improper and
improvident.

## STATEMENT OF FACTS

The underlying facts relevant to the instant motion to remand were previously set
forth in Plaintiff's Memorandum of Law in Support. Defendants' Statement of Facts as
contained in their Memorandum of Law in Opposition, although not pertinent to the

1

motion to remand, mistakenly states that "According to the police report, ... the decedent "completely ignored" the warning signals ... ". Such is clearly not the case. According to the conclusions of the Orangetown Police Department, there was a serious problem of sun glare, and coupled with the speed of the vehicle and the angle of impact, **"it does appear that the victim never saw the train approaching or the gates in a down position"** (Emphasis added)

## I    DEFENDANTS' DIVERSITY/NOMINAL PARTY ARGUMENT CANNOT BE SUSTAINED

Defendants erroneously rely upon the theory of **fraudulent joinder** and contend that Neilsen and Kingman are "nominal" parties whose citizenship should not be considered for diversity purposes and further contend were named defendants solely to defeat diversity of citizenship between the parties.

While defendants are correct that citizenship of nominal parties is disregarded for diversity purposes, the cases cited by defendant clearly provide a clear and simple definition as to what constitutes a nominal party. Defendants have disregarded their own authorities misconstrued and misapplied the cases they relied upon.

In *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell*, 521 F. Supp. 1046 (S.D.N.Y. 1981), cited and relied upon by defendants, the court described a nominal party as:

> A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be. This is determined by the substantive law of the state where the federal court sits. At 1048. (citing other cases)

2

*Zerafa v Montefiore Hospital Housing Company*, 403 F. Supp 2d 320 (S.D.N.Y. 2005) also relied upon by defendant, involved a housekeeper injured in a fall alleging a defective ladder and claimed against the purported owner of the real property.

The Zerafa court stated that "A party is deemed nominal if, based on the substantive law of the state where the federal court sits, no cause of could be stated against him" citing *Saxe, Bacon & Bolan, P.C. v. Martindale Hubbell*, 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981). In applying New York law, the court maintained that "Under New York law, to be held liable for a dangerous property defect, the defendant must own, ... the premises on which the accident occurred". There, plaintiff failed to prove ownership of the property by the party plaintiff alleged owned the property. Since that party could in no way be held liable, that party was considered a nominal party.

It is well-settled under New York State law, an employee and employer may be joined in a single action. New York has long held that a master and servant may be joined in a single action, as the liability is considered as that of one tort-feasor and is a consolidated and unified one. *Wilson v. City of New York*, 131 N.Y.S.2d 47, (Sup. Ct. Kings County 1954), citing, *Sarine v. American Lumberman's Mutual Casualty Co. of Illinois*, 258 App.Div. 653, 654, 12 N.Y.S.2d 754, 755.

Further, New York has long held that an employee is liable for his or her own tortuous acts even though engaged in the work of the employer. *Judson v. Fielding*, 227 A.D. 430, 237 N.Y.S. 348 (3d Dep't.1929), *aff'd*, 253 N.Y. 596 (1930). In *Judson, Id.*, the individual defendant, a bus driver, was held liable for his own acts. Contrary to defendants' contention here, the **Doctrine of Respondeat Superior** does not bar plaintiff from claiming against the individual defendant employees of the defendant corporation.

3

It cannot be said here, that there is no possibility that the claims against the individual defendants could be asserted in state court. This is fatal to defendants' argument. _Durove v Fabian Transport Inc._, 2004 WL 2912891 at *3 (S.D.N.Y. Dec. 14, 2004).

Here, defendants have completely failed to satisfy their heavy burden to establishes the individual defendants as "nominal" parties. The cases cited by defendants in no way supportive of their ill-fated position.

## II.   PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c)

In relying upon _Eastway Construction Corp. v. City of New York_, 762 F. 2d 243, 253 (2d. Cir. 1985) defendant asserts the wrong standard for the Court to award costs, including attorney's fees. In _Eastway_ refers to sanctions under Fed. Rules Civ. Proc. Rule 11 which requires a greater standard for sanctions to be imposed.

Defendants further rely upon _In re Air Disaster at Lockerbie, Scotland On December 21, 1988,_ 144 F.R.D. 613, 616 (E.D.N.Y. 1992) which was also based upon Fed. Rules Civ. Proc. Rule 11 and alleged false allegations made by counsel. This case is inapplicable and distinguishable since plaintiff i) has made no claim that defendants' allegations were false and ii) no sanctions under Fed. Rules Civ. Proc. Rule 11 is requested.

Here, plaintiff is requesting costs and attorney's fees, not as a sanction, but pursuant to 28 U.S.C. § 1447(c) that specifically refers to remand motions.

4

Plaintiff is not required to establish "bad faith" in the removal since there is no bad faith pre requisite to an award of attorneys' fees under Section 1447. *Shamoun v. Peerless Importers*, 2003 WL 21781954, at *4, (E.D.N.Y. Aug. 1, 2003).

The appropriate standard in awarding fees under 28 U.S.C. § 1447 (c) is the reasonableness of the removal. *A. Kraus & Son v. Benjamin Moore & Co., 2006* WL 1582193 at *6 (E.D.N.Y. June 7, 2006).

Here, there was no reasonable basis for defendants' removal of this action. Defendants' "diversity" argument, defendants offered absolutely no law in support of their position except to erroneously refer to the **Doctrine of Respondeat Superior** in support of their "nominal party" argument. Defendants made little or no attempt to meet their burden of proof to warrant removal. Under these circumstances, costs should be awarded plaintiff. *Kuperstein v. Hoffman Laroche, Inc.*, 457 F.Supp.2d 467 (S.D.N.Y. 2006).

Where non-removability is obvious from the face of the Complaint, as it is here, coupled with the fact that defendants clearly lacked an objective reasonable or sound basis for removal, costs should be properly awarded plaintiff under 28 U.S.C. § 1447(c). *See, Kuperstein v. Hoffman Laroche, Inc.*, 457 F.Supp.2d 467 (S.D.N.Y. 2006).

Because the removal was so clearly improper and improvident, the Court should exercise its discretion to award plaintiff costs, including attorneys fees, as part of its remand order.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that this Court remand this case back to the Supreme Court of the State of New York, in and for the County of

5

Rockland, together with an award to plaintiff of expenses and costs, including attorneys'

fees, for the making of this motion and for such other relief that this court deems just and

proper under the circumstances.

Dated: New City, New York
      August 17, 2007

              Respectfully submitted,

              MARTIN E. FIEL (MEF-0577)
              Attorney for Plaintiff
              369 South Main Street
              New City, New York 10956

              Tel.: (845) 634-8500
              Lawfiel@Yahoo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the Goods, Chattels
and Credits of CHRISTOPHER ROBERT BELLO, Deceased,

                                  Plaintiff,

                    -against-

CSX CORPORATION, CSX TRANSPORTATION, INC.,
DWIGHT NEILSEN and GARY KINGMAN,

                                Defendants.
-----------------------------------------------------------------------X

**AFFIRMATION OF**
**SERVICE**

Civil No.: 07 CIV. 2931
(WP-4) (GAY)

        MARTIN E. FIEL, an attorney duly admitted to practice law in the State of New

York and duly admitted to the bar of this Court, affirms the following under penalty of perjury:

        I am not a party to this action, I am over 18 years of age, I reside c/o 369 South Main St.,

New City, New York 10956.

        On August 17, 2007 I served a true copy of the within Reply Memorandum of Law In Support and
Reply Affidavit of Martin E. Fiel in Support upon:

                    Lawrence R. Bailey, Jr., Esq.
                    Hodgson Russ LLP
                    Attorneys for Defendants
                    60 East 42nd Street, 37th Floor
                    New York, New York 10165

by depositing a true copy thereof to each named above, enclosed in a post-paid wrapper,

in an official depository under the exclusive care and custody of the United States Postal

Service, by First Class Mail, addressed to each of the above-described attorneys at the address

designated by them for service.

Dated:  New City, New York
          August 17, 2007

                                          MARTIN E. FIEL (MEF 0577)