UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the
Goods, Chattels and Credits of
CHRISTOPHER BELLO, Deceased,

                     Plaintiff,          **MEMORANDUM DECISION AND ORDER**

    -against-

                                            07 Civ. 2931 (KMK) (GAY)

CSX CORPORATION, CSX TRANSPORTATION,
INC., DWIGHT NEILSEN and GARY
KINGMAN,

                     Defendants.
------------------------------------------------------------------X

On March 12, 2007, plaintiff commenced the instant personal injury and wrongful death action in New York State Supreme Court, Rockland Count. On April 12, 2007, defendants CSX Corporation and/or defendant CSX Transportation, Inc. (together referred to as "CSX") removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity of citizenship.[1] Plaintiff thereafter filed a motion to remand; by Report and Recommendation issued contemporaneously with the decision herein, the undersigned concluded that defendants Neilsen and Kingman are proper parties whose residence in New York destroys the complete diversity necessary for federal jurisdiction, and recommended that plaintiff's motion should be granted. Presently before this Court is plaintiff's request for an award of costs and fees in connection with defendants' removal of the action to federal court.

---

[1] CSX originally asserted that removal was also appropriate on the grounds of federal question jurisdiction, but withdrew that argument in its Opposition to plaintiff's motion to remand.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has rejected the notion that section 1447(c) requires the court to grant attorney fees and costs upon remand as a matter of course and, instead, concluded that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

In opposition to plaintiff's motion for fees and costs, defendants reassert their contention that the individual defendants were intentionally added solely to destroy complete diversity. However, as stated in the contemporaneous Report and Recommendation, CSX failed to carry its burden to show fraudulent joinder. Indeed, in its opposition to plaintiff's motion to remand, CSX failed to proffer a single citation to case law or statute in support of its contention that the individual defendants' citizenship should not be considered in determining whether the action should be remanded because they are employees of CSX and, therefore, their purported negligence can be assessed against CSX. In this Court's view, defendants' argument has no basis in law and, thus, does not constitute an objectively reasonable basis for seeking removal. Accordingly, plaintiff's motion to recover from defendants the costs and reasonable attorneys' fees incurred in connection with defendants' removal is **granted**.

Plaintiff is directed to submit proof itemizing said costs and fees within ten days of the entry of this Memorandum Decision and Order. Defendants may file any response within ten days thereafter. Should the contemporaneous Report and

Recommendation be accepted and the case remanded to state court prior to the undersigned's determination of the amount of fees and costs, this Court shall retain jurisdiction over the parties solely for the purpose of setting the amount of costs and attorneys' fees.

Dated:  September 11, 2007
        White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS, U.S.M.J.