UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN BELLO, As Administrator of the
Goods, Chattels and Credits of
CHRISTOPHER BELLO, Deceased,

                          Plaintiff,                        **REPORT AND RECOMMENDATION**

              -against-                              07 Civ. 2931 (KMK) (GAY)

CSX CORPORATION, CSX TRANSPORTATION,
INC., DWIGHT NEILSEN and GARY
KINGMAN,

                          Defendants.
-----------------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

      On March 12, 2007, plaintiff commenced the instant personal injury and wrongful death action in New York State Supreme Court, Rockland Count. Plaintiff's claims arose from the death of his son, Christopher Bello, who was killed when his vehicle collided with a train owned by defendant CSX Corporation and/or defendant CSX Transportation, Inc. (together referred to as "CSX") and operated by CSX and individual defendants Neilsen and Kingman.

      On April 12, 2007, CSX removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. CSX contends that removal is proper because complete diversity exists between plaintiff (a resident and domiciliary of New York) and CSX (a Virginia corporation), and specifically argues that the individual defendants are nominal parties who were named as defendants for the purpose of destroying diversity jurisdiction. Presently before this Court is plaintiff's motion to remand on the ground

that defendants Neilsen and Kingman are proper parties whose residence in New York destroys the complete diversity necessary for federal jurisdiction.[1]  For the reasons that follow, I respectfully recommend that plaintiff's motion should be granted.[2]

## I. STANDARDS OF REVIEW

Defendants bear the burden of demonstrating that the requirements of removal have been met.  See California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004).  As a general rule, federal courts have diversity jurisdiction over an action only where there is complete diversity between all plaintiffs and all defendants.  See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460 (2d Cir. 1998).  However, a plaintiff may not defeat federal diversity jurisdiction (and a defendant's right of removal) by joining non-diverse defendants against whom he has no real claims.  See id. at 460-61.  A defendant who asserts such "fraudulent joinder" must "demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court."  Id. at 461.  See Briarpatch, Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004).

---

[1] CSX originally asserted that removal was also appropriate on the grounds of federal question jurisdiction, but withdrew that argument in its Opposition to plaintiff's motion.

[2] In conjunction with his motion to remand, plaintiff seeks an award of just costs and actual expenses, including attorney's fees.  I have addressed plaintiff's request for fees and costs in a separate, contemporaneous, Memorandum Decision and Order.

**II. ANALYSIS**

Here, defendant does not argue that there has been outright fraud committed in plaintiff's pleadings; rather, CSX posits that the individual defendants' citizenship should not be considered in determining whether the action should be remanded because they are employees of CSX and, therefore, their purported negligence can be assessed against CSX. Thus, defendant appears to contend that plaintiff could (or perhaps should) choose to assert claims only against CSX; defendant does not argue that there is no possibility that plaintiff can state a claim against either Neilsen or Kingman under state law. More to the point, based on the allegations in the complaint, this Court concludes that Neilsen and Kingman are far from mere "nominal" defendants against whom the fraudulent joinder doctrine is directed. Plaintiff alleges that Neilsen was the engineer and operator of, and Kingman the conductor of, the train that collided with Christopher Bello's vehicle. Plaintiff further alleges, *inter alia*, that Neilsen and Kingman were negligent because they failed to take proper precautions in light of the particular conditions at the intersection in question, failed to exercise reasonable care to avoid striking decedent's vehicle after being aware of decedent's perilous situation and failed to attempt to stop or slow the speed of the train. In sum, CSX has not demonstrated that Neilsen and Kingman have no connection with the controversy or that there is no possibility for either of them to ultimately be held liable. Accordingly, I conclude that Neilsen's and Kingman's citizenship in New York destroys the complete diversity necessary for federal jurisdiction.

## III. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that plaintiff's motion to remand should be granted.

## IV. NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended and Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F. 2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: September 11, 2007
White Plains, New York

Respectfully Submitted,

GEORGE A. YANTHIS, U.S.M.J.

4