**Lawrence R. Bailey, Jr.**
**Partner**
Direct Dial: 646.218.7510
Direct Fax: 646.218.7676
lbailey@hodgsonruss.com

**HodgsonRuss**LLP
ATTORNEYS

December 10, 2007

Served and Filed Electronically

Honorable Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Dear Judge Kenneth Karas:

      Re:    Steven Bello, as Administrator of the Goods, Chattels and Credits of
              Christopher Robert Bello, Deceased
              <u>Case No. 07 Civ. 2931 (KRK)</u>

        This office represents the interest of the Defendants in the above-mentioned matter.

        This action was initially commenced in Rockland County. The Defendants removed this matter to this Court. Thereafter, Plaintiff was successful in having a Motion granted remanding this action to the State Court. See Honorable Judge Yanthis' Report and Recommendation dated September 11, 2007 attached to the Order.

        However, to date a formal Order of remand has not been issued and therefore this matter is in a state of limbo. We wish this litigation to move forward expeditiously. We have taken the liberty of preparing an Order. Submitted herewith is a proposed Order directing the Clerk of this Court to transfer the file to Rockland County Clerk's office. We ask that this or some other appropriate order be signed in this matter.

        Thank you for your courtesies in this matter.

                              Respectfully submitted,

                              Lawrence R. Bailey, Jr.
                              Partner

Honorable Judge Kenneth M. Karas
December 10, 2007
Page 2

LRB/lmd
Enclosures
cc:     Martin E. Fiel, Esq. (Served Electronically W/Enclosures)

031324/00114 NYCDOCS2 445237v1

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

Steven Bello, as Administrator of the Goods, Chattels
and Credits of Christopher Robert Bello,
Deceased,

                         Plaintiffs,

    -against-

CSX Corporation, CSX Transportation, Inc. s/h/a CSXT
Transportation, Inc., Dwight Nielsen And Gary Kingman,

                         Defendants.

Civil No.: 07 CV 2931
(KMK) (GAY)

**ORDER**

        Plaintiff, Steven Bello, as Administrator of the Goods, Chattels and Credits of Christopher Robert Bello, Deceased, having applied to this Court by Notice of Motion for an Order Remanding this matter to Rockland County and said Motion having regularly come on to be heard before Honorable Magistrate Judge George A. Yanthis and Magistrate Judge Yanthis having granted said Motion and issued a Report and Recommendations on or about September 11, 2007 and entered on September 13, 2007.

        Now upon reading and filing of Honorable George A. Yanthis' Report and Recommendations and the Defendants having not filed written objections to the Report and Recommendations within ten (10) days, it is hereby:

        Ordered that the Motion of Plaintiff, Steven Bello, as Administrator of the Goods, Chattels and Credits of Christopher Robert Bello, Deceased to remand this matter to Supreme Court, Rockland County is granted in all respects; and it is further

        Ordered, that this matter is hereby remanded to the Supreme Court, Rockland County; and is it further

Ordered that the Clerk of the Court is directed to mail a certified copy of the order of remand and all appropriate documentations and portions of this file to County Clerk of Rockland County.

ENTER

_____
Honorable Kenneth M. Karas
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STEVEN BELLO, As Administrator of the
Goods, Chattels and Credits of
CHRISTOPHER BELLO, Deceased,

                            Plaintiff,

         -against-

CSX CORPORATION, CSX TRANSPORTATION,
INC., DWIGHT NEILSEN and GARY
KINGMAN,

                         Defendants.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

07 Civ. 2931 (KMK) (GAY)

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

On March 12, 2007, plaintiff commenced the instant personal injury and wrongful death action in New York State Supreme Court, Rockland Count. Plaintiff's claims arose from the death of his son, Christopher Bello, who was killed when his vehicle collided with a train owned by defendant CSX Corporation and/or defendant CSX Transportation, Inc. (together referred to as "CSX") and operated by CSX and individual defendants Neilsen and Kingman.

On April 12, 2007, CSX removed this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. CSX contends that removal is proper because complete diversity exists between plaintiff (a resident and domiciliary of New York) and CSX (a Virginia corporation), and specifically argues that the individual defendants are nominal parties who were named as defendants for the purpose of destroying diversity jurisdiction. Presently before this Court is plaintiff's motion to remand on the ground

that defendants Neilsen and Kingman are proper parties whose residence in New York destroys the complete diversity necessary for federal jurisdiction.[1] For the reasons that follow, I respectfully recommend that plaintiff's motion should be granted.[2]

## I. STANDARDS OF REVIEW

Defendants bear the burden of demonstrating that the requirements of removal have been met. See California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). As a general rule, federal courts have diversity jurisdiction over an action only where there is complete diversity between all plaintiffs and all defendants. See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460 (2d Cir. 1998). However, a plaintiff may not defeat federal diversity jurisdiction (and a defendant's right of removal) by joining non-diverse defendants against whom he has no real claims. See id. at 460-61. A defendant who asserts such "fraudulent joinder" must "demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Id. at 461. See Briarpatch, Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004).

---

[1] CSX originally asserted that removal was also appropriate on the grounds of federal question jurisdiction, but withdrew that argument in its Opposition to plaintiff's motion.

[2] In conjunction with his motion to remand, plaintiff seeks an award of just costs and actual expenses, including attorney's fees. I have addressed plaintiff's request for fees and costs in a separate, contemporaneous, Memorandum Decision and Order.

2

## II. ANALYSIS

Here, defendant does not argue that there has been outright fraud committed in plaintiff's pleadings; rather, CSX posits that the individual defendants' citizenship should not be considered in determining whether the action should be remanded because they are employees of CSX and, therefore, their purported negligence can be assessed against CSX. Thus, defendant appears to contend that plaintiff could (or perhaps should) choose to assert claims only against CSX; defendant does not argue that there is no possibility that plaintiff can state a claim against either Neilsen or Kingman under state law. More to the point, based on the allegations in the complaint, this Court concludes that Neilsen and Kingman are far from mere "nominal" defendants against whom the fraudulent joinder doctrine is directed. Plaintiff alleges that Neilsen was the engineer and operator of, and Kingman the conductor of, the train that collided with Christopher Bello's vehicle. Plaintiff further alleges, *inter alia*, that Neilsen and Kingman were negligent because they failed to take proper precautions in light of the particular conditions at the intersection in question, failed to exercise reasonable care to avoid striking decedent's vehicle after being aware of decedent's perilous situation and failed to attempt to stop or slow the speed of the train. In sum, CSX has not demonstrated that Neilsen and Kingman have no connection with the controversy or that there is no possibility for either of them to ultimately be held liable. Accordingly, I conclude that Neilsen's and Kingman's citizenship in New York destroys the complete diversity necessary for federal jurisdiction.

## III. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that plaintiff's motion to remand should be granted.

## IV. NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended and Rule 72(b), the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F. 2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: September 11, 2007  
White Plains, New York

Respectfully Submitted,

_____  
GEORGE A. YANTHIS, U.S.M.J.

4