```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN BELLO, As Administrator of the Goods,
Chattels and Credits of CHRISTOPHER ROBERT
BELLO, Deceased,

                Plaintiff,

-v-

CSX CORPORATION, CSX TRANSPORTATION,
INC., DWIGHT NEILSEN and GARY KINGMAN,

                Defendants.

Case No. 07-CV-2931 (KMK)

ORDER ACCEPTING
REPORT & RECOMMENDATION

Appearances:

Martin Edward Fiel, Esq.
New City, New York
*Counsel for Plaintiff*

Lawrence R. Bailey, Jr., Esq.
Hodgson Russ, LLP
New York, New York
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Plaintiff Steven Bello, a resident and domiciliary of New York, originally filed this personal injury and wrongful death action in New York State Supreme Court, Rockland County. Plaintiff's claims arose from an accident in which Plaintiff's son, Christopher Robert Bello, was killed when his vehicle collided with a train owned by Defendant CSX Corporation and/or CSX Transportation, Inc. (collectively "CSX") and operated by CSX and Defendants Dwight Neilsen and Gary Kingman (the "Individual Defendants"). Defendant CSX, a Virginia corporation, removed the action to federal court pursuant to 28 U.S.C. § 1441 and 1446 based on the diversity of the Parties. CSX argued that there existed complete diversity between the Parties – even

though Plaintiff and the Individual Defendants were all New York residents – because the Individual Defendants were nominal defendants, named in the suit for the sole and improper purpose of destroying diversity. Plaintiff moved to remand the case back to state court on the ground that the Individual Defendants were properly joined, and therefore, there was a lack of complete diversity among the Parties. The case was referred to Magistrate Judge George A. Yanthis for review pursuant to 28 U.S.C. § 636(b).[1] Magistrate Judge Yanthis reviewed the matter and, on September 11, 2007, issued a Report and Recommendation ("R&R") that Plaintiff's Motion to Remand be granted and a Memorandum Decision and Order granting Plaintiff's request for costs and attorney's fees incurred as a result of the removal.[2] Defendants were advised of their right to file objections to the R&R, but they filed no objections.

A district court reviewing a report and recommendation "may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Bisson v. United States*, 06-CV-6352, 2008 WL 375094, at *2 (S.D.N.Y. Feb. 11, 2008) (quoting 28 U.S.C. § 636(b)(1)). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," *see* Fed. R. Civ. P. 72(b), and must be made "within 10 days after being served with a copy of the recommended disposition[.]" *Id.*; *see also*

---

[1] The case was referred to Magistrate Judge Yanthis by Chief Judge Kimba M. Wood on December 18, 2006. The case was assigned to the undersigned on August 6, 2007.

[2] In a letter agreement dated September 20, 2007, Defendant offered to pay Plaintiff ten thousand dollars ($10,000.00) as a full settlement of Plaintiff's claim for costs and legal fees associated with the Motion to Remand. (*See* Letter from Lawrence R. Bailey, Jr. to Martin E. Fiel, Sept. 20, 2007 (Docket #18).) In consideration for Plaintiff's acceptance of this payment, Defendant agreed not to file objections to Magistrate Judge Yanthis' R&R or Memorandum Decision and Order. (*Id.*) Plaintiff agreed to these terms. (*Id.*)

2

28 U.S.C. § 636(b)(1).

Where a party does not submit objections, "a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-836, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (internal quotation marks omitted). In addition, a party's failure to submit objections will waive that party's right to challenge the report and recommendation on appeal. *See Fed. Deposit Ins. Corp. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

Here, Defendant has not filed objections to Magistrate Judge Yanthis' R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court finds no clear error, and therefore adopts Magistrate Judge Yanthis' R&R in its entirety.

In particular, the Court finds that Magistrate Judge Yanthis correctly concluded that Defendant failed to satisfy its significant burden of demonstrating "by clear and convincing evidence, either that there has been outright fraud committed in . . . [P]laintiff's pleadings, or that there is no possibility, based on the pleadings, that . . . [P]laintiff can state a cause of action against the non-diverse [Individual Defendants] in state court." *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Therefore, the Court adopts Magistrate Judge Yanthis' recommendation that Plaintiff's Motion to Remand be granted on the ground that there is a lack of complete diversity among the Parties.

3

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated September 11, 2007, is ADOPTED in its entirety. It is further

ORDERED that Plaintiff's Motion to Remand is GRANTED. It is further

ORDERED that the Clerk terminate the Motion to Remand (Docket # 7) and close this case.

SO ORDERED.

Dated:   February 20, 2008
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4

Service List:

Martin Edward Fiel, Esq.
369 South Main Street
New City, New York 10956

Lawrence R. Bailey, Jr., Esq.
Hodgson Russ, LLP
60 East 42nd Street
New York, New York 10165